APPEAL,CLOSED,TYPE-D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:18-cv-00508-RC

| | |
|---|---|
| GARCIA RAMIREZ et al v. U.S. IMMIGRATION AND CUSTOM ENFORCEMENT et al | Date Filed: 03/05/2018 |
| Assigned to: Judge Rudolph Contreras | Date Terminated: 09/24/2021 |
| Case in other court: USCA for the DC Circuit, 22-05002 | Jury Demand: None |
| Cause: 05:0706 Judicial Review of Agency Actions | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**WILMER GARCIA RAMIREZ**                represented by    **Erin Reynolds**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2618
Email: erin.reynolds@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gianna Borroto**
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW
Suite 200
Washington, DC 20005
202-507-7540
Email: gborroto@grossmanyoung.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Fombonne**
HARRIS COUNTY ATTORNEY'S
OFFICE
1019 Congress
15th Floor
Houston, TX 77002
713-274-5102
Email:
Jonathan.Fombonne@harriscountytx.gov
*TERMINATED: 12/08/2020*
*LEAD ATTORNEY*

**Michael B. Slade**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
Fax: (202) 389-5200
Email: mslade@kirkland.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Orla P. O'Callaghan**
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3588
Fax: (713) 836-3601
Email: orla.ocallaghan@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruben Loyo**
NATIONAL IMMIGRANT JUSTICE
CENTER
224 S Michigan Avenue
Suite 600
Chicago, IL 60604
(312) 660-1312
Email: rloyo@heartlandalliance.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tia Trout Perez**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-389-5955
Email: ttrout-perez@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Jacobowski**
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
Email: amanda.jacobowski@kirkland.com
*ATTORNEY TO BE NOTICED*

**Anne K. Reser**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-3661
Email: anne.reser@kirkland.com
*TERMINATED: 03/26/2019*

**Barack Echols**
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604

312-660-7600
Email: bechols@eimerstahl.com
*TERMINATED: 12/08/2020*

**Britney Ann Lewis**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5188
Email: britney.lewis@kirkland.com
*TERMINATED: 03/02/2021*

**Devin Allan DeBacker**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5205
Fax: (202) 389-5200
Email: devin.debacker@kirkland.com
*TERMINATED: 03/26/2019*

**Emma Curtis Winger**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.
Suite 500
Washington, DC 20036
202-507-7512
Email: ewinger@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Jamie R. Netznik**
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 826-2000
Fax: (312) 862-2200
Email: jamie.netznik@kirkland.com
*TERMINATED: 03/26/2019*

**Katherine Melloy Goettel**
UNIVERSITY OF IOWA COLLEGE OF
LAW
380 Boyd Law Building
Iowa City, IA 52242
319-335-9023
Email: kate-goettel@uiowa.edu
*ATTORNEY TO BE NOTICED*

**Kevin Ross Powell**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-5239

2/11/26, 2:19 PM   Case 1:18-cv-00508-RC   Document 440   Filed 02/11/26   Page 4 of 132
District of Columbia live database
USCA Case #26-5053   Document #2158634   Filed: 02/11/2026   Page 4 of 132

Fax: (202) 389-5239
Email: ross.powell@kirkland.com
*TERMINATED: 03/26/2019*

**Mark Fleming**
NATIONAL IMMIGRANT JUSTICE
CENTER
224 S. Michigan Avenue
Suite 600
Chicago, IL 60604
312-660-1628
Fax: 312-660-1505
Email: mfleming@immigrantjustice.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.
Suite 500
Washington, DC 20036
202-507-7645
Email: mlapointe@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Patrick T. Haney**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
202-389-5124
Email: phaney@jonesday.com
*TERMINATED: 12/08/2020*

**Paul Brinkman**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
202-389-5033
Email: paul.brinkman@kirkland.com
*TERMINATED: 03/26/2019*

**Paul L. Quincy**
KIRKLAND & ELLIS
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
202-389-5962
Email: paul.quincy@kirkland.com
*TERMINATED: 11/11/2021*

**Rebecca Cassler**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 5 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 5 of 132

Suite 500
Washington, DC 20036
202-507-7514
Email: rcassler@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Rebecca Wall Forrestal**
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 879-5000
Email: rebecca.forrestal@kirkland.com
*ATTORNEY TO BE NOTICED*

**Stephen R. Patton**
KIRLAND & ELLIS
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
Fax: (312) 862-2200
Email: stephen.patton@kirkland.com
*ATTORNEY TO BE NOTICED*

**Suchita Mathur**
AMERICAN IMMIGRATION COUNCIL
Pmb2026
2001 L Street N.W.
Suite 500
Washington, DC 20036
240-461-9448
Email: smathur@immcouncil.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**SULMA HERNANDEZ ALFARO**                represented by    **Erin Reynolds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gianna Borroto**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Fombonne**
(See above for address)
*TERMINATED: 12/08/2020*
*LEAD ATTORNEY*

**Michael B. Slade**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Orla P. O'Callaghan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruben Loyo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tia Trout Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Jacobowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne K. Reser**
(See above for address)
*TERMINATED: 03/26/2019*

**Barack Echols**
(See above for address)
*TERMINATED: 12/08/2020*

**Britney Ann Lewis**
(See above for address)
*TERMINATED: 03/02/2021*

**Devin Allan DeBacker**
(See above for address)
*TERMINATED: 03/26/2019*

**Emma Curtis Winger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jamie R. Netznik**
(See above for address)
*TERMINATED: 03/26/2019*

**Katherine Melloy Goettel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Ross Powell**
(See above for address)
*TERMINATED: 03/26/2019*

**Mark Fleming**
(See above for address)

2/11/26, 2:19 PM          Case 1:18-cv-00508-RC          Document 440    Filed 02/11/26          Page 7 of 132
District of Columbia live database
USCA Case #26-5053          Document #2158634                    Filed: 02/11/2026          Page 7 of 132

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick T. Haney**
(See above for address)
*TERMINATED: 12/08/2020*

**Paul Brinkman**
(See above for address)
*TERMINATED: 03/26/2019*

**Paul L. Quincy**
(See above for address)
*TERMINATED: 11/11/2021*

**Rebecca Cassler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Wall Forrestal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen R. Patton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Suchita Mathur**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**ANA P.**                                        represented by    **Gianna Borroto**
*On behalf of themselves and others similarly*                     (See above for address)
*situated*                                                         *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Jonathan Fombonne**
                                                                   (See above for address)
                                                                   *TERMINATED: 12/08/2020*
                                                                   *LEAD ATTORNEY*

                                                                   **Katherine Melloy Goettel**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael B. Slade**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruben Loyo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen R. Patton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tia Trout Perez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Jacobowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Devin Allan DeBacker**
(See above for address)
*TERMINATED: 03/26/2019*

**Emma Curtis Winger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jamie R. Netznik**
(See above for address)
*TERMINATED: 03/26/2019*

**Kevin Ross Powell**
(See above for address)
*TERMINATED: 03/26/2019*

**Mark Fleming**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle Lapointe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Brinkman**
(See above for address)
*TERMINATED: 03/26/2019*

**Rebecca Cassler**
(See above for address)
*ATTORNEY TO BE NOTICED*

2/11/26, 2:19 PM   Case 1:18-cv-00508-RC   Document 440   Filed 02/11/26   Page 9 of 132
District of Columbia live database
USCA Case #26-5053   Document #2158634   Filed: 02/11/2026   Page 9 of 132

Suchita Mathur
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**U.S. IMMIGRATION AND CUSTOM ENFORCEMENT**

represented by **Cara Elizabeth Alsterberg**
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 532-4667
Email: Cara.E.Alsterberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Parascandola**
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
P.O. Box 868
Washington, DC 20044
(202) 514-3097
Email: christina.parascandola@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Paul Schultz**
U.S. DEPARTMENT OF JUSTICE
Civil Division
Ben Franklin Station
P.O. Box 878
Washington, DC 20044
202-353-2999
Email: evan.p.schultz2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Jay Zeitlin**
U.S. DEPARTMENT OF JUSTICE
Civl Division, Office of Immigration Litigation
450 5th St. NW
Suite 2030
Washington, DC 20044
(202) 305-2807
Email: benjamin.zeitlin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Colin Abbott Kisor**
UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Office of Immigration
Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 532-4331
Email: colin.kisor@usdoj.gov
*TERMINATED: 08/23/2022*

**Daniel Schutrum-Boward**
DOJ-Civ
405 5th Street NW
Ste 5427
DC, DC 20549
202-532-4067
Email: Daniel.R.Schutrum-
Boward@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kevin Charles Hirst**
U.S. DEPARTMENT OF JUSTICE
Immigration Litigation
450 5th Street, NW
Washington, DC 20530
(202) 354-8536
Email: khirst@blessingerlegal.com
*TERMINATED: 06/05/2025*
*ATTORNEY TO BE NOTICED*

**Marie Feyche**
DOJ-CIV
PO Box 878
Washington, DC 20044
202-598-9724
Email: marie.feyche@usdoj.gov
*TERMINATED: 08/14/2025*
*ATTORNEY TO BE NOTICED*

**Theo Nickerson**
UNITED STATES DEPARTMENT OF
JUSTICE
Civil Division, Office of Immigration
Litigation
450 5th Street, NW
#6050
Washington, DC 20530
(202) 616-8906
Email: Theo.Nickerson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Herrick Weiland**
U.S. DEPARTMENT OF JUSTICE

2/11/26, 2:19 PM          Case 1:18-cv-00508-RC          Document 440          Filed 02/11/26          Page 11 of 132
District of Columbia live database
USCA Case #26-5053          Document #2158634          Filed: 03/11/2026          Page 11 of 132

Civil Division
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 305-0770
Email: william.weiland@usdoj.gov
*TERMINATED: 11/24/2025*
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
UNITED STATES DEPARTMENT OF
JUSTICE, CIVIL DIVISION
Office of Immigration Litigation District
Court Section
P.O. Box 878 Ben Franklin Station
Washington, DC 20044
(202) 305-0137
Email: yamileth.g.davila@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS D. HOMAN**          represented by     **Cara Elizabeth Alsterberg**
*Acting Director of ICE*                        (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Parascandola**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Paul Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Jay Zeitlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Colin Abbott Kisor**
(See above for address)
*TERMINATED: 08/23/2022*

**Daniel Schutrum-Boward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Charles Hirst**
(See above for address)
*TERMINATED: 06/05/2025*
*ATTORNEY TO BE NOTICED*

**Marie Feyche**

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 12 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 12 of 132

(See above for address)
*TERMINATED: 08/14/2025*
*ATTORNEY TO BE NOTICED*

**Theo Nickerson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Herrick Weiland**
(See above for address)
*TERMINATED: 11/24/2025*
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEPARTMENT OF HOMELAND SECURITY**                    represented by    **Cara Elizabeth Alsterberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Parascandola**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Paul Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Jay Zeitlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Colin Abbott Kisor**
(See above for address)
*TERMINATED: 08/23/2022*

**Daniel Schutrum-Boward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Charles Hirst**
(See above for address)
*TERMINATED: 06/05/2025*
*ATTORNEY TO BE NOTICED*

**Marie Feyche**
(See above for address)
*TERMINATED: 08/14/2025*
*ATTORNEY TO BE NOTICED*

Theo Nickerson
(See above for address)
*ATTORNEY TO BE NOTICED*

William Herrick Weiland
(See above for address)
*TERMINATED: 11/24/2025*
*ATTORNEY TO BE NOTICED*

Yamileth G. Davila
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KIRSTJEN M. NIELSEN**                    represented by    **Cara Elizabeth Alsterberg**
*Secretary of Homeland Security*                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Christina Parascandola**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Evan Paul Schultz**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Benjamin Jay Zeitlin**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Colin Abbott Kisor**
                                                              (See above for address)
                                                              *TERMINATED: 08/23/2022*

                                                              **Daniel Schutrum-Boward**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Kevin Charles Hirst**
                                                              (See above for address)
                                                              *TERMINATED: 06/05/2025*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Marie Feyche**
                                                              (See above for address)
                                                              *TERMINATED: 08/14/2025*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Theo Nickerson**
                                                              (See above for address)

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 14 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 14 of 132

*ATTORNEY TO BE NOTICED*

**William Herrick Weiland**
(See above for address)
*TERMINATED: 11/24/2025*
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/05/2018 | 1 | COMPLAINT against DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT ( Filing fee $ 400, receipt number 4616089822) filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Civil Cover Sheet)(jf) . (Entered: 03/06/2018) |
| 03/05/2018 | 2 | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Certificate of Counsel, # 12 Text of Proposed Order)(jf) (Entered: 03/06/2018) |
| 03/05/2018 | 3 | LCVR 83.2(g) CERTIFICATE OF PRO BONO REPRESENTATION for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO by Katherine Melloy Goettel (jf) (Entered: 03/06/2018) |
| 03/05/2018 | 4 | LCVR 83.2(g) CERTIFICATE OF PRO BONO REPRESENTATION for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO by Stephen R. Patton, P.C. (jf) (Entered: 03/06/2018) |
| 03/05/2018 | 5 | LCVR 83.2(g) CERTIFICATE OF PRO BONO REPRESENTATION for WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO by Anne K. Reser (jf) (Entered: 03/06/2018) |
| 03/06/2018 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear for a hearing on 2 Plaintiff's motion for a temporary restraining order on March 8, 2018 at 3:00 PM in Courtroom 14 before Judge Rudolph Contreras. SO ORDERED. Signed by Judge Rudolph Contreras on March 6, 2018. (lcrc2) Modified on 3/6/2018 (lcrc2, ). (Entered: 03/06/2018) |
| 03/06/2018 | | Set/Reset Hearings: Motion Hearing set for 3/8/2018 at 03:00 PM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 03/06/2018) |
| 03/06/2018 | 6 | MOTION to Certify Class by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Trout Perez, Tia) (Entered: 03/06/2018) |
| 03/07/2018 | 7 | NOTICE of Appearance by Katherine E.M. Goettel on behalf of All Plaintiffs (Goettel, Katherine) (Entered: 03/07/2018) |
| 03/07/2018 | 8 | NOTICE of Appearance by Stephen R. Patton on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 03/07/2018) |

| 03/07/2018 | 9 | NOTICE of Appearance by Colin Abbott Kisor on behalf of All Defendants (Kisor, Colin) (Entered: 03/07/2018) |
|---|---|---|
| 03/07/2018 | 10 | NOTICE of Appearance by Christina Parascandola on behalf of All Defendants (Parascandola, Christina) (Entered: 03/07/2018) |
| 03/07/2018 | 11 | NOTICE of Appearance by Cara Elizabeth Alsterberg on behalf of All Defendants (Alsterberg, Cara) (Entered: 03/07/2018) |
| 03/07/2018 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/6/2018. Answer due for ALL FEDERAL DEFENDANTS by 5/5/2018. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit)(Trout Perez, Tia) (Entered: 03/07/2018) |
| 03/07/2018 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 3/6/2018., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF HOMELAND SECURITY served on 3/6/2018; THOMAS HOMAN served on 3/6/2018; KIRSTJEN M. NIELSEN served on 3/6/2018; U.S. IMMIGRATION AND CUSTOM ENFORCEMENT served on 3/6/2018. (See Docket Entry 12 to view document). (znmw) (Entered: 03/08/2018) |
| 03/08/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Motion Hearing held on 3/8/2018 re 2 MOTION for Temporary Restraining filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Oral argument heard, and Motion for Temporary Restraining Order is DENIED for reasons stated on the record. Parties are directed to meet and confer on a briefing schedule for Preliminary Injunction and Motion for Class certification by 3/9/18. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 03/08/2018) |
| 03/09/2018 | 14 | Joint STATUS REPORT *regarding Preliminary Injunction and Class Certification briefing schedule* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Goettel, Katherine) (Entered: 03/09/2018) |
| 03/13/2018 | 15 | SCHEDULING ORDER: See document for details. Signed by Judge Rudolph Contreras on March 13, 2018. (lcrc2) (Entered: 03/13/2018) |
| 03/13/2018 | | Set/Reset Deadlines/Hearings: Response to Preliminary Injunction due by 3/29/2018; Preliminary Injunction Hearing set for 4/3/2018 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 03/13/2018) |
| 03/13/2018 | 16 | NOTICE of Appearance by Anne K. Reser on behalf of All Plaintiffs (Reser, Anne) (Entered: 03/13/2018) |
| 03/16/2018 | 17 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 8, 2018; Page Numbers: 1-47. Date of Issuance:March 16, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER |

| | | |
|---|---|---|
| | | without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/6/2018. Redacted Transcript Deadline set for 4/16/2018. Release of Transcript Restriction set for 6/14/2018.(pk) (Entered: 03/16/2018) |
| 03/19/2018 | 18 | NOTICE of Appearance by Theo Nickerson on behalf of All Defendants (Nickerson, Theo) (Entered: 03/19/2018) |
| 03/29/2018 | 19 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 8, 2018; Page Numbers: 1-47. Date of Issuance:March 29, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P> <P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. <P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/19/2018. Redacted Transcript Deadline set for 4/29/2018. Release of Transcript Restriction set for 6/27/2018.(pk) (Entered: 03/29/2018) |
| 03/29/2018 | 20 | Memorandum in opposition to re 2 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Alsterberg, Cara) (Entered: 03/29/2018) |
| 03/30/2018 | 21 | AMENDED COMPLAINT against DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Trout Perez, Tia) (Entered: 03/30/2018) |
| 03/30/2018 | 22 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Text of Proposed Order)(Trout Perez, Tia) (Entered: 03/30/2018) |
| 03/30/2018 | 23 | MOTION for Leave to File by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Text of Proposed Order)(Trout Perez, Tia) (Entered: 03/30/2018) |
| 04/02/2018 | 24 | REPLY to opposition to motion re 2 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Trout Perez, Tia) (Entered: 04/02/2018) |
| 04/03/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Preliminary Injunction hearing held on 4/3/2018. Oral argument heard, and motion taken under advisement. (Court Reporter: Sara Wick.) (tj) (Entered: 04/03/2018) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 17 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 17 of 132

| 04/12/2018 | 25 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Rudolph Contreras held on 04/03/2018. Page Numbers: 1-61. Date of Issuance: 04/12/2018. Court Reporter: Sara A. Wick, Telephone number 202-354-3284. Tape Number: N/A. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/3/2018. Redacted Transcript Deadline set for 5/13/2018. Release of Transcript Restriction set for 7/11/2018.(Wick, Sara) (Entered: 04/12/2018) |
| --- | --- | --- |
| 04/13/2018 | 26 | RESPONSE re 22 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/13/2018) |
| 04/18/2018 |  | MINUTE ORDER granting 23 Plaintiffs' Motion for Leave to File Additional Declarations. Plaintiffs' additional declarations are DEEMED FILED. SO ORDERED. Signed by Judge Rudolph Contreras on April 18, 2018. (lcrc2) (Entered: 04/18/2018) |
| 04/18/2018 | 27 | ORDER granting 2 Plaintiffs' Motion for Preliminary Injunction. See document for details. Signed by Judge Rudolph Contreras on April 18, 2018. (lcrc2) (Entered: 04/18/2018) |
| 04/18/2018 | 28 | MEMORANDUM OPINION granting 2 Plaintiffs' Motion for Preliminary Injunction. See document for details. Signed by Judge Rudolph Contreras on April 18, 2018. (lcrc2) (Entered: 04/18/2018) |
| 04/18/2018 | 29 | ADDITIONAL DECLARATIONS re 2 MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (jf) (Entered: 04/19/2018) |
| 05/02/2018 | 30 | RESPONSE TO ORDER OF THE COURT re 28 Memorandum & Opinion, 27 Order on Motion for TRO, Order on Motion for Preliminary Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit Declaration of Jose A. Cortez, Supervisory Deportation and Detention Officer, ICE, Enforcement and Removal Operations, Harlingen, # 2 Exhibit Declaration of Andrew Swierski, Supervisory Deportation and Detention Officer, ICE, Enforcement and Removal Operations, Eloy Detention Center)(Parascandola, Christina) (Entered: 05/02/2018) |
| 05/03/2018 | 31 | MEMORANDUM in Opposition re 6 MOTION to Certify Class filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Parascandola, Christina) Modified on 5/3/2018 to correct docket event/text (jf). (Entered: 05/03/2018) |
| 05/03/2018 | | NOTICE OF ERROR re 31 Reply to opposition to Motion; emailed to christina.parascandola@usdoj.gov, cc'd 7 associated attorneys -- The PDF file you docketed contained errors: 1. Incorrect event used, 2. DO NOT REFILE (jf, ) (Entered: 05/03/2018) |
| 05/07/2018 | 32 | MOTION to Dismiss for Lack of Jurisdiction by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Nickerson, Theo) (Entered: 05/07/2018) |
| 05/08/2018 | 33 | NOTICE of Appearance by Paul F. Brinkman on behalf of All Plaintiffs (Brinkman, Paul) (Entered: 05/08/2018) |
| 05/08/2018 | 34 | NOTICE of Appearance by Devin Allan DeBacker on behalf of All Plaintiffs (DeBacker, Devin) (Entered: 05/08/2018) |
| 05/08/2018 | 35 | NOTICE of Pro Bono Representation Pursuant to LR83.2(g) by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Jacobowski, Amanda) (Entered: 05/08/2018) |
| 05/09/2018 | 36 | Amended MOTION to Dismiss for Lack of Jurisdiction corrected version by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Nickerson, Theo) (Entered: 05/09/2018) |
| 05/14/2018 | 37 | REPLY to opposition to motion re 6 MOTION to Certify Class filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Declaration, # 2 Exhibit 1)(Patton, Stephen) (Entered: 05/14/2018) |
| 05/21/2018 | 38 | RESPONSE re 36 Amended MOTION to Dismiss for Lack of Jurisdiction corrected version filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Patton, Stephen) (Entered: 05/21/2018) |
| 05/29/2018 | 39 | REPLY to opposition to motion re 36 Amended MOTION to Dismiss for Lack of Jurisdiction corrected version filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Nickerson, Theo) (Entered: 05/29/2018) |
| 06/14/2018 | 40 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 06/14/2018) |
| 06/27/2018 | 41 | NOTICE of Pro Bono Representation Pursuant to LR83.2(g) by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Netznik, Jamie) (Entered: 06/27/2018) |
| 06/27/2018 | 42 | NOTICE of Pro Bono Representation Pursuant to LR83.2(g) by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Powell, Kevin) (Entered: 06/27/2018) |
| 07/03/2018 | 43 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A)(DeBacker, Devin) (Entered: 07/03/2018) |
| 07/09/2018 | 44 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A)(DeBacker, Devin) (Entered: 07/09/2018) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 19 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 19 of 132

| | | |
|---|---|---|
| 07/16/2018 | 45 | RESPONSE re 40 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Nickerson, Theo) (Entered: 07/16/2018) |
| 08/03/2018 | 46 | MOTION to Expedite *Discovery* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(DeBacker, Devin). Added MOTION for Briefing Schedule, MOTION for Hearing on 8/8/2018 (znmw). (Entered: 08/03/2018) |
| 08/17/2018 | 47 | RESPONSE re 46 MOTION to Expedite *Discovery* MOTION for Briefing Schedule MOTION for Hearing *in opposition* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order) (Nickerson, Theo) (Entered: 08/17/2018) |
| 08/24/2018 | | MINUTE ORDER: It is hereby ORDERED that, by September 10, 2018, the parties shall meet, confer, and jointly file a proposed schedule or schedules to govern further proceedings in this matter, assuming that the Court will deny Defendants' motion to dismiss and grant Plaintiffs' motion for class certification. It is FURTHER ORDERED that the parties shall appear for a status conference on September 14, 2018 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. SO ORDERED. Signed by Judge Rudolph Contreras on August 24, 2018. (lcrc2) (Entered: 08/24/2018) |
| 08/24/2018 | 48 | REPLY to opposition to motion re 46 MOTION to Expedite *Discovery* MOTION for Briefing Schedule MOTION for Hearing filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Patton, Stephen) (Entered: 08/24/2018) |
| 08/27/2018 | | Set/Reset Deadlines/Hearings: Status Conference set for 9/14/2018 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 08/27/2018) |
| 08/27/2018 | | Set/Reset Deadlines: Proposed Briefing Schedule due by 9/10/2018 (tj) (Entered: 08/27/2018) |
| 08/30/2018 | | MINUTE ORDER: Upon consideration of 22 Plaintiff's Motion for Leave to File Under Seal, [22-1] Plaintiff's Motion for Leave to Proceed Under a Pseudonym, and Defendants' lack of opposition to either motion, it is hereby ORDERED that Plaintiff's motions are GRANTED. Plaintiff may proceed in this matter under the pseudonym Ana P. SO ORDERED. Signed by Judge Rudolph Contreras on August 30, 2018. (lcrc2) (Entered: 08/30/2018) |
| 08/30/2018 | 49 | ORDER denying 36 Defendants' Motion to Dismiss Plaintiffs' Amended Complaint; and granting 6 Plaintiffs' Motion for Class Certification. See document for details. Signed by Judge Rudolph Contreras on August 30, 2018. (lcrc2) (Entered: 08/30/2018) |
| 08/30/2018 | 50 | MEMORANDUM OPINION denying 36 Defendants' Motion to Dismiss Plaintiffs' Amended Complaint; and granting 6 Plaintiffs' Motion for Class Certification. See document for details. Signed by Judge Rudolph Contreras on August 30, 2018. (lcrc2) (Entered: 08/30/2018) |
| 09/10/2018 | 51 | MEET AND CONFER STATEMENT. (Goettel, Katherine) (Entered: 09/10/2018) |
| 09/13/2018 | 52 | ANSWER to 21 Amended Complaint, by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT.(Parascandola, Christina) (Entered: 09/13/2018) |

2/11/26, 2:19 PM      Case 1:18-cv-00508-RC      Document 440      Filed 02/11/26      Page 20 of 132
District of Columbia live database
USCA Case #26-5053      Document #2158634      Filed: 02/11/2026      Page 20 of 132

| | | |
|---|---|---|
| 09/14/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Status Conference held on 9/14/2018. Parties advise the court of the status of this action. Order to follow by the court. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 09/14/2018) |
| 09/14/2018 | | MINUTE ORDER: As stated on the record at the September 14, 2018 status conference, discovery in this matter shall commence today, September 14, 2018, and shall be completed by January 15, 2019. By September 21, 2018, the parties shall meet, confer, and submit a Joint Status Report that: (1) proposes any interim discovery deadlines; (2) indicates whether the parties wish to be referred to a Magistrate Judge for mediation; and (3) addresses any other issues raised at today's status conference or otherwise. SO ORDERED. Signed by Judge Rudolph Contreras on September 14, 2018. (lcrc2) (Entered: 09/14/2018) |
| 09/14/2018 | | MINUTE ORDER denying 46 Plaintiffs' Motion to Expedite Discovery: On August 3, 2018, Plaintiffs filed a Motion for Expedited Discovery and a Briefing Schedule and Hearing with Respect to Plaintiffs' Motion for Class-Wide Preliminary Injunction. Since Plaintiffs filed that motion, this Court has denied Defendants' motion to dismiss, granted Plaintiffs' motion for class certification, and set a deadline for discovery in this matter. In light of these developments, and for the reasons stated on the record at the September 14, 2018 status conference, the Court DENIES 46 Plaintiffs' Motion to Expedite Discovery, in part as moot and in part on the merits. As explained at the September 14, 2018 status conference, Plaintiffs are not precluded from renewing their motion for preliminary injunction in response to developments during the discovery period. SO ORDERED. Signed by Judge Rudolph Contreras on September 14, 2018. (lcrc2) (Entered: 09/14/2018) |
| 09/14/2018 | | Set/Reset Deadlines: Discovery due by 1/15/2019. Status Report due by 9/21/2018 (tj) (Entered: 09/14/2018) |
| 09/21/2018 | 53 | Joint STATUS REPORT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Patton, Stephen) (Entered: 09/21/2018) |
| 09/24/2018 | 54 | SCHEDULING ORDER. See document for details. Signed by Judge Rudolph Contreras on September 24, 2018. (lcrc3) (Entered: 09/24/2018) |
| 09/25/2018 | | Set/Reset Deadlines: Disclosures due by 9/21/2018; Responses due by 10/4/2018; Expert Disclosures due by 12/15/2018; Initial Telephone Conference set for 9/28/2018 at 2:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 09/25/2018) |
| 09/25/2018 | 55 | NOTICE of Appearance by Benjamin Jay Zeitlin on behalf of All Defendants (Zeitlin, Benjamin) (Entered: 09/25/2018) |
| 10/03/2018 | | MINUTE ORDER: For the reasons stated on the record during the September 28, 2018 telephone hearing, it is hereby ORDERED that the parties shall submit the following materials: First, on or before October 5, 2018, the parties shall submit proposed protective orders governing the production of personal identifying information or other privacy protected information contained in the class members' "A files" or in other records responsive to discovery requests. Second, on or before October 12, 2018, the government shall collect "A files" for ten of the class members, review those files with the Plaintiffs, and determine what information in the files is responsive to the Plaintiffs' document requests. In the meantime, the government shall immediately begin the process of locating and collecting the A files for all class members. On or before October 17, 2018 the parties shall file a joint status report containing proposals for how the parties will address production of the "A files" going forward. Third, the parties shall submit proposals identifying which ICE facilities should be searched for emails and documents, which custodians' emails and documents should be collected and searched from those facilities (the juvenile coordinator, juvenile enforcement officers, |

| | | |
|---|---|---|
| | | their supervisors), and which search terms should be applied to the searches for those emails and documents. Fourth, the parties shall submit proposals identifying the custodians at ICE's headquarters from whom emails and documents should be collected and searched, and identifying the search terms to be applied to those documents. For the third and fourth items, the parties shall exchange initial proposals on or before October 3, 2018 and file with the Court a joint status report containing their final proposals on or before October 5, 2018. Sixth, by October 5, 2018, the parties shall agree on a set of dates on which counsel for both parties are available to depose the third-party witnesses discussed during the telephone hearing (both fact depositions and depositions to preserve testimony for trial). Seventh, by October 5, 2018, the government shall send to plaintiffs a list of the identities of all class members and the name of the ICE facility at which each class member is held. SO ORDERED. Signed by Judge Rudolph Contreras on 10/3/2018. (lcrc2) (Entered: 10/03/2018) |
| 10/04/2018 | 56 | MOTION for Protective Order by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Parascandola, Christina) (Entered: 10/04/2018) |
| 10/04/2018 | 57 | MOTION to Amend/Correct 56 MOTION for Protective Order by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Errata Amended Motion, # 2 Text of Proposed Order Proposed Protective Order, # 3 Exhibit Original motion, # 4 Text of Proposed Order Proposed Order Granting Leave to Amend)(Parascandola, Christina) (Entered: 10/04/2018) |
| 10/05/2018 | 58 | STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit Exhibit A Proposals pursuant to the Courts Order of October 3 2018)(Parascandola, Christina) (Entered: 10/05/2018) |
| 10/05/2018 | 59 | STATUS REPORT *regarding discovery* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Ex. A - Plaintiffs' Proposed Search Terms, # 2 Ex. B - Sept. 2018 FOIA Response from ICE, # 3 Ex. C - Blacklined Proposed Protective Order, # 4 Ex. D - Email regarding joint statement)(Goettel, Katherine) (Entered: 10/05/2018) |
| 10/09/2018 | | Set/Reset Hearings: Telephone Conference set for 10/12/2018, 10/19/18 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 10/09/2018) |
| 10/09/2018 | 60 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on September 14, 2018; Page Numbers: 1-21. Date of Issuance:October 9, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> |

| | | Redaction Request due 10/30/2018. Redacted Transcript Deadline set for 11/9/2018. Release of Transcript Restriction set for 1/7/2019.(pk) (Entered: 10/09/2018) |
|---|---|---|
| 10/09/2018 | 61 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on September 28, 2018; Page Numbers: 1-48. Date of Issuance:October 9, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 10/30/2018. Redacted Transcript Deadline set for 11/9/2018. Release of Transcript Restriction set for 1/7/2019.(pk) (Entered: 10/09/2018) |
| 10/10/2018 | 62 | NOTICE OF APPEARANCE for Defendants by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Schultz, Evan); Modified text on 10/12/2018 (tth). (Entered: 10/10/2018) |
| 10/11/2018 | 63 | ORDER granting 57 Defendants' Amended Motion for Protective Order. At the October 12, 2018 telephone hearing, the parties should be prepared to discuss Paragraph 2.c, involving the names, telephone numbers, and electronic mail addresseses of federal government employees. Until the issues is ultimately resolved, Plaintiffs may show, but not provide copies of, this information to witnesses, consultants, and experts. In all other respects, see document for details. SO ORDERED. Signed by Judge Rudolph Contreras on 10/11/2018. (lcrc2) (Entered: 10/11/2018) |
| 10/12/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 10/12/2018. Parties report the status of this action. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 10/12/2018) |
| 10/12/2018 | | MINUTE ORDER: For the reasons stated on the record at the October 12, 2018 telephone hearing, it is hereby ORDERED that Defendants shall begin searching for responsive documents in the possession of any individuals at the San Antonio, San Francisco, and Phoenix field offices holding the custodial positions identified in 59 Plaintiffs' October 5, 2018 Status Report. It is FURTHER ORDERED that Defendants shall begin searching for responsive documents in the possession of any individuals at ICE headquarters holding the custodial positions identified in Plaintiffs' October 5, 2018 Status Report. To perform these searches, Defendants shall use the search terms that Plaintiffs identified in their October 5, 2018 Status Report. Defendants should be prepared to discuss the results of these searches at the October 19, 2018 telephone hearing. SO ORDERED. Signed by Judge Rudolph Contreras on 10/12/2018. (lcrc2) (Entered: 10/12/2018) |
| 10/17/2018 | 64 | Joint STATUS REPORT *regarding the production of A-files* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Goettel, Katherine) (Entered: 10/17/2018) |

| 10/19/2018 | 65 | NOTICE *regarding E discovery* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order,,, (Attachments: # 1 Declaration)(Kisor, Colin) (Entered: 10/19/2018) |
|---|---|---|
| 10/19/2018 | | MINUTE ORDER: For the reasons stated on the record at the October 19, 2018 telephone hearing, it is hereby ORDERED that, by close of business on October 23, 2018, Defendants shall submit unredacted and redacted copies of one A-File for the Court's *in camera* review. The particular A-File that is submitted shall be one chosen by Plaintiffs, and it should include redactions based on claims of deliberative process privilege. SO ORDERED. Signed by Judge Rudolph Contreras on 10/19/2018. (lcrc2) (Entered: 10/19/2018) |
| 10/19/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 10/19/2018. Order to follow. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 10/19/2018) |
| 10/24/2018 | 66 | NOTICE *of Filing* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Zeitlin, Benjamin) (Entered: 10/24/2018) |
| 10/26/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 10/26/2018. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 10/26/2018) |
| 10/29/2018 | | MINUTE ORDER: For the reasons stated on the record during the October 26, 2018 telephone hearing, it is hereby ORDERED that the parties shall take the following actions. First, the parties shall file submissions addressing the applicability of the deliberative process privilege to documents produced in this action. As part of these submissions, the parties should specifically address the claim of deliberative process privilege over a Parole Determination Worksheet in the example A-File that the Court has reviewed *in camera*. If the parties wish, their submissions may also discuss the applicability of 8 U.S.C. § 1367 and 8 C.F.R. § 208.6 to the production of documents in this case. Defendants shall file their submission by the close of business on October 30, 2018, and Plaintiffs shall file their response by close of business on November 1, 2018. The submissions shall be limited to five pages in length. Second, Defendants shall produce 5 A-Files to Plaintiffs by November 2, 2018, and 7 additional A-Files by November 9, 2018. Third, Defendants shall collect all emails in the possession of all individuals holding the position of Juvenile Coordinator at the ten field offices identified in 59 Plaintiff's October 5, 2018 Status Report and export them to PST files. Defendants shall make a good faith effort to convert all ten custodians' emails to PST files by November 2, 2018. At the November 2 telephone hearing, defendants should be prepared to discuss how long this process is taking and share the size of the files they have successfully exported. SO ORDERED. Signed by Judge Rudolph Contreras on 10/29/2018. (lcrc2) (Entered: 10/29/2018) |
| 10/30/2018 | 67 | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *regarding Deliberative Process Privilege* filed by THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit) (Parascandola, Christina) (Entered: 10/30/2018) |
| 11/01/2018 | 68 | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *regarding Deliberative Process Privilege* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 11/01/2018) |

| 11/02/2018 | 69 | NOTICE *of compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order,,,,,, (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Declaration) (Kisor, Colin) (Entered: 11/02/2018) |
|---|---|---|
| 11/02/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/2/2018. (Court Reporter: Patricia Kanshiro Miller.) (tj) (Entered: 11/02/2018) |
| 11/02/2018 | | MINUTE ORDER: For the reasons stated on the record during the November 2, 2018 telephone hearing, the following is hereby ORDERED: First, by November 9, 2018, Defendants shall use their best efforts to transfer the 14 custodians' (Juvenile Coordinators) documents that are currently in PST format into a search-ready format in Relativity. Second, as soon as 2 custodians' documents are in search-ready format in Relativity, Defendants shall begin running Relativity searches on the documents, using the search terms provided in Exhibit A to 59 Plaintiffs October 5, 2018 status report. These searches shall continue on an ongoing basis as additional documents become search-ready, in consultation with Plaintiffs regarding how to narrow the search terms to more precisely capture responsive documents. Third, at least one lawyer representing each party who is knowledgeable on ESI (e.g., Ms. Davila, Ms. Trout-Perez) shall attend a meet-and-confer to take place no later than November 8, 2018, at which these representatives shall discuss whatever ESI-related issues the parties are facing, including the possibility of narrowing the Relativity search terms. Fourth, by November 9, 2018, Defendants shall collect the emails in the possession of Mellissa Harper and export them to PST files. Fifth, by November 6, 2018, Defendants shall file a declaration from someone knowledgeable with the ESI-collection process that addresses the resource and technical constraints that prevent Defendants from collecting ESI any faster than they are currently collecting. This declaration should specifically discuss any problems Defendants would face if they were ordered to export certain custodians' documents to PST files while simultaneously transferring other custodians' PST files to Relativity. SO ORDERED. Signed by Judge Rudolph Contreras on 11/2/2018. (lcrc2) (Entered: 11/02/2018) |
| 11/05/2018 | 70 | ORDER: See document for details. Signed by Judge Rudolph Contreras on 11/5/2018. (lcrc2) (Entered: 11/05/2018) |
| 11/06/2018 | 71 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,, *of November 2, 2018* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Declaration)(Parascandola, Christina) (Entered: 11/06/2018) |
| 11/09/2018 | 72 | NOTICE of Appearance by Yamileth G. Davila on behalf of All Defendants (Davila, Yamileth) (Entered: 11/09/2018) |
| 11/09/2018 | 73 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Form)(Parascandola, Christina) (Entered: 11/09/2018) |
| 11/09/2018 | 74 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,, Order,,,,,, *of Nov. 2, 2018* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Parascandola, Christina) (Entered: 11/09/2018) |

| 11/09/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/9/2018. (Court Reporter: Lisa Edwards). (tj) (Entered: 11/09/2018) |
|---|---|---|
| 11/13/2018 | | MINUTE ORDER: For the reasons stated on the record during the November 9, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants shall collect the emails from the following custodians: Juanita Hester, Matt Albence, and Natalie Asher and export them to PST files. Defendants shall also collect and export to PST files the emails in the possession of all individuals holding the position of Deportation Officer at the San Antonio, Phoenix, and Houston field offices who have worked on juvenile detention matters/cases, as well as those individuals' immediate supervisors. Defendants shall use their best efforts to have all of the above-described emails transferred into search-ready format in Relativity by November 16, 2018. If they are unable to complete all of these transfers by November 16, Defendants shall file a submission with the Court by the close of business on November 15, 2018, explaining the progress that has been made and the constraints that prevented them from making further progress. Second, Defendants shall produce 7 A-Files to Plaintiffs by November 16, 2018. Third, by the close of business on November 13, 2018, Defendants shall provide Plaintiffs with a new search term report based on the use of Defendants' proposed amendments to Plaintiffs' search terms. The parties shall then meet and confer about this search report by November 14, 2018 and work collaboratively to attempt to finalize the search terms to be used moving forward. SO ORDERED. Signed by Judge Rudolph Contreras on 11/13/2018. (lcrc2) (Entered: 11/13/2018) |
| 11/15/2018 | 75 | MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Certificate of Counsel, # 9 Text of Proposed Order)(Trout Perez, Tia) (Entered: 11/15/2018) |
| 11/15/2018 | 76 | RESPONSE TO ORDER OF THE COURT re Order,,,,, *of November 13, 2018* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Parascandola, Christina) (Entered: 11/15/2018) |
| 11/16/2018 | 77 | REDACTED DOCUMENT- Exhibit to 75 MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit E)(Trout Perez, Tia) (Entered: 11/16/2018) |
| 11/16/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/16/2018. (Court Reporter: Jeff Hook.) (tj) (Entered: 11/16/2018) |
| 11/23/2018 | 78 | STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 11/23/2018) |
| 11/26/2018 | 79 | TRANSCRIPT OF TELEPHONIC CONFERENCE before Judge Rudolph Contreras held on November 9, 2018; Page Numbers: 1-43. Date of Issuance: November 26, 2018. Court Reporter/Transcriber Lisa Edwards, Telephone number (202) 354-3269. Transcripts may be ordered by submitting the Transcript Order Form |

2/11/26, 2:19 PM     Case 1:18-cv-00508-RC     Document 440     Filed 02/11/26     Page 26 of 132
District of Columbia live database
USCA Case #26-5053     Document #2158634     Filed: 02/11/2026     Page 26 of 132

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 12/17/2018. Redacted Transcript Deadline set for 12/27/2018. Release of Transcript Restriction set for 2/24/2019.(Edwards, Lisa) (Entered: 11/26/2018)

| | | |
|---|---|---|
| 11/27/2018 | 80 | TRANSCRIPT OF TELEPHONIC CONFERENCE before Judge Rudolph Contreras held on November 16, 2018. Page Numbers: 1 - 32. Date of Issuance: November 27, 2018. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repo rter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/18/2018. Redacted Transcript Deadline set for 12/28/2018. Release of Transcript Restriction set for 2/25/2019.(Hook, Jeff) (Entered: 11/27/2018) |
| 11/29/2018 | 81 | Memorandum in opposition to re 75 MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 11/29/2018) |
| 11/30/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 11/30/2018. (Court Reporter: Timothy Miller.) (tj) (Entered: 11/30/2018) |
| 11/30/2018 | | MINUTE ORDER: For the reasons stated on the record during the November 30, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants shall produce 10 additional A-Files to Plaintiffs by December 7, 2018. Second, Defendants shall provide to Plaintiffs a new search term report and Defendants' continuous active learning protocol proposal by close of business on December 3, 2018. Third, by close of business on December 4, 2018, Defendants shall provide to Plaintiffs their proposed schedule regarding the rolling production of ESI. On December 5, 2018, the parties shall hold a telephone conference to discuss their respective proposals as to the rolling production of ESI. If the parties are unable to reach an agreement during this telephone conference, Defendants shall immediately begin producing ESI in accordance with |

| | | |
|---|---|---|
| | | their proposed schedule. The Court will then, if necessary, make a ruling as to the appropriate schedule for production moving forward at the telephone hearing to take place on December 7, 2018. Moreover, the telephone hearing previously scheduled for December 21 at 2:30 p.m. is rescheduled for December 20 at that same time. The Court may move the time of the telephone hearing currently set for December 7 for later that day. SO ORDERED. Signed by Judge Rudolph Contreras on November 30, 2018. (lcrc2) (Entered: 11/30/2018) |
| 12/05/2018 | 82 | REPLY to opposition to motion re 75 MOTION for Protective Order *Concerning Defendants' Depositions of Named Plaintiffs Wilmer Garcia Ramirez and Ana P.* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Trout Perez, Tia) (Entered: 12/05/2018) |
| 12/06/2018 | | NOTICE of Hearing: Telephone Conference currently scheduled for 12/7/18 at 2:30pm, is hereby RESCHEDULED for 12/7/2018 at 04:30 PM in Chambers before Judge Rudolph Contreras (tj) (Entered: 12/06/2018) |
| 12/07/2018 | 83 | Unopposed MOTION to Continue *today's telephonic hearing* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Kisor, Colin) (Entered: 12/07/2018) |
| 12/07/2018 | | MINUTE ORDER granting 83 Motion to Continue: It is hereby ORDERED that the unopposed motion is GRANTED. The telephone hearing scheduled for today at 4:30 pm is RESCHEDULED for Monday, December 10, 2018 at 4:00 pm in Chambers. SO ORDERED. Signed by Judge Rudolph Contreras on December 7, 2018. (lcrc2) (Entered: 12/07/2018) |
| 12/07/2018 | 84 | ORDER granting 75 Motion for Protective Order: See document for details. Signed by Judge Rudolph Contreras on December 7, 2018. (lcrc2) (Entered: 12/07/2018) |
| 12/10/2018 | | MINUTE ORDER: It is hereby ORDERED that the telephone hearing scheduled for today, December 10, 2018 at 4:00 pm is RESCHEDULED for December 12, 2018 at 4:00 pm in Chambers. The telephone hearing scheduled for December 14, 2018 at 2:30 pm is also CANCELLED. SO ORDERED. Signed by Judge Rudolph Contreras on December 10, 2018. (lcrc2) (Entered: 12/10/2018) |
| 12/12/2018 | | MINUTE ORDER: For the reasons stated on the record at the December 12, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants will produce the next four A Files to Plaintiffs by the time of the next scheduled telephone hearing at 2:30 pm on December 20, 2018. Second, Defendants will produce the Chicago Field Office Juvenile Coordinator (Mr. Pebbles) for deposition upon notice by Plaintiffs. Defendants may, if they choose, file a motion for reimbursement of costs incurred as a result of the deposition being postponed from its originally scheduled date. Third, Plaintiffs will file their written ESI proposal by the end of the day, today, December 12. Defendants will then file their written proposal and response by 5 pm on December 17. Fourth, the deadline for the parties to serve their expert disclosure and reports is extended to January 15, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on December 12, 2018. (lcrc2) (Entered: 12/12/2018) |
| 12/12/2018 | 85 | MEMORANDUM by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit Exhibit A (Defendants' Protocol), # 2 Exhibit Exhibit B (Defendants' ESI Review Plan))(Trout Perez, Tia) (Entered: 12/12/2018) |

| 12/12/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 12/12/2018. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 12/13/2018) |
|---|---|---|
| 12/17/2018 | 86 | RESPONSE *to Plaintiffs' Proposed Plan for Production of ESI and Memorandum* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Certificate of Service)(Davila, Yamileth) (Entered: 12/17/2018) |
| 12/17/2018 | 87 | NOTICE *of filing of declaration* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 86 Response to Document, (Attachments: # 1 Declaration Declaration of Michael P. Davis)(Parascandola, Christina) (Entered: 12/17/2018) |
| 12/18/2018 | 88 | NOTICE of Appearance by Kevin Charles Hirst on behalf of All Defendants (Hirst, Kevin) (Entered: 12/18/2018) |
| 12/18/2018 | 92 | NOTICE of Appearance by Ruben Loyo on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (tth) (Entered: 01/07/2019) |
| 12/18/2018 | 97 | NOTICE of Appearance by Gianna Borroto on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (tth) (Entered: 01/15/2019) |
| 12/20/2018 | | MINUTE ORDER: It is hereby ORDERED that additional weekly telephone status conferences are scheduled for January 11, 18, and 25, 2019. A telephone conference is also tentatively scheduled for February 1, 2019. Each telephone conference will begin at 2:30 pm. Once all the parties are on one line, they will jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on December 20, 2018. (lcrc2) (Entered: 12/20/2018) |
| 12/20/2018 | | MINUTE ORDER: For the reasons stated on the record at the December 20, 2018 telephone hearing, the following is hereby ORDERED: First, Defendants will promptly disclose to Plaintiffs whatever metrics they are using to train and validate their Active Learning application and ensure the application's accuracy. To the extent these metrics change over time, Defendants will supplement their disclosures as the metrics change. Second, once the Active Learning application has been trained and validated, Defendants will perform their privilege review on the responsive documents, and begin rolling production, by prioritizing the documents that the application has deemed the most responsive (or most likely to be responsive), unless the parties reach a different agreement. Third, Defendants will use their best efforts to begin making weekly rolling productions of responsive ESI from the first eighteen custodians as soon as possible, and all responsive ESI from those first eighteen custodians, including documents that could not be submitted to Active Learning for responsiveness review, must be produced to Plaintiffs no later than February 1, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on December 20, 2018. (lcrc2) (Entered: 12/20/2018) |
| 12/20/2018 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 12/20/2018. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 12/26/2018) |
| 12/21/2018 | 89 | TRANSCRIPT OF TELEPHONE CONFERNCE before Judge Rudolph Contreras held on 11-30-18; Page Numbers: 1-37; Date of Issuance: 12-21-18; Court Reporter: Timothy R. Miller, Telephone number (202) 354-3111. Transcripts may be ordered by submitting the Transcript Order Form |

2/11/26, 2:19 PM   Case 1:18-cv-00508-RC   Document 440   Filed 02/11/26   Page 29 of 132
District of Columbia live database
USCA Case #26-5053   Document #2158634   Filed: 02/11/2026   Page 29 of 132

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced ab ove. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 1/11/2019. Redacted Transcript Deadline set for 1/21/2019. Release of Transcript Restriction set for 3/21/2019.(Miller, Timothy) (Entered: 12/21/2018)

| | | |
|---|---|---|
| 12/26/2018 | | Set/Reset Hearings: Telephone Conference set for 1/11/2018 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 12/26/2018) |
| 12/26/2018 | 90 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on December 20, 2018; Page Numbers: 1-25. Date of Issuance:December 26, 2018. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 1/16/2019. Redacted Transcript Deadline set for 1/26/2019. Release of Transcript Restriction set for 3/26/2019.(pk) (Entered: 12/26/2018) |
| 12/28/2018 | 91 | Unopposed MOTION to Stay *DURING LAPSE OF APPROPRIATIONS* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 12/28/2018) |
| 12/31/2018 | | MINUTE ORDER denying 91 Defendants' Motion to Stay. The government asks this Court to stay this action because the current lapse in appropriations to federal agencies (i.e. the government shutdown) prohibits the government's attorneys and relevant other employees "from working, even on a voluntary basis, except in very limited circumstances...." Defs.' Mot. at 2, ECF No. 91. Although the Court is mindful of the government shutdown, where there is (1) "some reasonable and articulable connection between the [government] function to be performed and the safety of human life or the protection of property"; and (2) "the safety of human life or the protection of property would be compromised, in some degree, by delay," the government function at issue may continue during such a shutdown. 43 Op. Att'y Gen. 293, 302 (Jan. 16, 1981); *see also* 31 U.S.C. § 1342 (stating that government employees may continue to provide services during a shutdown, in response to "emergencies involving the safety of human life"). This is just such a case. In seeking several delays to date, the government has at times seemed to forget what this case is about: the allegedly unnecessary and illegal |

detention of young adults in restrictive detention facilities. While these allegations have not yet been fully litigated on their merits, Plaintiffs demonstrated in their successful preliminary injunction motion that they are likely to succeed. *See Ramirez v. ICE*, 310 F. Supp. 3d 7, 29-30 (D.D.C. 2018). Furthermore, according to government reports, 48% of employees from the Executive Office for Immigration Review will be retained during the shutdown "to process all immigration cases and appeals involving detained aliens," *see* DOJ, FY 2019 Contingency Plan, at 5, 12 (Sept. 11, 2018), and approximately 91% of Customs and Border Protection employees and 81% of ICE employees will similarly be retained, *see* DHS, Procedures Relating to a Lapse in Appropriations, at 35-37 (Dec. 17, 2018). If the government can allocate resources during the shutdown to staff the facilities in which Plaintiffs are detained (again, allegedly unnecessarily and illegally), it can allocate resources to staff the defense of Plaintiffs' action. Accordingly, and in line with decisions by other courts in this jurisdiction regarding substantially similar government motions, *see* Minute Order, *O.A. v. Trump*, No. 18-2718 (D.D.C. Dec. 27, 2018); Minute Order, *Grace v. Sessions*, No. 18-1853 (D.D.C. Dec. 27, 2018), it is hereby ORDERED that this action shall not be stayed. It is FURTHER ORDERED that the government shall comply with the ESI discovery schedule recently adopted by this Court, and that the weekly discovery conference calls shall continue as scheduled, regardless of the shutdown. SO ORDERED. Signed by Judge Rudolph Contreras on December 31, 2018. (lcrc3) (Entered: 12/31/2018)

| | | |
|---|---|---|
| 01/10/2019 | 93 | STIPULATION *pursuant to Federal Rule of Evidence 502(d)* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Certificate of Service)(Parascandola, Christina) (Entered: 01/10/2019) |
| 01/11/2019 | 94 | MOTION to Clarify re Order,,,, Order on Motion to Stay,,,,,,,,,,, by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Parascandola, Christina). Added MOTION for Reconsideration on 1/14/2019 (znmw). (Entered: 01/11/2019) |
| 01/11/2019 | 95 | NOTICE of Proposed Order *Granting Defendants' Motion for Clarification of the Court's Order of December 20, 2018 and Reconsideration of Its Order of December 31, 2018* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 94 MOTION to Clarify re Order,,,, Order on Motion to Stay. (Attachments: # 1 Certificate of Service)(Parascandola, Christina) (Entered: 01/11/2019) |
| 01/11/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 1/11/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 01/11/2019) |
| 01/11/2019 | 96 | NOTICE of Proposed Order by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Trout Perez, Tia) (Entered: 01/11/2019) |
| 01/14/2019 | | MINUTE ORDER: It is hereby ORDERED that the deadline for the parties to serve their expert disclosures and reports is extended to March 1, 2019, and that the cutoff for completing fact discovery is extended to March 1, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on January 14, 2019. (lcrc2) (Entered: 01/14/2019) |

| 01/16/2019 | 98 | Unopposed MOTION for Extension of Time to *produce first rolling production of ESI, by one day* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Parascandola, Christina) (Entered: 01/16/2019) |
|---|---|---|
| 01/17/2019 | | MINUTE ORDER granting 98 Unopposed Motion for Extension of Time: It is hereby ORDERED that the motion is GRANTED. Defendants shall have until January 17, 2019 to complete the first rolling production of ESI. SO ORDERED. Signed by Judge Rudolph Contreras on January 17, 2019. (lcrc2) (Entered: 01/17/2019) |
| 01/18/2019 | 99 | NOTICE *DEFENDOF STATUS OF REVIEW AND PRODUCTION OF ESI* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Davila, Yamileth) (Entered: 01/18/2019) |
| 01/18/2019 | 100 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on January 11, 2019; Page Numbers: 1-20. Date of Issuance:January 18, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/101">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/8/2019. Redacted Transcript Deadline set for 2/18/2019. Release of Transcript Restriction set for 4/18/2019.(pk) (Entered: 01/18/2019) |
| 01/18/2019 | 101 | STIPULATION *regarding number of depositions* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Goettel, Katherine) (Entered: 01/18/2019) |
| 01/18/2019 | | MINUTE ORDER: For the reasons stated on the record at the January 18, 2019 telephone hearing, it is hereby ORDERED that the February 1, 2019 deadline for the production of ESI is tolled with respect to all documents that are not reviewable by the Active Learning application. The parties will meet and confer regarding how Defendants should prioritize review of non-excluded documents that cannot be reviewed using Active Learning, and the parties should be prepared to discuss the issue at the January 25 telephone hearing. It is FURTHER ORDERED that, by January 25, Defendants will produce all age-out forms requested by Plaintiffs. Defendants need not, however, produce the attachments at that time. SO ORDERED. Signed by Judge Rudolph Contreras on January 18, 2019. (lcrc2) (Entered: 01/18/2019) |
| 01/18/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 1/18/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 01/18/2019) |
| 01/23/2019 | 102 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on January 18, 2019; Page Numbers: 1-16. Date of Issuance:January 23, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, |

| | | |
|---|---|---|
| | | Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/13/2019. Redacted Transcript Deadline set for 2/23/2019. Release of Transcript Restriction set for 4/23/2019.(pk) (Entered: 01/23/2019) |
| 01/24/2019 | [103](#) | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on October 26, 2018; Page Numbers: 1-48. Date of Issuance:January 24, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/14/2019. Redacted Transcript Deadline set for 2/24/2019. Release of Transcript Restriction set for 4/24/2019.(pk) (Entered: 01/24/2019) |
| 01/25/2019 | | MINUTE ORDER: For the reasons stated on the record at the January 25, 2019 telephone hearing, it is hereby ORDERED that Defendants shall file a status report by close of business on January 28, 2019 explaining how they plan to meet the February 1 deadline for production of ESI. The status report should also address the following questions: Of the the documents that were deemed responsive by Active Learning but that are now being withheld by Defendants, what percentage is being withheld due to privilege? What percentage is being withheld due to a subsequent layer of responsiveness review beyond Active Learning? And are documents deemed responsive being withheld for any additional reasons(s)? Finally, it is FURTHER ORDERED that, before the next telephone hearing on February 1, 2019, the parties will meet and confer regarding the next group of ESI custodians to be subject to Active Learning review. SO ORDERED. Signed by Judge Rudolph Contreras on January 25, 2019. (lcrc2) (Entered: 01/25/2019) |
| 01/25/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 1/25/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 01/25/2019) |
| 01/28/2019 | [104](#) | STATUS REPORT *Regarding ESI Review and Production* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Davila, Yamileth) (Entered: 01/28/2019) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 33 of 132
                    District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 33 of 132

| 01/30/2019 | 105 | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Fombonne, Jonathan) (Entered: 01/30/2019) |
|---|---|---|
| 01/30/2019 | 106 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on January 25, 2019; Page Numbers: 1-15. Date of Issuance:January 30, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/20/2019. Redacted Transcript Deadline set for 3/2/2019. Release of Transcript Restriction set for 4/30/2019.(pk) (Entered: 01/30/2019) |
| 02/01/2019 | | MINUTE ORDER: For the reasons stated on the record at the February 1, 2019 telephone hearing, it is hereby ORDERED that the deadline for production of Active-Learning-reviewed ESI from the first eighteen document custodians is extended to February 15, 2019. It is FURTHER ORDERED that, by February 11, the parties will meet and confer and file a joint status report outlining their respective positions on the following: (1) the prioritization of ESI custodians to make up the next batch of documents to be subject to Active Learning review; (2) the scope and timeline for production of the supporting documents attached to the age-out worksheets already produced to Plaintiffs; and (3) the timeline for production of the documents from the first eighteen custodians that were excluded from Active Learning review. SO ORDERED. Signed by Judge Rudolph Contreras on February 1, 2019. (lcrc2) (Entered: 02/01/2019) |
| 02/01/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 2/1/2019. Next Telephone Conference set for 2/15/2019 at 02:30 PM in Chambers before Judge Rudolph Contreras (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 02/01/2019) |
| 02/11/2019 | 107 | Joint STATUS REPORT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Trout Perez, Tia) (Entered: 02/11/2019) |
| 02/12/2019 | | MINUTE ORDER: Upon consideration of 107 the Parties' Joint Status Report, it is hereby ORDERED that, prior to the telephone conference scheduled for February 15, 2019, the parties will meet and confer regarding the comprehensive discovery proposal set forth by Plaintiffs in the Joint Status Report. The parties should then be prepared to discuss that proposal at the February 15 telephone conference. SO ORDERED. Signed by Judge Rudolph Contreras on February 12, 2019. (lcrc2) (Entered: 02/12/2019) |
| 02/15/2019 | 108 | MOTION for Protective Order *Concerning ESI Custodians* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit EXH A Defendants' ESI Custodian Chart, # 2 Exhibit EXH B Goettel Email)(Davila, Yamileth) (Entered: 02/15/2019) |

| 02/15/2019 | 109 | Amended MOTION for Protective Order *Concerning ESI Custodians* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit EXH A Defendants' ESI Custodian Chart, # 2 Exhibit EXH B Goettel Email, # 3 Exhibit EXH C Trout Perez Email, # 4 Exhibit EXH D Bates 5085-5099, # 5 Text of Proposed Order)(Davila, Yamileth) (Entered: 02/15/2019) |
|---|---|---|
| 02/15/2019 | 110 | NOTICE *of Filing of Custodian List* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Attachment A)(Trout Perez, Tia) (Entered: 02/15/2019) |
| 02/15/2019 | 111 | ORDER concerning the immediate production of ESI: See document for details. Signed by Judge Rudolph Contreras on February 15, 2019. (lcrc2) (Entered: 02/15/2019) |
| 02/15/2019 | 112 | STIPULATED ORDER pursuant to Federal Rule of Evidence 502(d): See document for details. Signed by Judge Rudolph Contreras on February 15, 2019. (lcrc2) (Entered: 02/15/2019) |
| 02/15/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 2/15/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 02/22/2019) |
| 02/19/2019 | 113 | DISCOVERY SCHEDULING ORDER: See document for details. Signed by Judge Rudolph Contreras on February 19, 2019. (lcrc2) (Entered: 02/19/2019) |
| 02/22/2019 | 114 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on February 15, 2019; Page Numbers: 1-33. Date of Issuance:February 22, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 3/15/2019. Redacted Transcript Deadline set for 3/25/2019. Release of Transcript Restriction set for 5/23/2019.(pk) (Entered: 02/22/2019) |
| 02/22/2019 | 115 | STATUS REPORT *on discovery* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix search term report)(Kisor, Colin) (Entered: 02/22/2019) |
| 02/22/2019 | | MINUTE ORDER: It is hereby ORDERED that the March 1, 2019 telephone hearing will begin at 3:00 p.m. The parties should note the change from the normal time. SO ORDERED. Signed by Judge Rudolph Contreras on February 22, 2019. (lcrc2) (Entered: 02/22/2019) |
| 02/22/2019 | | MINUTE ORDER: For the reasons stated on the record at the February 22, 2019 telephone hearing, it is hereby ORDERED that the deadline for Defendants to begin ESI productions from the next group of document custodians is extended to March 8, |

2/11/26, 2:19 PM          Case 1:18-cv-00508-RC          Document 440   Filed 02/11/26          Page 35 of 132
District of Columbia live database
USCA Case #26-5063          Document #2158634          Filed: 02/11/2026          Page 35 of 132

| | | |
|---|---|---|
| | | 2019. By March 1, at least one lawyer representing each party who is knowledgeable on ESI (e.g., Ms. Davila, Ms. Trout-Perez) shall meet and confer to discuss why Active Learning will need to be trained and validated again with respect to this second batch of ESI (assuming that is the case), and how long such a process will take. The parties should then be prepared to discuss the matter at the March 1 telephone hearing. SO ORDERED. Signed by Judge Rudolph Contreras on February 22, 2019. (lcrc2) (Entered: 02/22/2019) |
| 02/22/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 2/22/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 02/22/2019) |
| 02/25/2019 | 116 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14)(Trout Perez, Tia) (Entered: 02/25/2019) |
| 02/25/2019 | 117 | RESPONSE re 109 Amended MOTION for Protective Order *Concerning ESI Custodians* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Exhibit 2)(Trout Perez, Tia) (Entered: 02/25/2019) |
| 02/27/2019 | | Set/Reset Hearings: Telephone Conference set for 3/1/2019 at 03:00 PM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 02/27/2019) |
| 03/01/2019 | 118 | STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 03/01/2019) |
| 03/01/2019 | 119 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on February 22, 2019; Page Numbers: 1-7. Date of Issuance:March 1, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a></P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 3/22/2019. Redacted Transcript Deadline set for 4/1/2019. Release of Transcript Restriction set for 5/30/2019.(pk) (Entered: 03/01/2019) |
| 03/04/2019 | 120 | REPLY to opposition to motion re 109 Amended MOTION for Protective Order *Concerning ESI Custodians* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit STR 2-22-19, # 2 Certificate of Service)(Davila, Yamileth) (Entered: 03/04/2019) |
| 03/06/2019 | | CORRECTED NOTICE of Hearing: Telephone Conference set for 3/8/2019 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 03/06/2019) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 140    Filed 02/11/26    Page 36 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 36 of 132

| 03/06/2019 | 121 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 1, 2019; Page Numbers: 1-12. Date of Issuance:March 6, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 3/27/2019. Redacted Transcript Deadline set for 4/6/2019. Release of Transcript Restriction set for 6/4/2019.(pk) (Entered: 03/06/2019) |
| 03/08/2019 | 122 | STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 03/08/2019) |
| 03/08/2019 | | MINUTE ORDER: For the reasons stated on the record at the March 8, 2019 telephone hearing, it is hereby ORDERED that, absent the issuance of an applicable Protective Order, Defendants shall continue making weekly productions of ESI from the second group of 17 custodians at a rate of no less than 5,000 documents per week until all responsive documents have been produced. It is FURTHER ORDERED that discovery will close in this case on May 24, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on March 8, 2019. (lcrc2) (Entered: 03/08/2019) |
| 03/08/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 3/8/2019. (Court Reporter: Bryan Wayne.) (tj) (Entered: 03/11/2019) |
| 03/11/2019 | | Set/Reset Deadlines: Discovery due by 5/24/2019. (tj) (Entered: 03/11/2019) |
| 03/11/2019 | 123 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on March 8, 2019; Page Numbers: 1-13. Date of Issuance:March 11, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/1/2019. Redacted Transcript Deadline set for 4/11/2019. Release of Transcript Restriction set for 6/9/2019.(pk) (Entered: 03/11/2019) |
| 03/11/2019 | 124 | RESPONSE TO ORDER OF THE COURT re Order,, *submission regarding Plaintiffs' request to disclose documents designated For Attorneys Eyes Only to an unnamed* |

| | | |
|---|---|---|
| | | *consultant* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 03/11/2019) |
| 03/11/2019 | 125 | SEALED MOTION filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Sealed Ex. A)(Goettel, Katherine) (Entered: 03/11/2019) |
| 03/11/2019 | 126 | RESPONSE TO ORDER OF THE COURT re Order,, *Concerning Sharing "Attorneys' Eyes Only" Documents With Plaintiffs' Expert* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Ex. A)(Goettel, Katherine) (Entered: 03/11/2019) |
| 03/12/2019 | 127 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Parascandola, Christina) (Entered: 03/12/2019) |
| 03/12/2019 | 128 | NOTICE of Change of Address by Tia T. Trout Perez (Trout Perez, Tia) (Entered: 03/12/2019) |
| 03/12/2019 | 129 | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Slade, Michael) (Entered: 03/12/2019) |
| 03/14/2019 | 130 | ORDER permitting the sharing of "attorney's eyes only" documents with Plaintiffs' expert: See document for details. SO ORDERED. Signed by Judge Rudolph Contreras on March 14, 2019. (lcrc2) (Entered: 03/14/2019) |
| 03/14/2019 | | MINUTE ORDER: It is hereby ORDERED that no telephone hearing will be held on March 15, 2019. If the parties wish to hold a telephone hearing on March 22, they shall file a notice with the Court, along with a proposed agenda for the call, by March 20. SO ORDERED. Signed by Judge Rudolph Contreras on March 14, 2019. (lcrc2) (Entered: 03/14/2019) |
| 03/15/2019 | 131 | STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 03/15/2019) |
| 03/22/2019 | 132 | STATUS REPORT *on Discovery Compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 03/22/2019) |
| 03/25/2019 | | MINUTE ORDER: It is hereby ORDERED that, beginning on March 29, 2019, and continuing thereafter during the course of discovery, the parties' shall file a joint status report by the close of business on every Friday, in which (1) Defendants will explain their compliance with each aspect of the applicable discovery requirements for that week (this filing will supersede Defendants' requirement to file their own status report outlining their discovery compliance), and (2) the parties together will identify and briefly describe any unresolved discovery disputes that require the scheduling of a telephone hearing for the following week. Before identifying any such dispute, however, the parties must meet and confer in good faith in an attempt to resolve the dispute informally. If a joint status report identifies no outstanding disputes, the Court will not schedule a hearing for the following week. Thus, absent such notification by the parties, the Friday afternoon status hearings will no longer routinely take place. SO ORDERED. Signed by Judge Rudolph Contreras on March 25, 2019. (lcrc2) (Entered: 03/25/2019) |

| 03/26/2019 | 133 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Paul F. Brinkman terminated. (Brinkman, Paul) (Entered: 03/26/2019) |
| 03/26/2019 | 134 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Devin Allan DeBacker terminated. (DeBacker, Devin) (Entered: 03/26/2019) |
| 03/26/2019 | 135 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Jamie R. Netznik terminated. (Netznik, Jamie) (Entered: 03/26/2019) |
| 03/26/2019 | 136 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Kevin Ross Powell terminated. (Powell, Kevin) (Entered: 03/26/2019) |
| 03/26/2019 | 137 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. Attorney Anne K. Reser terminated. (Reser, Anne) (Entered: 03/26/2019) |
| 03/29/2019 | 138 | Joint STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 03/29/2019) |
| 04/01/2019 | 139 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit)(Hirst, Kevin) (Entered: 04/01/2019) |
| 04/01/2019 | 140 | MOTION Class Decertification by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Text of Proposed Order)(Hirst, Kevin) (Entered: 04/01/2019) |
| 04/05/2019 | 141 | ENTERED IN ERROR. . . . MOTION to Withdraw *Class Representative as Named Plaintiff and Dismiss her Claims Without Prejudice* by ANA P. (Attachments: # 1 Text of Proposed Order)(Patton, Stephen) Modified on 4/5/2019 (ztd). (Entered: 04/05/2019) |
| 04/05/2019 | | NOTICE OF CORRECTED DOCKET ENTRY: re 141 MOTION to Withdraw *Class Representative as Named Plaintiff and Dismiss her Claims Without Prejudice* was entered in error per counsel. (ztd) (Entered: 04/05/2019) |
| 04/05/2019 | 142 | Joint STATUS REPORT *on discovery compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 04/05/2019) |
| 04/05/2019 | 143 | STIPULATION of Dismissal *of Plaintiff Ana P.* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Patton, Stephen) (Entered: 04/05/2019) |

| 04/10/2019 | 144 | NOTICE of Appearance by Patrick T. Haney on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Haney, Patrick) (Entered: 04/10/2019) |
| 04/10/2019 | 145 | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Reynolds, Erin) (Entered: 04/10/2019) |
| 04/10/2019 | 146 | NOTICE *OF PARTIAL COMPLIANCE DUE TO NETWORK ISSUES* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Hirst, Kevin) (Entered: 04/10/2019) |
| 04/12/2019 | 147 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix Declaration)(Kisor, Colin) (Entered: 04/12/2019) |
| 04/12/2019 | 148 | MOTION re 140 MOTION Class Decertification by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen). Added MOTION for Extension of Time on 4/15/2019 (tth). (Entered: 04/12/2019) |
| 04/15/2019 | 149 | RESPONSE re 148 MOTION re 140 MOTION Class Decertification MOTION for Extension of Time to filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 04/15/2019) |
| 04/15/2019 | 150 | MOTION to Compel by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit B, # 3 Exhibit D, # 4 Exhibit Q, # 5 Text of Proposed Order)(Patton, Stephen) (Entered: 04/15/2019) |
| 04/15/2019 | 151 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N, # 14 Exhibit O, # 15 Exhibit P, # 16 Exhibit R)(Patton, Stephen) (Entered: 04/15/2019) |
| 04/17/2019 | 152 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Alsterberg, Cara) (Entered: 04/17/2019) |
| 04/17/2019 | 153 | CERTIFICATE OF SERVICE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 151 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) *Amended Certificate of Service*. (Patton, Stephen) (Entered: 04/17/2019) |
| 04/18/2019 | 154 | REPLY to opposition to motion re 148 MOTION re 140 MOTION Class Decertification MOTION for Extension of Time to filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 04/18/2019) |
| 04/18/2019 | | MINUTE ORDER denying 148 Motion for Summary Denial but granting 148 Motion for Extension of Time: It is hereby ORDERED that Plaintiffs' motion for summary denial of Defendants' motion to decertify is DENIED, but that Plaintiffs' motion for |

| | | |
|---|---|---|
| | | extension of time is GRANTED. Plaintiffs may have until May 15, 2019 to respond to the motion to decertify. SO ORDERED. Signed by Judge Rudolph Contreras on April 18, 2019. (lcrc2) (Entered: 04/18/2019) |
| 04/19/2019 | [155](#) | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 04/19/2019) |
| 04/22/2019 | [156](#) | ORDER denying [109](#) Motion for Protective Order: See document for details. Signed by Judge Rudolph Contreras on April 22, 2019. (lcrc2) (Entered: 04/22/2019) |
| 04/22/2019 | [157](#) | MEMORANDUM OPINION denying [109](#) Motion for Protective Order: See document for details. Signed by Judge Rudolph Contreras on April 22, 2019. (lcrc2) (Entered: 04/22/2019) |
| 04/22/2019 | | MINUTE ORDER: Upon consideration of [155](#) the parties' Joint Status Report, it is hereby ORDERED that the parties shall include a proposal (or proposals) for completing expert discovery in the joint status report to be filed this Friday. SO ORDERED. Signed by Judge Rudolph Contreras on April 22, 2019. (lcrc2) (Entered: 04/22/2019) |
| 04/25/2019 | [158](#) | Unopposed MOTION for Protective Order *to cover HHS/ORR documents* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # [1](#) Text of Proposed Order)(Kisor, Colin) (Entered: 04/25/2019) |
| 04/25/2019 | [159](#) | ORDER granting [158](#) Unopposed Motion for Protective Order concerning HHS/ORR documents: See document for details. Signed by Judge Rudolph Contreras on April 25, 2019. (lcrc2) (Entered: 04/25/2019) |
| 04/26/2019 | [160](#) | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 04/26/2019) |
| 04/26/2019 | | MINUTE ORDER: It is hereby ORDERED that a telephone hearing is scheduled for May 2, 2019 at 4:00 pm. Once all the parties are on one line, they will jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on April 26, 2019. (lcrc2) (Entered: 04/26/2019) |
| 04/30/2019 | | Set/Reset Hearings: Telephone Conference set for 5/2/2019 at 04:00 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 04/30/2019) |
| 04/30/2019 | [161](#) | NOTICE of Appearance by Rebecca Wall Forrestal on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Forrestal, Rebecca) (Entered: 04/30/2019) |
| 04/30/2019 | [162](#) | NOTICE *of Pro Bono Representation Pursuant to LR83.2(g)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (O'Callaghan, Orla) (Entered: 04/30/2019) |
| 05/01/2019 | [163](#) | Memorandum in opposition to re [152](#) SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # [1](#) Exhibit 1)(Patton, Stephen) (Entered: 05/01/2019) |
| 05/01/2019 | [164](#) | Memorandum in opposition to re [150](#) MOTION to Compel filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. |

| | | |
|---|---|---|
| | | IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit F, Electronic mail message between C. Kisor to K. Goettel (Apr. 25, 2019), # 2 Exhibit G, Electronic mail message between C. Alsterberg and K. Goettel (Apr. 29, 2019), # 3 Text of Proposed Order J, Proposed Order)(Alsterberg, Cara) (Entered: 05/01/2019) |
| 05/01/2019 | 165 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, Defendants Response to Plaintiffs Third Set of Requests for Production of Documents, # 2 Exhibit B, Defendants Response to Plaintiffs Second Set of Interrogatories, # 3 Exhibit C, Defendants' Response to Plaintiffs' First Set of Requests for the Production of Documents, # 4 Exhibit D, Transcript of Harper Deposition (Dec. 8, 2018), # 5 Exhibit E, ICE Bates Ranges, # 6 Exhibit H, Harper Declaration (May 1, 2019), # 7 Exhibit I, Barnes Transcript of Barnes Deposition (Feb. 28, 2019))(Alsterberg, Cara) (Entered: 05/01/2019) |
| 05/02/2019 | | MINUTE ORDER: For the reasons stated on the record at the May 2, 2019 telephone hearing, the following schedule will govern proceedings in this case: First, by May 10, 2019, Plaintiffs must serve expert pre-disclosure outlines that contain sufficient information of the substance and/or subject matter of each expert's testimony to allow Defendants to begin the process of securing their own experts if they deem them necessary. Second, Plaintiffs' expert reports must be served by May 31, 2019, Defendants' rebuttal expert reports must be served by July 31, 2019, and all discovery related to experts must conclude by August 30, 2019. Third, any dispositive motions must be filed by September 13, 2019, with responses due October 4, 2019 and replies due October 18, 2019. Finally, a bench trial is scheduled to commence on December 2, 2019 at 10am, and is estimated to take two to three weeks. (SO ORDERED by Judge Rudolph Contreras on May 2, 2019) (lcrc2) (Entered: 05/02/2019) |
| 05/02/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 5/2/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 05/03/2019) |
| 05/02/2019 | | Set/Reset Deadlines and Hearings: Rebuttal expert reports due by 7/31/2019. Motions due by 9/13/2018; Responses due by 10/4/2019; Replies due by 10/18/2019; Bench trial scheduled for 12/21/19 (tj) (Entered: 05/03/2019) |
| 05/06/2019 | 166 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 05/06/2019) |
| 05/08/2019 | 167 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(Patton, Stephen) (Entered: 05/08/2019) |
| 05/08/2019 | 168 | REPLY to opposition to motion re 150 MOTION to Compel filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 05/08/2019) |
| 05/08/2019 | 169 | REPLY to opposition to motion re 152 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, |

USCA Case #26-5053   Document #2158634   Filed 02/11/2026   Page 42 of 132

| | | |
|---|---|---|
| | | THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 05/08/2019) |
| 05/10/2019 | 170 | NOTICE of *Filing Plaintiffs' Expert Pre-Disclosure* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 05/10/2019) |
| 05/10/2019 | 171 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 05/10/2019) |
| 05/10/2019 | 172 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on May 2, 2019; Page Numbers: 1-22. Date of Issuance:May 10, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Tape Number: Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/100">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 5/31/2019. Redacted Transcript Deadline set for 6/10/2019. Release of Transcript Restriction set for 8/8/2019.(pk) (Entered: 05/10/2019) |
| 05/15/2019 | 173 | Memorandum in opposition to re 140 MOTION Class Decertification filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 05/15/2019) |
| 05/15/2019 | 174 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Plaintiffs' Opposition to Defendants' Motion to De-Certify the Class, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39)(Patton, Stephen) (Entered: 05/15/2019) |
| 05/16/2019 | 175 | Unopposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION Class Decertification *REPLY BRIEF* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 05/16/2019) |
| 05/16/2019 | 176 | NOTICE of Appearance- Pro Bono by Paul L. Quincy on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Quincy, Paul) (Entered: 05/16/2019) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 43 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 43 of 132

| | | |
|---|---|---|
| 05/16/2019 | | MINUTE ORDER granting 175 Unopposed Motion for Extension of Time to File Response/Reply: It is hereby ORDERED that the motion is GRANTED. Defendants' reply in support of their motion to decertify the class is now due on June 5, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on May 16, 2019. (lcrc2) (Entered: 05/16/2019) |
| 05/17/2019 | 177 | Joint STATUS REPORT *on discovery* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 05/17/2019) |
| 05/17/2019 | | MINUTE ORDER: Upon consideration of 177 the parties' Joint Status Report, it is hereby ORDERED that the parties may have until May 31, 2019 to submit their proposal(s) regarding data cut off and supplementation under Rule 26. SO ORDERED. Signed by Judge Rudolph Contreras on May 17, 2019. (lcrc2, ) (Entered: 05/17/2019) |
| 05/21/2019 | | Set/Reset Deadlines: proposals due by 5/31/2019. (tj) (Entered: 05/21/2019) |
| 05/21/2019 | | Set/Reset Deadlines: Reply due by 6/5/2019. (tj) (Entered: 05/21/2019) |
| 05/24/2019 | 178 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 05/24/2019) |
| 05/31/2019 | 179 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 05/31/2019) |
| 05/31/2019 | | MINUTE ORDER: Upon consideration of 179 the parties' Joint Status Report, it is hereby ORDERED that the parties may have until June 7, 2019 to submit their proposal(s) regarding data cut off and supplementation under Rule 26. Signed by Judge Rudolph Contreras on May 31, 2019. (lcrc2) (Entered: 05/31/2019) |
| 06/03/2019 | | Set/Reset Deadlines: Supplemental Memoranda due by 6/7/2019. (hs) (Entered: 06/03/2019) |
| 06/04/2019 | 180 | ORDER granting in part 150 Motion to Compel, and granting 151 , 165 , and 167 Sealed Motions for Leave to File Documents Under Seal: See document for details. Signed by Judge Rudolph Contreras on June 4, 2019. (lcrc2) (Entered: 06/04/2019) |
| 06/05/2019 | 181 | REPLY to opposition to motion re 140 MOTION Class Decertification filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 06/05/2019) |
| 06/07/2019 | 182 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 06/07/2019) |
| 06/14/2019 | 183 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 06/14/2019) |
| 06/14/2019 | 184 | MOTION for Leave to File *Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to De-Certify the Class* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit)(Patton, Stephen) (Entered: 06/14/2019) |
| 06/14/2019 | 185 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is |

2/11/26, 2:19 PM          Case 1:18-cv-00508-RC          Document 140  Filed 02/11/26          Page 44 of 132
District of Columbia live database
USCA Case #26-5053          Document #2158634                Filed: 02/11/2026          Page 44 of 132

| | | |
|---|---|---|
| | | SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A) (Patton, Stephen) (Entered: 06/14/2019) |
| 06/17/2019 | | MINUTE ORDER: Upon consideration of 183 the parties' Joint Status Report, the following is hereby ORDERED: By June 21, 2019, Plaintiffs shall file a written motion regarding the discovery dispute identified in the Joint Status Report. Defendants shall respond to this motion by June 28, 2019. A telephone hearing on Plaintiffs' motion is then scheduled for July 9, 2019 at 3:00 pm. As always, once all the parties are on one line, they should jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on June 17, 2019. (lcrc2) (Entered: 06/17/2019) |
| 06/17/2019 | | Set/Reset Hearings:(Telephone Conference set for 7/9/2019 at 03:00 PM in Chambers before Judge Rudolph Contreras.) ( Motions due by 6/21/2019; Responses due by 6/28/2019) (tj) (Entered: 06/17/2019) |
| 06/19/2019 | 186 | RESPONSE re 184 MOTION for Leave to File *Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to De-Certify the Class* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Attachment A, Emails between Colin Kisor to Kate Goettel and Stephen Patton (June 17, 2019)) (Alsterberg, Cara) (Entered: 06/19/2019) |
| 06/21/2019 | 187 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN. (Kisor, Colin) (Entered: 06/21/2019) |
| 06/21/2019 | | MINUTE ORDER: Upon consideration of 187 the parties' Joint Status Report, it is hereby ORDERED that the parties are excused from filing a joint status report on July 5, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on June 21, 2019. (lcrc2) (Entered: 06/21/2019) |
| 06/21/2019 | 188 | MOTION to Compel by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 06/21/2019) |
| 06/28/2019 | | Set/Reset Deadlines: Status Report due by 7/5/2019 (tj) (Entered: 06/28/2019) |
| 06/28/2019 | 189 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 06/28/2019) |
| 06/28/2019 | 190 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Exhibit M, # 2 Exhibit Exhibit N, # 3 Exhibit Exhibit O, # 4 Exhibit Exhibit P)(Hirst, Kevin) (Entered: 06/28/2019) |
| 06/28/2019 | 191 | RESPONSE re 188 MOTION to Compel filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Text of Proposed Order)(Hirst, Kevin) (Entered: 06/28/2019) |
| 07/08/2019 | 192 | MOTION to Hold in Abeyance re 140 MOTION Class Decertification by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 07/08/2019) |

| 07/09/2019 | | MINUTE ORDER granting 188 Plaintiffs' Motion to Compel and denying without prejudice 140 Defendants' Motion for Class Decertification: For the reasons stated on the record at the July 9, 2019 telephone hearing, it is hereby ORDERED that 188 Plaintiffs' Motion to Compel is GRANTED. If, however, Defendants uncover evidence of burdensomeness or duplication as they perform their supplemental productions, they may produce such evidence and request appropriate relief in a weekly status report. In the meantime, the parties shall meet, confer, and provide a proposed schedule (or competing proposals) for supplemental ESI production in their status report due this Friday, July 12, 2019. It is FURTHER ORDERED that 140 Defendants' Motion for Class Decertification is DENIED WITHOUT PREJUDICE. The motion may be refiled on the same schedule that governs dispositive motions, provided in the Court's May 2, 2019 Minute Order. SO ORDERED. Signed by Judge Rudolph Contreras on July 9, 2019. (lcrc2) (Entered: 07/09/2019) |
| 07/09/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephone Conference held on 7/9/2019. Status Report due by 7/12/2019. (Court Reporter: Patricia Kaneshiro Miller.) (tj) (Entered: 07/09/2019) |
| 07/12/2019 | 193 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras held on July 9, 2019; Page Numbers: 1-15. Date of Issuance:July 12, 2019. Court Reporter/Transcriber Patricia A Kaneshiro-Miller, Telephone number 202-354-3243, Patricia_Kaneshiro-Miller@dcd.uscourts.gov. Transcripts may be ordered by submitting the &lt;a href="http://www.dcd.uscourts.gov/node/110"&gt;Transcript Order Form&lt;/a&gt;&lt;P&gt;&lt;/P&gt; &lt;P&gt;&lt;/P&gt;For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. &lt;P&gt;**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.&lt;P&gt;&lt;/P&gt; Redaction Request due 8/2/2019. Redacted Transcript Deadline set for 8/12/2019. Release of Transcript Restriction set for 10/10/2019.(pk) (Entered: 07/12/2019) |
| 07/12/2019 | 194 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix A)(Hirst, Kevin) (Entered: 07/12/2019) |
| 07/19/2019 | 195 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 07/19/2019) |
| 07/26/2019 | 196 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 07/26/2019) |
| 07/31/2019 | | MINUTE ORDER: Upon consideration of the parties' respective positions as stated in 194 their joint status report, the following is hereby ORDERED: With respect to field office custodians who have left their positions since October 28, 2018, ICE shall produce responsive ESI for their successors starting on the date they assumed their new position. This includes the successors for one Phoenix Field Office Juvenile Coordinator, who left her position on or about January 12, 2019, and two Chicago Field Office Juvenile Coordinators, who left their positions on or about March 1, 2019. |

| | | |
|---|---|---|
| | | Defendants' argument that these productions will be duplicative and disproportionate to the needs of the case is unpersuasive because Defendants' de-dupe technology should reduce any burden of the productions significantly. SO ORDERED. Signed by Judge Rudolph Contreras on July 31, 2019. (lcrc2) (Entered: 07/31/2019) |
| 08/02/2019 | 197 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/02/2019) |
| 08/05/2019 | | MINUTE ORDER: In their 197 Joint Status Report filed on August 2, 2019, the parties stated that they believed that 152 Defendants' Motion to Strike and Re-File remained unresolved. But upon review of the docket, the Court granted that motion by sealed minute order on April 17, 2019, before Plaintiffs' filed their 163 Opposition on May 1, 2019. Having reviewed Plaintiffs' Opposition, the Court generally agrees that the blank Age-Out Review Worksheets "do not reveal an otherwise unknown law enforcement process or technique," ECF No. 163 at 5, and the Court itself has previously remarked that the blank Worksheets do not contain "highly sensitive information," ECF No. 130 at 3. The Court need not reconsider its disposition of 152 Defendants' Motion to Strike and Re-File, however, because the specific dispute is moot: the motion was related to 109 Defendants' Amended Motion for Protective Order, which the Court denied on April 22, 2019, see ECF No. 156 . And even if the Court had made a concrete determination that the blank Worksheets were protected by law enforcement sensitivity, such a determination would have limited relevance to whether deposition testimony that merely discussed the Worksheets would be protected. Accordingly, the parties are advised to treat disagreements over deposition testimony as they would any other discovery dispute: They are obligated to meet and confer in good faith to attempt to resolve or narrow the dispute informally. If the parties are unable to reach agreement on particular transcript sections, they should inform the Court in an appropriate weekly status report. SO ORDERED. Signed by Judge Rudolph Contreras on August 5, 2019. (lcrc2) (Entered: 08/05/2019) |
| 08/09/2019 | 198 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/09/2019) |
| 08/12/2019 | 199 | NOTICE of Appearance by William Herrick Weiland on behalf of All Defendants (Weiland, William) (Entered: 08/12/2019) |
| 08/12/2019 | | MINUTE ORDER: Upon consideration of 198 the parties' Joint Status Report, it is hereby ORDERED that a telephone hearing is scheduled for August 15, 2019 at 2:30 pm. As always, once all the parties are on one line, they should jointly call chambers at (202) 354-3520. SO ORDERED. Signed by Judge Rudolph Contreras on August 12, 2019. (lcrc2) (Entered: 08/12/2019) |
| 08/13/2019 | | Set/Reset Hearings: Telephone Conference set for 8/15/2019 at 02:30 PM in Chambers before Judge Rudolph Contreras. (tj) (Entered: 08/13/2019) |
| 08/14/2019 | 200 | NOTICE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 08/14/2019) |
| 08/14/2019 | | MINUTE ORDER: In light of 200 Plaintiffs' Notice, it is hereby ORDERED that the telephone hearing scheduled for August 15, 2019 is VACATED. SO ORDERED. Signed by Judge Rudolph Contreras on August 14, 2019. (lcrc2) (Entered: 08/14/2019) |
| 08/16/2019 | 201 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/16/2019) |

| | | |
|---|---|---|
| 08/23/2019 | 202 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 08/23/2019) |
| 08/30/2019 | 203 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit)(Kisor, Colin) (Entered: 08/30/2019) |
| 09/03/2019 | 204 | NOTICE *regarding Data Discrepancy Resolution* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 203 Status Report (Attachments: # 1 Declaration, # 2 Appendix, # 3 Declaration, # 4 Declaration, # 5 Declaration, # 6 Declaration, # 7 Declaration, # 8 Declaration, # 9 Declaration, # 10 Declaration, # 11 Declaration, # 12 Declaration, # 13 Declaration, # 14 Declaration, # 15 Declaration, # 16 Declaration, # 17 Declaration)(Kisor, Colin) (Entered: 09/03/2019) |
| 09/06/2019 | 205 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Text of Proposed Order)(Parascandola, Christina) (Entered: 09/06/2019) |
| 09/06/2019 | 206 | Joint STATUS REPORT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 09/06/2019) |
| 09/06/2019 | | MINUTE ORDER granting 205 Defendants' Motion for Leave to File Exhibits Under Seal. It is hereby ORDERED that Defendants' motion is GRANTED. SO ORDERED. Signed by Judge Rudolph Contreras on 09/06/2019. (lcrc2) (Entered: 09/06/2019) |
| 09/06/2019 | 207 | SEALED DOCUMENT (Exhibit 1) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. re 204 Notice (Other), filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14) (ztth) (Entered: 09/09/2019) |
| 09/13/2019 | 208 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support Defendants' Partial Motion for Summary Judgment, # 3 Statement of Facts, # 4 Exhibit 1, 2019 Field Office Juvenile Coordinator Training Agenda, ICE-0041329-332, # 5 Exhibit 2, Current Litigation Overview, ICE-0041386-407, # 6 Exhibit 3, Current Litigation: Garcia Ramirez v. ICE/Age-Outs, ICE-0041420-456, # 7 Exhibit 4, Documentation Activity: Breakout Session ICE-0041475-502, # 8 Exhibit 5, Excerpts from the Transcript of the Deposition of Officer Joe Love (October 22, 2018), # 9 Exhibit 6, Excerpts from the |

| | | |
|---|---|---|
| | | Transcript of the Deposition of Officer Rebecca Jones (November 20, 2018), # [10](#) Exhibit 7, Excerpts from the Transcript of the Deposition of Officer Lika Black, (November 28, 2018), # [11](#) Exhibit 8, Excerpts from the Transcript of the Deposition of Officer Geoffrey Pepple (December 19, 2018), # [12](#) Exhibit 9, Excerpts from the Transcript of the Deposition of Officer Linda Hyde (January 23, 2019), # [13](#) Exhibit 10, Excerpts from the Transcript of the Deposition of Officer Sean Reardon (January 31, 2019), # [14](#) Exhibit 11, Excerpts from the Transcript of the Deposition of Officer Victor Galvez (February 13, 2019), # [15](#) Exhibit 12, Excerpts from the Transcript of the Deposition of Officer Nancy Z. Sullivan (February 20, 2019), # [16](#) Exhibit 13, Excerpts from the Transcript of the Deposition of Officer Edwin Barnes (February 28, 2019), # [17](#) Exhibit 14, Excerpts from the Transcript of the Deposition of Officer Stephen Venegas (March 21, 2019), # [18](#) Exhibit 15, Excerpts from the Transcript of the Deposition of Officer Jose Munguia (March 28, 2019), # [19](#) Exhibit 16, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Erik Carbonneau (November 21, 2018), # [20](#) Exhibit 17, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Timothy Gibney (November 21, 2018), # [21](#) Exhibit 19, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Mellissa Harper (December 6, 2018), # [22](#) Exhibit 20, Excerpts from the Transcript of the Deposition of Ana B. Sanchez-Zimak (May 3, 2019), # [23](#) Exhibit 22, Excerpts from the Transcript of the Deposition of Eric Ravenell (May 10, 2019))(Alsterberg, Cara) (Entered: 09/13/2019) |
| 09/13/2019 | [209](#) | MOTION for Partial Summary Judgment by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # [1](#) Text of Proposed Order, # [2](#) Statement of Facts, # [3](#) Exhibit List, # [4](#) Exhibit 1, 2019 Field Office Juvenile Coordinator Training Agenda, ICE-0041329-332, # [5](#) Exhibit 2, Current Litigation Overview, ICE-0041386-407, # [6](#) Exhibit 3, Current Litigation: Garcia Ramirez v. ICE/Age-Outs, ICE-0041420-456, # [7](#) Exhibit 4, Documentation Activity: Breakout Session ICE-0041475-502, # [8](#) Exhibit 5, Excerpts from the Transcript of the Deposition of Officer Joe Love (October 22, 2018), # [9](#) Exhibit 6, Excerpts from the Transcript of the Deposition of Officer Rebecca Jones (November 20, 2018), # [10](#) Exhibit 7, Excerpts from the Transcript of the Deposition of Officer Lika Black, (November 28, 2018), # [11](#) Exhibit 8, Excerpts from the Transcript of the Deposition of Officer Geoffrey Pepple (December 19, 2018), # [12](#) Exhibit 9, Excerpts from the Transcript of the Deposition of Officer Linda Hyde (January 23, 2019), # [13](#) Exhibit 10, Excerpts from the Transcript of the Deposition of Officer Sean Reardon (January 31, 2019), # [14](#) Exhibit 11, Excerpts from the Transcript of the Deposition of Officer Victor Galvez (February 13, 2019), # [15](#) Exhibit 12, Excerpts from the Transcript of the Deposition of Officer Nancy Z. Sullivan (February 20, 2019), # [16](#) Exhibit 13, Excerpts from the Transcript of the Deposition of Officer Edwin Barnes (February 28, 2019), # [17](#) Exhibit 14, Excerpts from the Transcript of the Deposition of Officer Stephen Venegas (March 21, 2019), # [18](#) Exhibit 15, Excerpts from the Transcript of the Deposition of Officer Jose Munguia (March 28, 2019), # [19](#) Exhibit 16, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Erik Carbonneau (November 21, 2018), # [20](#) Exhibit 17, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Timothy Gibney (November 21, 2018), # [21](#) Exhibit 18, Excerpts from the Transcript of the Deposition of Mellissa Harper (May 2, 2019), # [22](#) Exhibit 19, Excerpts from the Transcript of the Rule 30(b)(6) Deposition of Mellissa Harper (December 6, 2018), # [23](#) Exhibit 20, Excerpts from the Transcript of the Deposition of Ana B. Sanchez-Zimak (May 3, 2019), # [24](#) Exhibit 21, Excerpts from the Transcript of the Deposition of Stephen Antkowiak (May 8, 2019), # [25](#) Exhibit 22, Excerpts from the Transcript of the Deposition of Eric Ravenell (May 10, 2019), # [26](#) Exhibit 23, Plaintiffs Responses to Defendants First Set of Requests for Admissions (February 26, 2019))(Alsterberg, Cara) (Entered: 09/13/2019) |

| 09/13/2019 | 210 | Joint STATUS REPORT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Goettel, Katherine) (Entered: 09/13/2019) |
|---|---|---|
| 09/16/2019 | | MINUTE ORDER: Upon consideration of 210 the parties' Joint Status Report, it is hereby ORDERED that no further weekly status reports are necessary. As always, if a dispute arises requiring intervention by the Court, the parties are to promptly and jointly call chambers to schedule a telephone conference. SO ORDERED. Signed by Judge Rudolph Contreras on 09/16/2019. (lcrc2) (Entered: 09/16/2019) |
| 09/24/2019 | 211 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/24/2019 | 212 | MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/24/2019 | 213 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit 2, # 3 Exhibit 6, # 4 Exhibit 7)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/24/2019 | 214 | MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Patton, Stephen) (Entered: 09/24/2019) |
| 09/25/2019 | 215 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1) (Patton, Stephen) (Entered: 09/25/2019) |
| 09/27/2019 | 216 | Unopposed MOTION for Extension of Time to *Respond to Defendants' Motion to File Exhibits Under Seal* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 09/27/2019) |
| 09/27/2019 | | MINUTE ORDER granting 216 Plaintiffs' Unopposed Motion for Extension of Time: It is hereby ORDERED that Plaintiffs shall file their opposition to 208 Defendants' Sealed Motion for Leave to File Exhibits Under Seal on or before October 4, 2019. SO ORDERED. Signed by Judge Rudolph Contreras on 09/27/2019. (lcrc2) (Entered: 09/27/2019) |
| 10/04/2019 | 217 | Unopposed MOTION for Extension of Time to File Response/Reply as to 214 MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead*, 212 MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Proposed Order)(Weiland, William) (Entered: 10/04/2019) |

| | | |
|---|---|---|
| 10/04/2019 | 218 | Unopposed MOTION for Extension of Time to File Response/Reply by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 10/04/2019) |
| 10/07/2019 | 219 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 45, # 45 Exhibit 46, # 46 Exhibit 49, # 47 Exhibit 51, # 48 Exhibit 52, # 49 Exhibit 53, # 50 Exhibit 54, # 51 Exhibit 55)(Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | 220 | RESPONSE re 209 MOTION for Partial Summary Judgment filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 43, # 2 Exhibit 44, # 3 Exhibit 47, # 4 Exhibit 48, # 5 Exhibit 50)(Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | 221 | MOTION for Leave to File Excess Pages by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | 222 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit A, # 3 Exhibit B)(Patton, Stephen) (Entered: 10/07/2019) |
| 10/07/2019 | | MINUTE ORDER granting 217 Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiffs' Motions in Limine; 218 Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment; and 221 Plaintiffs' Motion to Enlarge Page Limits: It is hereby ordered that Defendants shall file oppositions to 212 and 214 Plaintiffs' Motions in Limine on or before October 22, 2019; and that Plaintiffs shall file their Statement of Material Facts and Opposition to Defendants' Statement of Material Facts on or before October 8, 2019. It is FURTHER ORDERED that, over Defendants' unarticulated opposition, Plaintiffs' forthcoming Opposition to Defendants' Motion for Partial Summary Judgment may be up to sixty pages in length. SO ORDERED. Signed by Judge Rudolph Contreras on 10/7/2019. (lcrc2) (Entered: 10/07/2019) |
| 10/08/2019 | 223 | REDACTED DOCUMENT- Exhibits to 220 Response to motion, by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 11, # 8 Exhibit 12, # 9 Exhibit 15, # 10 Exhibit 18, # 11 Exhibit 19, # 12 Exhibit 20, # 13 Exhibit 24, # 14 Exhibit 53, # 15 Exhibit 55)(Patton, Stephen) (Entered: 10/08/2019) |
| 10/08/2019 | 224 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Statement of Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, |

| | | # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15)(Patton, Stephen) Modified on 10/9/2019 to correct filed date (zjf). (Entered: 10/09/2019) |
|---|---|---|
| 10/10/2019 | <u>225</u> | REDACTED DOCUMENT- Statement of Facts & Responses to Defendants' Statement of Facts by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 6, # <u>4</u> Exhibit 7, # <u>5</u> Exhibit 9, # <u>6</u> Exhibit 11, # <u>7</u> Exhibit 12)(Patton, Stephen) (Entered: 10/10/2019) |
| 10/10/2019 | <u>226</u> | Unopposed MOTION for Extension of Time to File *msj reply (conditionally unopposed)* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # <u>1</u> Text of Proposed Order)(Kisor, Colin) (Entered: 10/10/2019) |
| 10/10/2019 | | MINUTE ORDER granting <u>226</u> Defendants' Motion for Extension of Time: It is hereby ORDERED that the Defendants shall have up to and including November 1, 2019 to file a reply brief in support of <u>209</u> Defendants' Motion for Partial Summary Judgment. SO ORDERED. Signed by Judge Rudolph Contreras on 10/10/2019. (lcrc2) (Entered: 10/10/2019) |
| 10/11/2019 | <u>227</u> | Unopposed MOTION for Extension of Time to File Response/Reply as to <u>222</u> SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # <u>1</u> Text of Proposed Order)(Parascandola, Christina) (Entered: 10/11/2019) |
| 10/16/2019 | <u>228</u> | RESPONSE to <u>226</u> Defendants' Request for a Final Pretrial Conference by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Goettel, Katherine); Modified event and text on 10/17/2019 (ztth). (Entered: 10/16/2019) |
| 10/16/2019 | | MINUTE ORDER granting <u>227</u> Defendants' Unopposed Motion for Extension of Time: It is hereby ORDERED that Defendants shall have up to and including October 16, 2019, to file a reply brief in support of their <u>208</u> Motion for Leave to File Exhibits Under Seal. SO ORDERED. Signed by Judge Rudolph Contreras on 10/16/2019. (lcrc2) (Entered: 10/16/2019) |
| 10/16/2019 | <u>229</u> | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Exhibit Reply, # <u>2</u> Exhibit A, # <u>3</u> Text of Proposed Order)(Alsterberg, Cara) (Entered: 10/16/2019) |
| 10/17/2019 | <u>230</u> | PRETRIAL ORDER. See document for details. Signed by Judge Rudolph Contreras on 10/17/2019. (lcrc2) (Entered: 10/17/2019) |
| 10/18/2019 | <u>231</u> | MOTION in Limine by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # <u>1</u> Exhibit Plaintiffs' Response to Defendants' Requests for Admission, # <u>2</u> Exhibit Expert Report of Dr. Julie Linton, # <u>3</u> Text of Proposed Order)(Hirst, Kevin) (Entered: 10/18/2019) |
| 10/18/2019 | | Set/Reset Deadlines: Pretrial Statement due by 11/8/2019; Motion in Limine due by 11/11/2019; Responses due by 11/18/2019; Demonstrative Exhibit due by 11/20/2019; Pretrial Conference set for 11/25/2019 at 2:00 PM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 10/18/2019) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440  Filed 02/11/26    Page 52 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 52 of 132

| 10/22/2019 | 232 | RESPONSE re 214 MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Alsterberg, Cara) (Entered: 10/22/2019) |
|---|---|---|
| 10/22/2019 | 233 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Weiland, William) (Entered: 10/22/2019) |
| 10/22/2019 | 234 | RESPONSE re 212 MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth*, 211 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A - filed under seal, # 2 Exhibit B - filed under seal, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Weiland, William) (Entered: 10/22/2019) |
| 10/25/2019 | 235 | RESPONSE re 231 MOTION in Limine *to Exclude the Report and Testimony of Plaintiffs' Expert in Pediatrics* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 10/25/2019) |
| 10/28/2019 | 236 | REPLY to opposition to motion re 209 MOTION for Partial Summary Judgment filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Kisor, Colin) (Entered: 10/28/2019) |
| 10/29/2019 | 237 | REPLY to opposition to motion re 214 MOTION in Limine *to Exclude the Testimony of Defendants' Expert Gary Mead* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 10/29/2019) |
| 10/29/2019 | 238 | REPLY to opposition to motion re 212 MOTION in Limine *to Exclude Certain of the Opinions of Defendants' Experts Qing Pan and Joseph Gastwirth* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 10/29/2019) |
| 10/30/2019 | 239 | REPLY to opposition to motion re 231 MOTION in Limine filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Hirst, Kevin) (Entered: 10/30/2019) |
| 11/07/2019 | 240 | ORDER denying 209 Motion for Partial Summary Judgment. See document for details. Signed by Judge Rudolph Contreras on 11/7/2019. (lcrc2) (Entered: 11/07/2019) |
| 11/07/2019 | 241 | MOTION for Leave to File *Sur-Reply in Opposition to Defendants' Motion to Exclude The Report and Testimony of Plaintiffs' Expert in Pediatrics* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 11/07/2019) |

| | | |
|---|---|---|
| 11/08/2019 | [242](#) | PRETRIAL STATEMENT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # [1](#) Appendix A, # [2](#) Appendix B, # [3](#) Appendix C, # [4](#) Appendix D, # [5](#) Appendix E, # [6](#) Appendix F)(Patton, Stephen) (Entered: 11/08/2019) |
| 11/11/2019 | [243](#) | MOTION in Limine *to exclude depo testimony where the witnesses will testify in person* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # [1](#) Text of Proposed Order)(Kisor, Colin) (Entered: 11/11/2019) |
| 11/11/2019 | [244](#) | MOTION in Limine *Regarding Defendants' Failure to Disclose Trial Witnesses* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4)(Patton, Stephen) (Entered: 11/11/2019) |
| 11/12/2019 | [245](#) | Amended MOTION for Leave to File *Sur-Reply in Opposition to Defendants' Motion to Exclude The Report and Testimony of Plaintiffs' Expert in Pediatrics* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # [1](#) Exhibit A, # [2](#) Text of Proposed Order)(Patton, Stephen) (Entered: 11/12/2019) |
| 11/12/2019 | | MINUTE ORDER Granting [245](#) Plaintiffs' Amended Motion for Leave to File Surreply: It is hereby ORDERED that Plaintiffs' Motion for Leave to File a Surreply in Opposition to Defendants' Motion to Exclude the Report and Testimony of Plaintiffs' Expert in Pediatrics is GRANTED. It is FURTHER ORDERED that Plaintiffs' Surreply attached to Plaintiffs' Amended Motion is deemed filed as of November 12, 2016. SO ORDERED. Signed by Judge Rudolph Contreras on 11/12/2019. (lcrc2) (Entered: 11/12/2019) |
| 11/12/2019 | [246](#) | MOTION in Limine *to exclude the opinions of Plaintiffs' expert Justin Lenzo* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Text of Proposed Order)(Parascandola, Christina) (Entered: 11/12/2019) |
| 11/13/2019 | [247](#) | NOTICE *of Submission of Defendants' Exhibit 42 with the Court Clerk* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Hirst, Kevin) (Entered: 11/13/2019) |
| 11/13/2019 | [248](#) | RESPONSE re [243](#) MOTION in Limine *to exclude depo testimony where the witnesses will testify in person* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13, # [14](#) Exhibit 14, # [15](#) Exhibit 15)(Patton, Stephen) (Entered: 11/13/2019) |
| 11/14/2019 | [249](#) | RESPONSE re [244](#) MOTION in Limine *Regarding Defendants' Failure to Disclose Trial Witnesses* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # [1](#) Appendix)(Kisor, Colin) (Entered: 11/14/2019) |
| 11/14/2019 | [250](#) | ORDER denying [212](#) Plaintiffs Motion to Exclude Certain of the Opinions of Defendants Experts Qing Pan and Joseph Gastwirth; granting [214](#) Plaintiffs Motion to Exclude the Testimony of Defendants Expert Gary Mead; and denying [231](#) Defendants Motion to Exclude the Report and Testimony of Plaintiffs Expert in Pediatrics. See document for details. Signed by Judge Rudolph Contreras on 11/14/2019. (lcrc2) (Entered: 11/14/2019) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 54 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page: 54 of 132

| | | |
|---|---|---|
| 11/14/2019 | [251] | MEMORANDUM OPINION denying [212] Plaintiffs Motion to Exclude Certain of the Opinions of Defendants Experts Qing Pan and Joseph Gastwirth; granting [214] Plaintiffs Motion to Exclude the Testimony of Defendants Expert Gary Mead; and denying [231] Defendants Motion to Exclude the Report and Testimony of Plaintiffs Expert in Pediatrics. See document for details. Signed by Judge Rudolph Contreras on 11/14/2019. (lcrc2) (Entered: 11/14/2019) |
| 11/18/2019 | [252] | RESPONSE re [246] MOTION in Limine *to exclude the opinions of Plaintiffs' expert Justin Lenzo* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # [1] Exhibit 1)(Patton, Stephen) (Entered: 11/18/2019) |
| 11/20/2019 | [253] | ORDER denying [243] Motion *in limine* to Exclude Deposition Testimony. See document for details. Signed by Judge Rudolph Contreras on 11/20/2019. (lcrc2) (Entered: 11/20/2019) |
| 11/20/2019 | [255] | Supplemental PRETRIAL STATEMENT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) Modified event title on 11/21/2019 (znmw). (Entered: 11/20/2019) |
| 11/21/2019 | [256] | NOTICE of Appearance by Britney Ann Lewis on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Lewis, Britney) (Entered: 11/21/2019) |
| 11/21/2019 | [257] | ORDER denying [246] Motion *in limine* to Exclude the Opinions of Plaintiffs' Expert Justin Lenzo. See document for details. Signed by Judge Rudolph Contreras on 11/21/2019. (lcrc2) (Entered: 11/21/2019) |
| 11/22/2019 | [258] | Supplemental PRETRIAL STATEMENT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # [1] Exhibit Horton, # [2] Exhibit Lenzo, # [3] Exhibit Vinikoor, # [4] Exhibit Sandweg, # [5] Exhibit Linton)(Patton, Stephen) Modified event title on 11/26/2019 (znmw). (Entered: 11/22/2019) |
| 11/25/2019 | [259] | Supplemental PRETRIAL STATEMENT by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # [1] Exhibit 5 - Demonstrative Exhibits for Dr. Qing Pan)(Weiland, William) Modified event title on 11/26/2019 (znmw). (Entered: 11/25/2019) |
| 11/25/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Final Pretrial Conference held on 11/25/2019. Bench trial remains scheduled to commence on December 2, 2019. Order to follow. (Court Reporter: Elizabeth Saint Loth.) (tj) (Entered: 11/25/2019) |
| 11/25/2019 | | MINUTE ORDER: For the reasons stated on the record during the November 25, 2019 Pretrial Conference, the following is hereby ORDERED: [244] Plaintiffs' Motion *in limine* Regarding Defendants' Failure to Disclose Trial Witnesses is DENIED AS MOOT IN PART AND DENIED IN PART. As the parties have agreed, out-of-town witnesses shall be called only once and each side shall provide notice two business days in advance of which witnesses they will call on a given day. The motion is denied with regard to the request to bar Mr. Hormiga and Ms. Lower from testifying at trial. Mr. Hormiga and Ms. Lower may testify, but Defendants shall make them available for deposition before they are called; availability shall be made at Plaintiffs convenience, at least 48 hours before their trial testimony, and on a Saturday if necessary. Defendants' objection to a portion of Plaintiffs' Exhibit 333, raised in [255] Defendants' Supplemental Pretrial Statement has been withdrawn with leave to renew. It is FURTHER ORDERED that if Defendants' expert Dr. Gastwirth does not testify at trial, Defendants shall provide cross-designations of portions of the transcript of his |

| | | deposition testimony and may not inappropriately designate the entire transcript. SO ORDERED. Signed by Judge Rudolph Contreras on 11/25/2019. (lcrc2) (Entered: 11/25/2019) |
|---|---|---|
| 12/01/2019 | 260 | Supplemental PRETRIAL STATEMENT by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit Lenzo)(Patton, Stephen) Modified event title on 12/2/2019 (znmw). (Entered: 12/01/2019) |
| 12/02/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial held on 12/2/2019. Evidence entered, and Bench Trial continued to 12/3/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witness: Melissa Harper. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/03/2019) |
| 12/02/2019 | 261 | NOTICE of Appearance - Pro Bono by Barack Echols on behalf of WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (ztth) (Entered: 12/05/2019) |
| 12/03/2019 | | Set/Reset Hearings: Bench Trial set for 12/3/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (tj) (Entered: 12/03/2019) |
| 12/03/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/3/2019. Evidence entered, and Bench Trial continued to 12/4/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witness: Melissa Harper; Deposition of Eric Ravenelle. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/03/2019) |
| 12/04/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/4/2019. Evidence entered, and Bench Trial continued to 12/5/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM)) Witnesses: Anna Sanchez Simak; Sulma Hernandez Alfaro. (tj) (Entered: 12/04/2019) |
| 12/05/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/5/2019. Evidence entered, and Bench Trial continued to12/6/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Sulma Hernandez Alfaro (continued); Wilmer Garcia Ramirez; Deposition of Jose Munguia; Anthony Enriquez; Deposition of Linda M. Hyde. (Court Reporter: Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/05/2019) |
| 12/06/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/6/2019. Evidence entered, and Bench Trial continued to 12/9/2019 at 10:00 AM in Courtroom 5 - 2nd Floor before Judge Rudolph Contreras in the AM only. The court will return to courtroom 14 - 4th after completion of video testimony. Witnesses: Andrea Saenz; Deposition testimony: Linda Hyde; Edwin Barnes; Geoffrey Peeble; (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM).) (tj) (Entered: 12/06/2019) |
| 12/09/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumes and held on 12/9/2019. Evidence entered and Bench Trial continued to 12/10/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Lucy Castineda; Diana Tafur (Video Tape Deposition); Lisa Lehner; Sean Reardon (Deposition Transcript) (Court Reporter: Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/09/2019) |
| 12/10/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/10/2019. Evidence entered, and Bench Trial continued to 12/11/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Sean Reardon (Deposition Testimony continued); Danielle Escontrias; Victor Galvez |

| | | |
|---|---|---|
| | | (Deposition Testimony); Lisa Horton. (Court Reporter Jeff Hook (AM) / Cathryn Jones.) (Entered: 12/10/2019) |
| 12/11/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/11/2019. Evidence entered and Bench Trial continued to 12/12/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnessed: Stephen Vanegas (Deposition Transcript); Judge Robert Vinikoor; Dr. Justin Lenzo. (Court Reporter Cathryn Jones (am)/Jeff Hook (pm)) (tj) (Entered: 12/11/2019) |
| 12/12/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/12/2019. Evidence entered, and bench trial continued to 12/13/2019 at 09:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Dr. Justin Lenzo (continued from 12/11/19); Lisa Horton (recalled); John Sandweg. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM).) (tj) (Entered: 12/12/2019) |
| 12/13/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/13/2019. Evidence entered, and Bench Trial continued to 12/16/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Richard Hormiga (deposition); Dr. Julie Linton; Joseph Gastwirth (Deposition) (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM).) (tj) (Entered: 12/13/2019) |
| 12/15/2019 | 262 | MEMORANDUM by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Patton, Stephen) (Entered: 12/15/2019) |
| 12/16/2019 | 263 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 4 (Redacted))(Patton, Stephen) (Entered: 12/16/2019) |
| 12/16/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/16/2019. Evidence entered and Bench Trial continued to 12/17/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Lika Black; Andrew Kaskanlian. (Court Reporter: Jeff Hook (AM)/ Cathryn Jones (PM).) (tj) (Entered: 12/16/2019) |
| 12/17/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/17/2019. Evidence entered, and bench trial continued to 12/18/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Andrew Kaskanlian (continued from 12/16); Jose Munguia; Stephen Venegas; Robert Mason. (Court Reporter Jeff Hook (AM) / Cathryn Jones (PM)) (tj) (Entered: 12/17/2019) |
| 12/18/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/18/2019. Evidence entered and Bench Trial continued to 12/19/2019 at 9:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Robert Mason (continued); Linda Hyde. (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM)) (tj) (Entered: 12/18/2019) |
| 12/19/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/19/2019. Evidence entered and Bench Trial continued to 12/20/2019 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Linda Hyde (continued); Qing Pan (Expert) (Court Reporter: Jeff Hook.) (tj) (Entered: 12/19/2019) |
| 12/20/2019 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 12/20/2019. Evidence entered, and Bench Trial continued to 1/13/2020 at 09:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: |

| | | Dr. Qing Pan (continued from 12/19/19); Geoffrey Pepple, Oscar Irizarry. (Court Reporter Jeff Hook (AM)/ Cathryn Jones (PM)) (tj) (Entered: 12/20/2019) |
|---|---|---|
| 12/23/2019 | 264 | CERTIFICATE OF SERVICE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 263 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) . (Patton, Stephen) (Entered: 12/23/2019) |
| 01/02/2020 | 265 | RESPONSE re 262 Memorandum *Plaintiffs' memorandum in support of admitting Plaintiffs' Demonstratives Nos. 21A, 22A, 23A, 24A, 25A, 26A, 27A, 28A, 28B, 28C, and 68 pursuant to Federal Rule of Evidence 1006* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Parascandola, Christina) (Entered: 01/02/2020) |
| 01/06/2020 | 266 | REPLY re 265 Response to Document, filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 01/06/2020) |
| 01/09/2020 | | MINUTE ORDER admitting Plaintiffs demonstratives Nos. 21A, 22A, 25A, 26A, 27A, 28A, 28B, 28C, and 68 Pursuant to Fed. R. Evid. 1006. It is hereby ORDERED that these documents are admitted as summaries. The Government has not disputed in its briefing that the demonstratives in question qualify as accurate summaries or charts under Rule 1006, that they reflect the content of a voluminous spreadsheet produced by the Government, and that the spreadsheet is itself admissible. Neither does the government dispute that exhibits initially offered as demonstratives can be properly admitted as summaries. The Government appears to be correct in saying that these demonstratives were produced approximately two weeks after the deadline for evidentiary exhibits and that they were updated during the trial. However, to the extent that the exhibits were untimely submitted, the Court can extend that deadline for the purpose of admitting these exhibits. This is equitable because the Government also supplemented its own exhibits after the deadline, ECF No. 259 , and, more importantly, because the Government updated its production of some of the data underlying these demonstrative exhibits during the second week of trial. There is no evidence that the Government was prejudiced by any delay, as it had access to earlier, largely identical versions of the same exhibits. Although the Government argues that it may have somehow changed its cross-examination at trial depending on whether the exhibits were only demonstratives rather than substantive, nowhere does it explain how this would be so and the Court cannot surmise what such a change would entail. SO ORDERED. Signed by Judge Rudolph Contreras on 1/9/2020. (lcrc2) (Entered: 01/09/2020) |
| 01/13/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 1/13/2020. Evidence entered, and Bench Trial continued to 1/14/2020 at 9:30 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Nancy Zinello; Sean Reardon. (Court Reporter Cathryn Jones (AM) / Jeff Hook (PM)) (tj) (Entered: 01/13/2020) |
| 01/14/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed and held on 1/14/2020. Evidence entered, and bench trial continued to 1/15/2020 at 10:00 AM in Courtroom 14 before Judge Rudolph Contreras. Witnesses: Dawnisha Helland; Rebecca Jones. (Court Reporter Bill Zaremba (A.M.)/ Jeff Hook (P.M.).) (tj) (Entered: 01/14/2020) |

| | | |
|---|---|---|
| 01/15/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Bench Trial resumed on 1/15/2020. Evidence entered, and bench trial concluded. Witness: Melissa Harper. (Court Reporter: Cathryn Jones) Order to follow. (tj) (Entered: 01/15/2020) |
| 01/16/2020 | | MINUTE ORDER clarifying deadlines. It is hereby ORDERED that the following schedule shall govern the parties' post-trial submissions: Plaintiffs and Defendants shall both file proposed findings of fact and conclusions of law, along with separate briefing on remedies, on or before February 18, 2020. The parties shall respond to one another's filings on or before March, 10, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 1/16/2020. (lcrc2) (Entered: 01/16/2020) |
| 01/17/2020 | | Set/Reset Deadlines: Proposed Findings of Fact due by 2/18/2020. Responses due by 3/10/2020 (tj) (Entered: 01/17/2020) |
| 02/18/2020 | 267 | MEMORANDUM by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Appendix A-statutes, # 2 Appendix B-regulations, # 3 Appendix C-executive orders, # 4 Affidavit Declaration)(Kisor, Colin) (Entered: 02/18/2020) |
| 02/18/2020 | 268 | Proposed Findings of Fact by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Main Document 268 replaced on 2/20/2020) (ztj). (Entered: 02/18/2020) |
| 02/18/2020 | 269 | MOTION for Leave to File Excess Pages by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 270 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A - Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, # 2 Exhibit B - Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Remedies)(Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 271 | Proposed Findings of Fact by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 272 | Proposed Findings of Fact by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 02/18/2020) |
| 02/18/2020 | 273 | MEMORANDUM by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 02/18/2020) |
| 02/19/2020 | 274 | MOTION to Clarify re Order,,,,,, *re Minute Order dated January 9, 2020* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 02/19/2020) |
| 02/19/2020 | | MINUTE ORDER granting 274 Motion to Clarify. It is hereby ORDERED that Plaintiffs' demonstratives No. 23A and 24A are admitted as summaries pursuant to Rule 1006, for the same reasons given in the Court's Minute Order of January 9, 2020, which admitted Plaintiffs' other demonstratives as summaries. SO ORDERED. Signed by Judge Rudolph Contreras on 2/19/2020. (lcrc2) (Entered: 02/19/2020) |
| 02/19/2020 | | MINUTE SCHEDULING ORDER and ORDER granting 274 Motion for Leave to File Excess Pages. It is not entirely clear to the Court that the page limit requirements in LCvR 7(e) apply to proposed findings of fact and conclusions of law, because that rule only mentions a memorandum of points and authorities filed in connection with a |

| | | |
|---|---|---|
| | | motion. Nonetheless, the Motion for Leave to File Excess Pages is hereby GRANTED. It is FURTHER ORDERED that the parties' shall have forty-five days to respond to one another's proposed findings of fact and conclusions of law. The parties' responses shall be filed on or before April 3, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 2/19/2020. (lcrc2) (Entered: 02/19/2020) |
| 02/19/2020 | 275 | NOTICE *of Filing attaching demonstrative exhibits* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Lenzo Demonstrative Exhibits, # 2 Vinikoor Demonstrative Exhibits, # 3 Sandweg Demonstrative Exhibits, # 4 Linton Demonstrative Exhibits)(Goettel, Katherine) (Entered: 02/19/2020) |
| 02/20/2020 | 276 | SEALED DOCUMENT filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT(This document is SEALED and only available to authorized persons.)(Alsterberg, Cara) (Entered: 02/20/2020) |
| 02/20/2020 | 277 | Unopposed MOTION to Strike 268 Proposed Findings of Fact *and Leave to File Under Seal* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Redacted Findings of Fact and Conclusions of Law, # 2 Text of Proposed Order)(Alsterberg, Cara). Added MOTION for Leave to File on 2/20/2020 (ztth). (Entered: 02/20/2020) |
| 02/20/2020 | | MINUTE ORDER granting 277 Motion to Strike. It is further ORDERED that 268 Defendants Proposed Findings of Fact & Conclusions of Law shall be replaced with a redacted version found in [277-1]. (So Ordered Judge Rudolph Contreras on 2/20/2020). (tj) (Entered: 02/20/2020) |
| 02/24/2020 | 278 | NOTICE *Joint Notice of the Parties' Understanding of the Time in Which to Respond to One Another's Briefing Regarding Remedies* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order on Motion for Leave to File Excess Pages,, (Parascandola, Christina) (Entered: 02/24/2020) |
| 02/24/2020 | | MINUTE ORDER: The parties are correct in their understanding of the briefing schedule in this case, as reflected in 278 the Parties' Joint Notice. SO ORDERED. Signed by Judge Rudolph Contreras on 2/24/2020. (lcrc2) (Entered: 02/24/2020) |
| 03/03/2020 | | Set/Reset Deadlines: Responses due by 4/3/2020 (tj) (Entered: 03/03/2020) |
| 03/30/2020 | 279 | Unopposed MOTION for Extension of Time to File Response/Reply *findings of fact and remedies brief* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Kisor, Colin) (Entered: 03/30/2020) |
| 03/30/2020 | | MINUTE ORDER granting 279 Defendants' Unopposed Motion for a 14-Day Extension of Time. It is hereby ORDERED that both parties shall have up to and including April 17, 2020 to respond to one another's proposed findings of fact and conclusions of law concerning both liability and remedies and to one another's memoranda concerning remedies. SO ORDERED. Signed by Judge Rudolph Contreras on 3/30/2020. (lcrc2) (Entered: 03/30/2020) |
| 03/30/2020 | | Set/Reset Deadlines: Responses due by 4/17/2020. (tj) (Entered: 03/30/2020) |
| 04/09/2020 | 280 | TRANSCRIPT OF BENCH TRIAL - DAY 1 - MORNING SESSION before Judge Rudolph Contreras held on December 2, 2019. Page Numbers: 1 - 126. Date of |

Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form]

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from th e court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 281 | TRANSCRIPT OF BENCH TRIAL - DAY 1 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 2, 2019. Page Numbers: 127 - 246. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the [Transcript Order Form]

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 282 | TRANSCRIPT OF BENCH TRIAL - DAY 2 - MORNING SESSION before Judge Rudolph Contreras held on December 3, 2019. Page Numbers: 247 - 364. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the [Transcript Order Form]

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 283 | TRANSCRIPT OF BENCH TRIAL - DAY 2 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 3, 2019. Page Numbers: 365 - 498. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 284 | TRANSCRIPT OF BENCH TRIAL - DAY 3 - MORNING SESSION before Judge Rudolph Contreras held on December 4, 2019. Page Numbers: 499 - 626. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 285 | TRANSCRIPT OF BENCH TRIAL - DAY 3 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 4, 2019. Page Numbers: 627 - 712. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available

| | | |
|---|---|---|
| | | to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 286 | TRANSCRIPT OF BENCH TRIAL - DAY 4 - MORNING SESSION before Judge Rudolph Contreras held on December 5, 2019. Page Numbers: 713 - 824. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 287 | TRANSCRIPT OF BENCH TRIAL - DAY 4 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 5, 2019. Page Numbers: 825 - 954. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 288 | TRANSCRIPT OF BENCH TRIAL - DAY 5 - MORNING SESSION before Judge Rudolph Contreras held on December 6, 2019. Page Numbers: 955 - 1101. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 289 | TRANSCRIPT OF BENCH TRIAL - DAY 5 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 6, 2019. Page Numbers: 1102 - 1231. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 290 | TRANSCRIPT OF BENCH TRIAL - DAY 6 - MORNING SESSION before Judge Rudolph Contreras held on December 9, 2019. Page Numbers: 1232 - 1277. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 291 | TRANSCRIPT OF BENCH TRIAL - DAY 6 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 9, 2019. Page Numbers: 1278 - 1400. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |

2/11/26, 2:19 PM Case 1:18-cv-00508-RC Document 440 Filed 02/11/26 Page 64 of 132
District of Columbia live database
USCA Case #26-5053 Document #2158634 Filed: 02/11/2026 Page 64 of 132

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 292 | TRANSCRIPT OF BENCH TRIAL - DAY 7 - MORNING SESSION before Judge Rudolph Contreras held on December 10, 2019. Page Numbers: 1401 - 1541. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 293 | TRANSCRIPT OF BENCH TRIAL - DAY 7 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 10, 2019. Page Numbers: 1542 - 1695. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |

| 04/09/2020 | 294 | TRANSCRIPT OF BENCH TRIAL - DAY 8 - MORNING SESSION before Judge Rudolph Contreras held on December 11, 2019. Page Numbers: 1696 - 1834. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 295 | TRANSCRIPT OF BENCH TRIAL - DAY 8 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 11, 2019. Page Numbers: 1835 - 1992. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 296 | TRANSCRIPT OF BENCH TRIAL - DAY 9 - MORNING SESSION before Judge Rudolph Contreras held on December 12, 2019. Page Numbers: 1993 - 2123. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440   Filed 02/11/26    Page 66 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 66 of 132

the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 297 | TRANSCRIPT OF BENCH TRIAL - DAY 9 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 12, 2019. Page Numbers: 2124 - 2289. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 298 | TRANSCRIPT OF BENCH TRIAL - DAY 10 - MORNING SESSION before Judge Rudolph Contreras held on December 13, 2019. Page Numbers: 2290 - 2442. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 299 | TRANSCRIPT OF BENCH TRIAL - DAY 10 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 13, 2019. Page Numbers: 2443 - 2473. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| | | |
|---|---|---|
| 04/09/2020 | 300 | TRANSCRIPT OF BENCH TRIAL - DAY 11 - MORNING SESSION before Judge Rudolph Contreras held on December 16, 2019. Page Numbers: 2474 - 2577. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 301 | TRANSCRIPT OF BENCH TRIAL - DAY 11 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 16, 2019. Page Numbers: 2578 - 2733. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 302 | TRANSCRIPT OF BENCH TRIAL - DAY 12 - MORNING SESSION before Judge Rudolph Contreras held on December 17, 2019. Page Numbers: 2734 - 2854. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased f rom the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 303 | TRANSCRIPT OF BENCH TRIAL - DAY 12 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 17, 2019. Page Numbers: 2855 - 3006. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 304 | TRANSCRIPT OF BENCH TRIAL - DAY 13 - MORNING SESSION before Judge Rudolph Contreras held on December 18, 2019. Page Numbers: 3007 - 3127. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |

| 04/09/2020 | 305 | TRANSCRIPT OF BENCH TRIAL - DAY 13 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 18, 2019. Page Numbers: 3128 - 3278. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 306 | TRANSCRIPT OF BENCH TRIAL - DAY 14 - MORNING & AFTERNOON SESSIONS before Judge Rudolph Contreras held on December 19, 2019. Page Numbers: 3279 - 3554. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 307 | TRANSCRIPT OF BENCH TRIAL - DAY 15 - MORNING SESSION before Judge Rudolph Contreras held on December 20, 2019. Page Numbers: 3555 - 3661. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes |

| | | |
|---|---|---|
| | | the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 308 | TRANSCRIPT OF BENCH TRIAL - DAY 15 - AFTERNOON SESSION before Judge Rudolph Contreras held on December 20, 2019. Page Numbers: 3662 - 3766. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 309 | TRANSCRIPT OF BENCH TRIAL - DAY 16 - MORNING SESSION before Judge Rudolph Contreras held on January 13, 2020. Page Numbers: 3767 - 3890. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 310 | TRANSCRIPT OF BENCH TRIAL - DAY 16 - AFTERNOON SESSION before Judge Rudolph Contreras held on January 13, 2020. Page Numbers: 3891 - 3994. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020)

| 04/09/2020 | 311 | TRANSCRIPT OF BENCH TRIAL - DAY 17 - MORNING SESSION before Judge Rudolph Contreras held on January 14, 2020. Page Numbers: 3995 - 4158. Date of Issuance: April 9, 2020. Court Reporter: William Zaremba. Telephone number: 202-354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purch ased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| --- | --- | --- |
| 04/09/2020 | 312 | TRANSCRIPT OF BENCH TRIAL - DAY 17 - AFTERNOON SESSION before Judge Rudolph Contreras held on January 14, 2020. Page Numbers: 4159 - 4301. Date of Issuance: April 9, 2020. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/09/2020 | 313 | TRANSCRIPT OF BENCH TRIAL - DAY 18 - MORNING SESSION before Judge Rudolph Contreras held on January 15, 2020. Page Numbers: 4302 - 4404. Date of Issuance: April 9, 2020. Court Reporter: Cathryn Jones. Telephone number: 202-354-3246. Transcripts may be ordered by submitting the Transcript Order Form |

2/11/26, 2:19 PM          Case 1:18-cv-00508-RC          Document 440          Filed 02/11/26          Page 72 of 132
District of Columbia live database
USCA Case #26-5053          Document #2158634          Filed: 02/11/2026          Page 72 of 132

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/30/2020. Redacted Transcript Deadline set for 5/10/2020. Release of Transcript Restriction set for 7/8/2020.(Hook, Jeff) (Entered: 04/09/2020) |
| 04/15/2020 | 314 | MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, ECF No. 271, and Remedies, ECF No. 272, and to Plaintiffs' Memorandum Concerning Remedies, ECF No. 273* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Text of Proposed Order)(Parascandola, Christina) (Entered: 04/15/2020) |
| 04/17/2020 | 315 | RESPONSE re 314 MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, ECF No. 271, and Remedies, ECF No. 272, and to Plaintiffs' Memorandum Concerning Remedies, ECF No.* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | 316 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Plaintiffs' Response to Defendants' Findings of Fact and Conclusions of Law)(Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | 317 | RESPONSE re 268 Proposed Findings of Fact *and Conclusions of Law* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Appendix A)(Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | 318 | RESPONSE re 267 Memorandum, *regarding Proposed Remedies* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 04/17/2020) |
| 04/17/2020 | 319 | REPLY re 273 Memorandum *Regarding Proposed Remedies* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/17/2020) |
| 04/17/2020 | 320 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Statement of Facts regarding Defendants' Responses to Plaintiffs' Proposed Findings of Fact Concerning Liability, # 2 Statement of Facts regarding Defendants' Responses to Plaintiffs' Proposed Findings of Fact Concerning Remedies)(Alsterberg, Cara) (Entered: 04/17/2020) |

| | | |
|---|---|---|
| 04/18/2020 | 321 | RESPONSE re 271 Proposed Findings of Fact *Concerning Liability* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/18/2020) |
| 04/18/2020 | 322 | RESPONSE re 272 Proposed Findings of Fact *Concerning Remedy* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 04/18/2020) |
| 04/18/2020 | | VACATED AS PER MINUTE ORDER DATED 4/21/2020.........MINUTE ORDER denying as moot 314 Motion for Extension of Time to File Response/Reply. The Government's Response having been filed yesterday evening, the Motion is DENIED AS MOOT. SO ORDERED. Signed by Judge Rudolph Contreras on 4/18/2020. (lcrc2) (Entered: 04/18/2020) |
| 04/20/2020 | 323 | SUPPLEMENT re 271 and 272 Proposed Findings of Fact by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) Modified event title and links on 4/21/2020 (znmw). (Entered: 04/20/2020) |
| 04/21/2020 | | MINUTE ORDER: VACATING Minute Order issued on 4/18/2020, and granting in part and denying as moot in part 314 Motion for Extension of Time to File Response/Reply. The Court's Minute order denying the Motion for Extension of Time as moot in its entirety is hereby VACATED. The Motion for Extension of Time is GRANTED IN PART with respect to Defendants Responses to Sections II.C and II.D. of 271 Plaintiffs' Proposed Findings of Fact and Conclusions of Law Concerning Liability, and Defendants' 323 Addendum to Defendants' Responses is deemed timely filed on April 20, 2020 because Plaintiffs did not oppose a limited extension of time to that date. In all other respects the Motion for Extension of Time is denied as moot. SO ORDERED. Signed by Judge Rudolph Contreras on 4/21/2020. (lcrc2) (Entered: 04/21/2020) |
| 04/23/2020 | 324 | NOTICE *OF CORRECTION TO PLAINTIFFS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING LIABILITY* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 271 Proposed Findings of Fact (Patton, Stephen) (Entered: 04/23/2020) |
| 04/30/2020 | 325 | Consent MOTION for Extension of Time re transcript 291 , 281 , 307 , 305 , 313 , 292 , 287 , 308 , 290 , 285 , 299 , 312 , 310 , 283 , 304 , 300 , 302 , 311 , 298 , 303 , 301 , 296 , 289 , 282 , 295 , 297 , 309 , 284 , 286 , 280 , 288 , 294 , 293 , 306 by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 04/30/2020) |
| 04/30/2020 | | MINUTE ORDER granting 325 Motion for Extension of Time. It is hereby ORDERED that the parties shall have up to and including May 7, 2020 to file Trial Transcript Redaction Requests. SO ORDERED. Signed by Judge Rudolph Contreras on 4/30/2020. (lcrc2) (Entered: 04/30/2020) |
| 05/01/2020 | | Set/Reset Deadlines: Trial transcript requests due by 5/7/2020. (tj) (Entered: 05/01/2020) |
| 05/07/2020 | 326 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Trout Perez, Tia) (Entered: 05/07/2020) |

| 05/07/2020 | 327 | MOTION to Redact re: Transcript 291 , 308 , 290 , 285 , 310 , 302 , 301 , 289 , 295 , 286 , 294 , 306 by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Attachments: # 1 Text of Proposed Order)(Trout Perez, Tia) (Entered: 05/07/2020) |
|---|---|---|
| 05/07/2020 | 328 | Transcript Redaction Request re Transcript 291 , 303 , 301 , 296 , 289 , 281 , 307 , 305 , 295 , 292 , 287 , 308 , 309 , 284 , 286 , 290 , 288 , 285 , 312 , 310 , 294 , 293 , 304 , 300 , 302 , 298 , 306 by attorney Tia T. Trout Perez. (Trout Perez, Tia) (Entered: 05/07/2020) |
| 05/08/2020 | | MINUTE ORDER granting 326 Sealed Motion for Leave to File Document Under Seal. Upon consideration of Plaintiffs' Motion it is hereby ORDERED that Plaintiffs may file their document under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 5/8/2020. (lcrc2) (Entered: 05/08/2020) |
| 05/08/2020 | | MINUTE ORDER granting 327 Motion to Redact Transcripts. It is hereby ORDERED that the items identified in Plaintiffs' motion shall be redacted. The Court directs that the court reporters shall refile the unredacted transcripts associated with the motion to redact under seal and are further directed to make the necessary redactions pursuant to Plaintiffs' motions and to file the redacted transcripts on the docket. SO ORDERED. Signed by Judge Rudolph Contreras on 5/8/2020. (lcrc2) (Entered: 05/08/2020) |
| 05/08/2020 | 329 | SEALED MOTION filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (This document is SEALED and only available to authorized persons.) (ztth) (Entered: 06/18/2020) |
| 06/22/2020 | | MINUTE ORDER granting 329 Plaintiffs' Sealed Motion to Redact Trial Transcripts. It is hereby ORDERED that the items identified in Plaintiffs' motion shall be redacted. The Court directs that the court reporters shall make the necessary redactions pursuant to Plaintiffs' Motion and shall refile the redacted transcripts on the docket. SO ORDERED. Signed by Judge Rudolph Contreras on 6/22/2020. (lcrc2) (Entered: 06/22/2020) |
| 06/22/2020 | 330 | NOTICE OF SUPPLEMENTAL AUTHORITY by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit Exhibit A - Rodas Godinez v. ICE, No. 2:20-cv-466 KWR/SMV, 2020 WL 3402059 (D.N.M. June 19, 2020))(Parascandola, Christina) (Entered: 06/22/2020) |
| 06/22/2020 | | MINUTE ORDER. It is hereby ORDERED that the items identified in 328 Plaintiffs' Transcript Redaction Request shall be redacted. The Court directs that the court reporters shall make the necessary redactions pursuant to Plaintiffs' Motion and shall refile the redacted transcripts on the docket. SO ORDERED. Signed by Judge Rudolph Contreras on 6/22/2020. (lcrc2) (Entered: 06/22/2020) |
| 06/26/2020 | 331 | RESPONSE re 330 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 06/26/2020) |
| 06/30/2020 | 332 | RESPONSE re 330 NOTICE OF SUPPLEMENTAL AUTHORITY, *to Plaintiffs' Response to Defendants' Notice of Supplemental Authority* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 06/30/2020) |
| 07/02/2020 | 333 | FINDINGS OF FACT AND CONCLUSIONS OF LAW concerning liability. See document for details. Signed by Judge Rudolph Contreras on 7/2/2020. (lcrc2) (Entered: 07/02/2020) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 75 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 75 of 132

| | | |
|---|---|---|
| 07/06/2020 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear before the Court by videoconference for a hearing concerning remedies on July 21, 2020 at 2:00 p.m. Instructions regarding the videoconference will follow via email. SO ORDERED. Signed by Judge Rudolph Contreras on 7/6/2020. (lcrc2) (Entered: 07/06/2020) |
| 07/08/2020 | | Set/Reset Hearings: Telephone Conference set for 7/21/2020 at 02:00 PM in Telephonic/VTC before Judge Rudolph Contreras. (tj) (Entered: 07/08/2020) |
| 07/17/2020 | | MINUTE ORDER granting 263 Sealed Motion for Leave to File Document Under Seal. It is hereby ORDERED that ECF No. 262-4 shall remain under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 7/17/2020. (lcrc2) (Entered: 07/17/2020) |
| 07/21/2020 | | MINUTE ORDER: It is hereby ORDERED that on or before August 4, 2020 the parties shall meet and confer and jointly submit to the Court a proposed method by which the selection and appointment of a Monitor would proceed, should the Court order that one will be appointed. It is FURTHER ORDERED that on or before August 20, 2020, Defendants shall file with the Court and share with Plaintiffs a proposed broadcast message to be distributed from ICE Enforcement & Removal Operations to all ICE field offices instructing field officers that the Risk Classification Assessment tool never recommends release, that it should not be run as part of an age-out custody determination, and that its recommendations should only be considered in custody level determinations not decisions concerning whether to detain or release. It is FURTHER ORDERED that on or before September 21, 2020, Defendants shall file with the Court and share with Plaintiffs (a) proposed revisions to the Age-Out Review Worksheet; (b) proposed new and revised training materials for ICE field officers concerning age-out custody determinations; and (c) a list of materials and/or reports that Defendants would propose the Government would make available to Plaintiffs' counsel and to any Monitor that the Court might appoint. SO ORDERED. Signed by Judge Rudolph Contreras on 7/21/2020. (lcrc2) (Entered: 07/21/2020) |
| 07/21/2020 | | Minute Entr for proceedings held before Judge Rudolph Contreras: Video Conference held on 7/21/2020. Parties inform the court of the status of this action, and order to be issued by the court. (Court Reporter: Sara Wick.) (tj) (Entered: 07/21/2020) |
| 07/21/2020 | | Set/Reset Deadlines: Meet & Confer Statement due by 8/4/2020. proposed broadcast message due by 8/20/2020. (tj) (Entered: 07/21/2020) |
| 08/04/2020 | 334 | Joint STATUS REPORT *regarding selection of a monitor* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Goettel, Katherine) (Entered: 08/04/2020) |
| 08/14/2020 | 335 | NOTICE *of Proposed Broadcast Message and Acknowledgement Form* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order,,,,, (Attachments: # 1 Attachment 1, Draft Broadcast Message, # 2 Attachment 2, Draft Acknowledgement Form)(Alsterberg, Cara) (Entered: 08/14/2020) |
| 08/17/2020 | | MINUTE ORDER: It is hereby ORDERED that the draft broadcast message attached to 335 Defendants Notice of Proposed Broadcast Message is hereby APPROVED. It is FURTHER ORDERED that Defendants shall distribute the broadcast message from ICE ERO to all ICE field offices on or before August 21, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 8/17/2020. (lcrc2) (Entered: 08/17/2020) |
| 08/18/2020 | | Set/Reset Deadlines: Distribution of Broadcast message due by 8/21/2020. (tj) (Entered: 08/18/2020) |

| 08/21/2020 | 336 | NOTICE *of Compliance* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re Order, (Alsterberg, Cara) (Entered: 08/21/2020) |
|---|---|---|
| 09/04/2020 | 337 | MOTION to issue interim guidance by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Exhibit 1, Draft Interim Guidance, # 2 Text of Proposed Order)(Alsterberg, Cara) (Entered: 09/04/2020) |
| 09/15/2020 | 338 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit I, # 7 Exhibit J, # 8 Exhibit K, # 9 Text of Proposed Order)(Patton, Stephen) (Entered: 09/15/2020) |
| 09/15/2020 | 339 | Memorandum in opposition to re 337 MOTION to issue interim guidance *and in support of plaintiffs' proposed interim guidance* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Patton, Stephen) (Entered: 09/15/2020) |
| 09/21/2020 | 340 | COMPLIANCE MEMORANDUM re Order, by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit 1, Updated Age-Out PowerPoint, # 2 Exhibit 2, Revised AORW, # 3 Exhibit 3, ATD and Bond Basics for FOJCs, # 4 Exhibit 4, Custody Determination Chart, # 5 Text of Proposed Order) (Alsterberg, Cara) (Entered: 09/21/2020) |
| 09/22/2020 | 341 | RESPONSE re 340 *and Correction to Defendants' "Compliance Memorandum"* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) Modified to add link on 9/24/2020 (znmw). (Entered: 09/22/2020) |
| 09/22/2020 | 342 | REPLY to opposition to motion re 337 MOTION to issue interim guidance filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit 1, August 19, 2020 E-mail Correspondence, # 2 Exhibit 2, September 11, 2020 E-mail Correspondence)(Alsterberg, Cara) (Entered: 09/22/2020) |
| 09/30/2020 | | MINUTE ORDER: Upon consideration of 340 Defendants' Compliance Memorandum and 341 Plaintiffs' response thereto, the parties shall abide by the following schedule: Plaintiffs shall have until October 21, 2020, to review and propose revisions to Defendants' draft, updated training materials, and Age-Out Review Worksheet; The parties shall meet and confer for a period of 15 business days concerning plaintiffs' proposed revisions in an attempt to, if possible, reach agreement (the parties may jointly request an extension of this three week period); If the parties are unable to reach agreement in whole or in part after the above-referenced consultation period (or extended consultation period), no later than two weeks after such expiration date, defendants shall submit their brief supporting their position on the disputed issues and plaintiffs shall submit their response one week thereafter. The Court will hold a videoconference hearing as soon thereafter as practical. SO ORDERED. Signed by Judge Rudolph Contreras on 9/30/2020. (lcrc2) (Entered: 09/30/2020) |
| 10/21/2020 | 343 | NOTICE *OF COMPLIANCE* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: 10/21/2020) |
| 11/12/2020 | 344 | Joint MOTION for Extension of Time to *Meet and Confer* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (Patton, Stephen) (Entered: |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 77 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 77 of 132
11/12/2020)

| | | |
|---|---|---|
| 11/12/2020 | | MINUTE ORDER: granting 344 Joint Motion for Extension of Time to Meet and Confer. It is hereby ORDERED that the parties shall have up to and including November 19, 2020 to meet and confer concerning Plaintiffs' proposed revisions to Defendants' drafting training materials and Age-Out Worksheet. It is FURTHER ORDERED Defendants shall submit their statement of position on any unresolved issues on or before December 3, 2020, and Plaintiffs shall submit their statement of position on any unresolved issues on or before December 10, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 11/12/2020. (lcrc2) (Entered: 11/12/2020) |
| 11/12/2020 | | Set/Reset Deadlines: Meet & Confer Statement due by 11/19/2020. Statement due by 12/3/2020. (tj) (Entered: 11/12/2020) |
| 11/19/2020 | 345 | Joint STATUS REPORT *CONCERNING THE RESULTS OF THE PARTIES EFFORTS TO AGREE UPON REVISED TRAINING MATERIALS AND AN AGE OUT REVIEW WORKSHEET* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Patton, Stephen) (Entered: 11/19/2020) |
| 11/23/2020 | 346 | NOTICE *of Correction to Exhibit A* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re 345 Status Report, (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 11/23/2020) |
| 12/03/2020 | 347 | RESPONSE TO ORDER OF THE COURT re Order on Motion for Extension of Time to,, *Defendants' statement of position on any unresolved issues* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Alsterberg, Cara) (Entered: 12/03/2020) |
| 12/08/2020 | 348 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Patrick T. Haney terminated. (Haney, Patrick) (Entered: 12/08/2020) |
| 12/08/2020 | 349 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Barack Echols terminated. (Echols, Barack) (Entered: 12/08/2020) |
| 12/08/2020 | 350 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Jonathan Fombonne terminated. (Fombonne, Jonathan) (Entered: 12/08/2020) |
| 12/10/2020 | 351 | RESPONSE re 347 Response to Order of the Court, *Plaintiffs' Submission Concerning Unresolved Issues with Respect to ICE's "Age-Out Review Worksheet"* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Patton, Stephen) (Entered: 12/10/2020) |
| 12/11/2020 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear before the Court by telephone for a status conference on December 16, 2020 at 11:00 am. SO ORDERED. Signed by Judge Rudolph Contreras on 12/11/2020. (lcrc2) (Entered: 12/11/2020) |
| 12/16/2020 | 352 | ORDER REFERRING CASE to Magistrate Judge Harvey for mediation. See document for details. Signed by Judge Rudolph Contreras on 12/16/2020. (lcrc2) (Entered: 12/16/2020) |
| 12/16/2020 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Telephonic Status Conference held on 12/16/2020. For the reasons stated on the record, the parties shall |

| | | |
|---|---|---|
| | | meet and confer. Case to be referred to Magistrate Judge G. Michael Harvey for mediation. (Court Reporter: Elizabeth Saint Loth.) (kt) (Entered: 12/16/2020) |
| 12/16/2020 | | CASE DIRECTLY REFERRED to Magistrate Judge G. Michael Harvey for mediation. (zsb) (Entered: 12/16/2020) |
| 12/16/2020 | 353 | MEDIATION STANDING ORDER. See Order for details. Settlement Conference set for 2/2/2021 at 10:00 AM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Signed by Magistrate Judge G. Michael Harvey on 12/16/20. (MFB) (Entered: 12/16/2020) |
| 12/22/2020 | 354 | TRANSCRIPT OF PROCEEDINGS, before Judge Rudolph Contreras, held on 12-16-2020. Page Numbers: 1 - 14. Date of Issuance: 12-22-2020. Court Reporter: Elizabeth SaintLoth, Telephone number: 202-354-3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above . After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/12/2021. Redacted Transcript Deadline set for 1/22/2021. Release of Transcript Restriction set for 3/22/2021.(Saint-Loth, Elizabeth) (Entered: 12/22/2020) |
| 01/22/2021 | 355 | Joint STATUS REPORT *AND REQUEST FOR RULINGS ON UNRESOLVED ISSUES* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 01/22/2021) |
| 01/22/2021 | 357 | MOTION for Order by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (See Docket Entry 355 to view document) (ztth) (Entered: 01/28/2021) |
| 01/27/2021 | 356 | NOTICE of Appearance- Pro Bono by Mark Fleming on behalf of All Plaintiffs (Fleming, Mark) (Entered: 01/27/2021) |
| 02/02/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Settlement Conference held on 2/2/2021. (MFB) (Entered: 02/03/2021) |
| 02/10/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Plaintiffs held on 2/10/2021. (MFB) (Entered: 02/10/2021) |
| 02/10/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Defendants held on 2/10/2021. (MFB) (Entered: 02/10/2021) |
| 02/22/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Defendants held on 2/22/2021. (MFB) (Entered: 02/22/2021) |

| | | |
|---|---|---|
| 03/02/2021 | 358 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Britney Ann Lewis terminated. (Lewis, Britney) (Entered: 03/02/2021) |
| 03/11/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference with Defendants held on 3/11/2021. (MFB) (Entered: 03/11/2021) |
| 03/19/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 3/19/2021. (MFB) (Entered: 03/20/2021) |
| 03/31/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Settlement Conference held on 3/31/2021. (MFB) (Entered: 03/31/2021) |
| 04/14/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 4/14/2021. (MFB) (Entered: 04/16/2021) |
| 04/28/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Settlement Conference held on 4/28/2021. (MFB) (Entered: 04/28/2021) |
| 04/29/2021 | | Set/Reset Hearings: Settlement Conference set for 5/6/2021 at 10:00 AM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. (MFB) (Entered: 04/29/2021) |
| 05/27/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 5/27/2021. (MFB) (Entered: 05/27/2021) |
| 06/01/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Telephone Conference held on 6/1/2021. (MFB) (Entered: 06/02/2021) |
| 06/11/2021 | 359 | MOTION for Entry of Final Judgment *and Permanent Injunction* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Text of Proposed Order)(Patton, Stephen). Added MOTION for Permanent Injunction on 6/14/2021 (znmw). (Entered: 06/11/2021) |
| 06/11/2021 | 360 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1) (Patton, Stephen) (Entered: 06/11/2021) |
| 06/23/2021 | 361 | Unopposed MOTION for Extension of Time to File Response/Reply as to 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Alsterberg, Cara) (Entered: 06/23/2021) |
| 06/23/2021 | | MINUTE ORDER: granting 361 Defendants' Unopposed Motion for Extension of Time to File Response to 359 Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction. It is hereby ORDERED that Defendants' Response is due on or before July 2, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 6/23/2021. (lcrc2) (Entered: 06/23/2021) |
| 06/23/2021 | | Set/Reset Deadlines: Responses due by 7/2/2021. (tj) (Entered: 06/23/2021) |
| 07/01/2021 | 362 | Memorandum in opposition to re 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit A, |

2/11/26, 2:19 PM     Case 1:18-cv-00508-RC     Document 440     Filed 02/11/26     Page 80 of 132
District of Columbia live database
USCA Case #26-5053     Document #2158634     Filed: 02/11/2026     Page 80 of 132

| | | |
|---|---|---|
| | | Defendants' Proposed Final Judgment and Remand, # 2 Exhibit B, Fiscal Year Age-Out Data)(Alsterberg, Cara) (Entered: 07/01/2021) |
| 07/08/2021 | 363 | Unopposed MOTION for Extension of Time to File Response/Reply as to 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 07/08/2021) |
| 07/08/2021 | | MINUTE ORDER: granting 363 Plaintiffs' Motion for Extension of Time to File Reply Brief. It is hereby ORDERED that Plaintiffs shall file their Reply in Support of Motion for Entry of Final Judgment and Permanent Injunction on or before July 15, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 7/8/2021. (lcrc2) (Entered: 07/08/2021) |
| 07/09/2021 | 364 | TRANSCRIPT OF PROCEEDINGS before Judge Rudolph Contreras, held on 07/21/2020. Page Numbers: 1-18. Date of Issuance: 07/09/2021. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the **Transcript Order Form**<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 9 0 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2021. Redacted Transcript Deadline set for 8/9/2021. Release of Transcript Restriction set for 10/7/2021.(Wick, Sara) (Entered: 07/09/2021) |
| 07/15/2021 | 365 | REPLY to opposition to motion re 359 MOTION for Entry of Final Judgment *and Permanent Injunction* MOTION for Permanent Injunction filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A)(Patton, Stephen) (Entered: 07/15/2021) |
| 08/24/2021 | 366 | Unopposed MOTION for Leave to File *Supplement to Defendants' Response in Opposition to Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction*, Unopposed MOTION to Amend/Correct 362 Memorandum in Opposition, *as to the number of Age-Out custody determinations in May 2021, in Exhibit B [362-2]* by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Parascandola, Christina) (Entered: 08/24/2021) |
| 08/24/2021 | | MINUTE ORDER: granting 366 Defendants' Unopposed Motion for Leave to File Supplement and Motion to Amend/Correct Opposition. It is hereby ORDERED that Defendants' Supplemental Response to their Opposition to Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction (ECF Nos. 366-1 & 366-2) shall be DEEMED FILED. SO ORDERED. Signed by Judge Rudolph Contreras on 8/24/2021. (lcrc2) (Entered: 08/24/2021) |
| 09/21/2021 | 367 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 359 Plaintiffs' Motion for Entry of Final Judgment and Permanent Injunction, and Denying |

| | | |
|---|---|---|
| | | as Moot [357] Defendants' Motion to Issue Interim Guidance. See document for details. Signed by Judge Rudolph Contreras on 09/21/2021. (lcrc2) (Entered: 09/21/2021) |
| 09/21/2021 | [368] | FINAL JUDGMENT AND PERMANENT INJUNCTION. See document for details. Signed by Judge Rudolph Contreras on 09/21/2021. (lcrc2) (Entered: 09/21/2021) |
| 10/06/2021 | [369] | MOTION for Extension of Time to *File a Bill of Costs* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Patton, Stephen) (Entered: 10/06/2021) |
| 10/06/2021 | | MINUTE ORDER granting [369] Plaintiffs' Agreed Motion for Extension of Time: It is hereby ORDERED that Plaintiffs' bill of costs is due on or before October 21, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 10/06/2021. (lcrc2) (Entered: 10/06/2021) |
| 10/07/2021 | | Set/Reset Deadlines: Plaintiff's bill of cost due on or before 10/21/2021. (zgdf) (Entered: 10/07/2021) |
| 10/18/2021 | [370] | MOTION to Alter Judgment as to [368] Permanent Injunction by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 10/18/2021) |
| 10/21/2021 | [371] | BILL OF COSTS by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Objection to Bill of Costs due by 11/7/2021. (Attachments: # [1] Appendix, # [2] Declaration of S. Patton, # [3] Declaration of M. Fleming)(Patton, Stephen) (Entered: 10/21/2021) |
| 10/21/2021 | [372] | ERRATA by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re [371] Bill of Costs filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # [1] Declaration of S. Patton, # [2] Declaration of M. Fleming) (Patton, Stephen) (Entered: 10/21/2021) |
| 10/27/2021 | [373] | RESPONSE re [370] MOTION to Alter Judgment as to [368] Permanent Injunction filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # [1] Exhibit A, # [2] Exhibit B, # [3] Exhibit C)(Patton, Stephen) (Entered: 10/27/2021) |
| 11/01/2021 | [374] | NOTICE by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Kisor, Colin) (Entered: 11/01/2021) |
| 11/03/2021 | [375] | REPLY to opposition to motion re [370] MOTION to Alter Judgment as to [368] Permanent Injunction filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Parascandola, Christina) (Entered: 11/03/2021) |
| 11/04/2021 | [376] | RESPONSE re [371] Bill of Costs filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # [1] Text of Proposed Order) (Alsterberg, Cara) (Entered: 11/04/2021) |
| 11/10/2021 | [377] | NOTICE *OF PARTIES' AGREEMENT WITH RESPECT TO DEFENDANTS' PAYMENT OF COSTS* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO re [371] Bill of Costs, [376] Response to Document (Patton, Stephen) (Entered: 11/10/2021) |
| 11/10/2021 | [378] | ORDER Amending Final Judgment. See document for details. Signed by Judge Rudolph Contreras on 11/10/2021. (lcrc2) (Entered: 11/10/2021) |

2/11/26, 2:19 PM    Case 1:18-cv-00508-RC    Document 440    Filed 02/11/26    Page 82 of 132
District of Columbia live database
USCA Case #26-5053    Document #2158634    Filed: 02/11/2026    Page 82 of 132

| 11/11/2021 | 379 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. Attorney Paul L. Quincy terminated. (Quincy, Paul) (Entered: 11/11/2021) |
|---|---|---|
| 11/19/2021 | 380 | NOTICE of Compliance by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 368 Permanent Injunction (Attachments: # 1 Declaration)(Parascandola, Christina) (Entered: 11/19/2021) |
| 11/22/2021 | | MINUTE ORDER: In light of the parties' 377 Notice of Agreement with Respect to Defendant's Payment of Costs, it is hereby ORDERED that Plaintiffs shall submit an amended Bill of Costs reflecting that agreement on or before December 3, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 11/22/2021. (lcrc2) (Entered: 11/22/2021) |
| 12/03/2021 | 381 | BILL OF COSTS by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Appendix, # 2 Declaration of Steve Patton, # 3 Declaration of Mark Fleming)(Patton, Stephen) (Entered: 12/03/2021) |
| 12/07/2021 | 382 | BILL OF COSTS AS TAXED by the Clerk in favor of Plaintiffs Wilmer Garcia Ramirez and Sulma Hernandez Alfaro in the amount of $60,166.79 against Defendants. (ztth) (Entered: 12/07/2021) |
| 01/07/2022 | 383 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 367 Order on Motion for Miscellaneous Relief,, Order on Motion for Entry of Final Judgment,, Order on Motion for Permanent Injunction, 368 Permanent Injunction, 378 Order on Motion to Alter Judgment by KIRSTJEN M. NIELSEN, THOMAS HOMAN, DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. Fee Status: No Fee Paid. Parties have been notified. (Alsterberg, Cara) (Entered: 01/07/2022) |
| 01/07/2022 | 384 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 383 Notice of Appeal to DC Circuit Court. (ztth) (Entered: 01/07/2022) |
| 01/11/2022 | | USCA Case Number 22-5002 for 383 Notice of Appeal to DC Circuit Court, filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (ztth) (Entered: 01/13/2022) |
| 04/04/2022 | 385 | REDACTED TRANSCRIPT re: Transcript 284 before Judge Rudolph Contreras of proceedings held on December 4, 2019, Page Numbers: 499 - 645. Date of Issuance:April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 386 | REDACTED TRANSCRIPT re: Transcript 286 before Judge Rudolph Contreras of proceedings held on December 5, 2019, Page Numbers: 713 - 841. Date of Issuance:April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 387 | REDACTED TRANSCRIPT re: Transcript 288 before Judge Rudolph Contreras of proceedings held on December 6, 2019, Page Numbers: 955 - 1127. Date of Issuance:April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. |

| | | Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
|---|---|---|
| 04/04/2022 | 388 | REDACTED TRANSCRIPT re: Transcript 290 before Judge Rudolph Contreras of proceedings held on December 9, 2019, Page Numbers: 1232 - 1285. Date of Issuance:April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 389 | REDACTED TRANSCRIPT re: Transcript 292 before Judge Rudolph Contreras of proceedings held on December 10, 2019, Page Numbers: 1401 - 1567. Date of Issuance:April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 390 | REDACTED TRANSCRIPT re: Transcript 295 before Judge Rudolph Contreras of proceedings held on December 11, 2019, Page Numbers: 1835 - 2023. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 391 | REDACTED TRANSCRIPT re: Transcript 296 before Judge Rudolph Contreras of proceedings held on December 12, 2019, Page Numbers: 1993 - 2123. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 392 | REDACTED TRANSCRIPT re: Transcript 298 before Judge Rudolph Contreras of proceedings held on December 13, 2019, Page Numbers: 2290 - 2442. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 393 | REDACTED TRANSCRIPT re: Transcript 300 before Judge Rudolph Contreras of proceedings held on December 16, 2019, Page Numbers: 2474 - 2577. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 394 | REDACTED TRANSCRIPT re: Transcript 302 before Judge Rudolph Contreras of proceedings held on December 17, 2019, Page Numbers: 2734 - 2854. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 395 | REDACTED TRANSCRIPT re: Transcript 304 before Judge Rudolph Contreras of proceedings held on December 18, 2019, Page Numbers: 3007 - 3127. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript |

| | | formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
|---|---|---|
| 04/04/2022 | 396 | REDACTED TRANSCRIPT re: Transcript 306 before Judge Rudolph Contreras of proceedings held on December 19, 2019, Page Numbers: 3279 - 3554. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 397 | REDACTED TRANSCRIPT re: Transcript 307 before Judge Rudolph Contreras of proceedings held on December 20, 2019, Page Numbers: 3555 - 3661. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 398 | REDACTED TRANSCRIPT re: Transcript 310 before Judge Rudolph Contreras of proceedings held on January 13, 2020, Page Numbers: 3891 - 3994. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/04/2022 | 399 | REDACTED TRANSCRIPT re: Transcript 312 before Judge Rudolph Contreras of proceedings held on January 14, 2020, Page Numbers: 4159 - 4301. Date of Issuance: April 4, 2022. Court Reporter: Jeff Hook. Telephone number 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form Other transcript formats are also available (multi-page, condensed,CD or ASCII)(Hook, Jeff) (Entered: 04/04/2022) |
| 04/07/2022 | 400 | NOTICE of Virtual FOJC Annual Training for Fiscal Year 2022 by DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 368 Permanent Injunction (Alsterberg, Cara) (Entered: 04/07/2022) |
| 08/23/2022 | 401 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. Attorney Colin Abbott Kisor terminated. (Kisor, Colin) (Entered: 08/23/2022) |
| 09/01/2022 | 402 | Joint MOTION for Settlement by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO. (Attachments: # 1 Exhibit A - Settlement Agreement, # 2 Text of Proposed Order)(Patton, Stephen) (Entered: 09/01/2022) |
| 09/07/2022 | 403 | ORDER granting the parties' 402 Joint Motion for Approval of Proposed Class Action Settlement. See document for details. Signed by Judge Rudolph Contreras on 9/7/2022. (lcrc2) (Entered: 09/07/2022) |
| 09/13/2022 | 404 | MANDATE of USCA as to 383 Notice of Appeal to DC Circuit Court, filed by KIRSTJEN M. NIELSEN, DEPARTMENT OF HOMELAND SECURITY, THOMAS HOMAN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT; USCA Case Number 22-5002. (Attachment: # 1 USCA Order 9/13/2022) (ztth) (Entered: 09/16/2022) |
| 06/05/2025 | 405 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DEPARTMENT OF HOMELAND SECURITY, THOMAS D. HOMAN, KIRSTJEN M. NIELSEN, U.S. |

2/11/26, 2:19 PM

| | | IMMIGRATION AND CUSTOM ENFORCEMENT. Attorney Kevin Charles Hirst terminated. (Hirst, Kevin) (Entered: 06/05/2025) |
|---|---|---|
| 08/11/2025 | 406 | NOTICE of Appearance by Marie Feyche on behalf of All Defendants (Feyche, Marie) (Entered: 08/11/2025) |
| 08/11/2025 | 407 | NOTICE *of Virtual FOJC Annual Training* by DEPARTMENT OF HOMELAND SECURITY, THOMAS D. HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (Attachments: # 1 Declaration)(Feyche, Marie) (Entered: 08/11/2025) |
| 08/14/2025 | 408 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DEPARTMENT OF HOMELAND SECURITY, THOMAS D. HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. Attorney Marie Feyche terminated. (Feyche, Marie) (Entered: 08/14/2025) |
| 10/03/2025 | 409 | NOTICE of Appearance by Emma Curtis Winger on behalf of All Plaintiffs (Winger, Emma) (Entered: 10/03/2025) |
| 10/03/2025 | 410 | NOTICE of Appearance by Michelle Lapointe on behalf of All Plaintiffs (Lapointe, Michelle) (Entered: 10/03/2025) |
| 10/03/2025 | 411 | NOTICE of Appearance by Rebecca Cassler on behalf of All Plaintiffs (Cassler, Rebecca) (Entered: 10/03/2025) |
| 10/03/2025 | 412 | NOTICE of Appearance by Suchita Mathur on behalf of All Plaintiffs (Mathur, Suchita) (Entered: 10/03/2025) |
| 10/04/2025 | 413 | Emergency MOTION for Temporary Restraining Order , Emergency MOTION to Enforce Judgment by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Declaration of Imelda Maynard, # 2 Declaration of Marcy Hilty, # 3 Declaration of John A. Barry, # 4 Declaration of Emma Winger, # 5 Text of Proposed Order)(Winger, Emma) (Entered: 10/04/2025) |
| 10/04/2025 | 414 | ORDER granting 413 Plaintiffs' Motion for a Temporary Restraining Order and to Enforce Final Judgment. See document for details. Signed by Judge Rudolph Contreras on 10/04/2025. (lcrc2) (Entered: 10/04/2025) |
| 10/04/2025 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Motion Hearing held on 10/4/2025 re 413 Emergency MOTION for Temporary Restraining Order. (Court Reporter Chandra Kean.) (zglw) (Entered: 10/04/2025) |
| 10/04/2025 | 415 | SEALED DOCUMENT filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS D. HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT re 414 Order on Motion for TRO, Order on Motion to Enforce Judgment (This document is SEALED and only available to authorized persons.)(Alsterberg, Cara) (Entered: 10/04/2025) |
| 10/06/2025 | 416 | PROPOSED BRIEFING SCHEDULE by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Text of Proposed Order)(Winger, Emma) (Entered: 10/06/2025) |
| 10/06/2025 | | MINUTE ORDER adopting 416 the parties' Proposed Consent Briefing Schedule: It is hereby ORDERED that Plaintiffs shall file their opening brief in support of their Motion to Enforce Final Judgment and Permanent Injunction on or before October 27, 2025; Defendant shall file its opposition on or before November 17, 2025; and Plaintiffs shall file their reply on or before November 26, 2025. The Court will set a hearing date closer to the close of briefing. SO ORDERED. Signed by Judge Rudolph Contreras on 10/06/2025. (lcrc2) (Entered: 10/06/2025) |

| 10/27/2025 | [417](#) | MOTION to Enforce Judgment *(Redacted)* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # [1](#) Declaration REDACTED Supp. Winger Decl., # [2](#) Declaration Wolf Decl., # [3](#) Declaration Supp. Hilty Decl., # [4](#) Declaration Supp. Barry Decl., # [5](#) Exhibit REDACTED Age-Out Spreadsheets, # [6](#) Exhibit Age-Out Data)(Mathur, Suchita) (Entered: 10/27/2025) |
| --- | --- | --- |
| 10/27/2025 | [418](#) | NOTICE of Proposed Order by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. re [417](#) MOTION to Enforce Judgment *(Redacted)* (Mathur, Suchita) (Entered: 10/27/2025) |
| 10/27/2025 | [419](#) | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (This document is SEALED and only available to authorized persons.) (Attachments: # [1](#) Memorandum in Support Unredacted Motion to Enforce Final Judgment, # [2](#) Affidavit Unredacted Supp. Winger Decl., # [3](#) Exhibit Unredacted Ex. A, # [4](#) Exhibit Ex. C, # [5](#) Exhibit Ex. D, # [6](#) Exhibit Ex. E, # [7](#) Exhibit Ex. F, # [8](#) Exhibit Ex. G, # [9](#) Exhibit Ex. H, # [10](#) Exhibit Ex. I, # [11](#) Exhibit Ex. J, # [12](#) Exhibit Ex. K, # [13](#) Exhibit Ex. L, # [14](#) Exhibit Ex. M, # [15](#) Exhibit Ex. N, # [16](#) Exhibit Ex. O, # [17](#) Exhibit Ex. P, # [18](#) Text of Proposed Order Proposed Order Granting Sealing Motion)(Cassler, Rebecca) (Entered: 10/27/2025) |
| 10/31/2025 | [420](#) | NOTICE *of Availability for Hearing on Motion to Enforce Judgment* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Mathur, Suchita) (Entered: 10/31/2025) |
| 10/31/2025 | [421](#) | NOTICE *Withdrawing in part Dkt. 419* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. re [419](#) Sealed Motion for Leave to File Document Under Seal,, (Attachments: # [1](#) Exhibit Public Redacted October 1 Guidance, # [2](#) Memorandum in Support Unredacted Motion to Enforce Final Judgment)(Cassler, Rebecca) (Entered: 10/31/2025) |
| 11/03/2025 | | MINUTE ORDER granting Part III of [419](#) Plaintiffs' Sealed Motion for Leave to File Documents under Seal: It is hereby ORDERED that Part III of Plaintiffs' Sealed Motion for Leave to File Documents under Seal is GRANTED. Defendants do not oppose Plaintiffs' Motion as to Part III, and Parts I and II of the motion have been withdrawn by Plaintiffs. *See* ECF No. [421](#) . The Motion shall remain under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 11/3/2025. (lcrc1) (Entered: 11/03/2025) |
| 11/03/2025 | | MINUTE ORDER setting a status conference for December 8, 2025 at 10:00 AM in Courtroom 23A- In Person before Judge Rudolph Contreras. (So Ordered Judge Rudolph Contreras on 11/3/25). (tj) (Entered: 11/03/2025) |
| 11/05/2025 | [422](#) | Unopposed MOTION for Leave to File *Late Exhibit* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # [1](#) Exhibit Redacted Declaration of ATL, # [2](#) Text of Proposed Order)(Winger, Emma) (Entered: 11/05/2025) |
| 11/05/2025 | [423](#) | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (This document is SEALED and only available to authorized persons.) (Attachments: # [1](#) Exhibit Unredacted Declaration of ATL)(Winger, Emma) (Entered: 11/05/2025) |
| 11/05/2025 | | MINUTE ORDER granting [422](#) Motion for Leave to File and granting [423](#) Sealed Motion for Leave to File Document Under Seal: It is hereby ORDERED that Plaintiffs' motion for leave to file a late declaration is GRANTED and further ORDERED that |

| | | the unredacted declaration shall remain under seal. SO ORDERED. Signed by Judge Rudolph Contreras on 11/5/2025. (lcrc2) (Entered: 11/05/2025) |
|---|---|---|
| 11/06/2025 | 424 | Unopposed MOTION for Order *to Seal Exhibit 422-1* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Winger, Emma) (Entered: 11/06/2025) |
| 11/06/2025 | 425 | DECLARATION *of A.T.L. with Corrected Redactions* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. re Order on Motion for Leave to File,, Order on Sealed Motion for Leave to File Document Under Seal,. (Winger, Emma) (Entered: 11/06/2025) |
| 11/12/2025 | | ORDER granting 424 motion to place document enter seal. It is further ORDERED that Document [422-1] shall be placed under seal. (So Ordered Judge Rudolph Contreras on 11/12/25. (tj) (Entered: 11/12/2025) |
| 11/13/2025 | 426 | NOTICE *re: GOVERNMENT 'ADVISAL' TO UCs and ADDITIONAL REDETENTIONS ABSENT CAUSE* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Declaration Marie Silver & Ex. A UAC Processing Pathway Advisal)(Mathur, Suchita) (Entered: 11/13/2025) |
| 11/17/2025 | 427 | Memorandum in opposition to re 417 MOTION to Enforce Judgment *(Redacted)* filed by DEPARTMENT OF HOMELAND SECURITY, THOMAS D. HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. (Attachments: # 1 Text of Proposed Order)(Alsterberg, Cara) (Entered: 11/17/2025) |
| 11/24/2025 | 428 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DEPARTMENT OF HOMELAND SECURITY, THOMAS D. HOMAN, KIRSTJEN M. NIELSEN, U.S. IMMIGRATION AND ENFORGEMENT. Attorney William Herrick Weiland terminated. (Weiland, William) (Entered: 11/24/2025) |
| 11/26/2025 | 429 | REPLY to opposition to motion re 417 Motion to Enforce Judgment, filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (Attachments: # 1 Text of Proposed Order Revised Prop. Order)(Mathur, Suchita) (Entered: 11/26/2025) |
| 11/26/2025 | 430 | DECLARATION *2d. Supp. Decl. of Emma Winger* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. re 429 Reply to opposition to Motion. (Mathur, Suchita) (Entered: 11/26/2025) |
| 11/26/2025 | 431 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Q, # 2 Exhibit R, # 3 Exhibit S, # 4 Exhibit T, # 5 Exhibit U, # 6 Exhibit V) (Winger, Emma) (Entered: 11/26/2025) |
| 11/26/2025 | 432 | NOTICE of Appearance by Daniel Schutrum-Boward on behalf of All Defendants (Schutrum-Boward, Daniel) (Entered: 11/26/2025) |
| 12/05/2025 | 433 | NOTICE *re: Redetained Class Members and Revised Prop. Order* by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (Attachments: # 1 Text of Proposed Order 12.5.25 Revised Proposed Order)(Mathur, Suchita) (Entered: 12/05/2025) |
| 12/05/2025 | 434 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Ex. W DMG AORW)(Mathur, Suchita) (Entered: 12/05/2025) |

| | | |
|---|---|---|
| 12/08/2025 | | Minute Entry for proceedings held before Judge Rudolph Contreras: Motion Hearing held on 12/8/2025 (status hearing not held) re 417 MOTION to Enforce Judgment *(Redacted)* filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P. Oral argument heard, and the court takes the motion under advisement. (Court Reporter: Tim Miller) (tj) (Entered: 12/08/2025) |
| 12/12/2025 | 435 | ORDER granting Plaintiffs' 417 Motion to Enforce the Final Judgment and Permanent Injunction; granting Plaintiffs' 431 434 Motions for Leave to File Documents Under Seal. See document for details. Signed by Judge Rudolph Contreras on 12/12/2025. (lcrc1) (Entered: 12/12/2025) |
| 12/12/2025 | 436 | MEMORANDUM OPINION granting Plaintiffs' 417 Motion to Enforce the Final Judgment and Permanent Injunction; granting Plaintiffs' 431 434 Motions for Leave to File Documents Under Seal. See document for details. Signed by Judge Rudolph Contreras on 12/12/2025. (lcrc1) (Entered: 12/12/2025) |
| 12/12/2025 | 437 | SEALED DOCUMENT (Exhibits) filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit R, # 2 Exhibit S, # 3 Exhibit T, # 4 Exhibit U, # 5 Exhibit V)(mg) (Entered: 12/16/2025) |
| 12/12/2025 | 438 | SEALED DOCUMENT (Exhibit Ex. W DMG AORW) filed by WILMER GARCIA RAMIREZ, SULMA HERNANDEZ ALFARO, ANA P.. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 12/16/2025) |
| 02/10/2026 | 439 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 435 Order on Motion to Enforce Judgment,, Order on Sealed Motion for Leave to File Document Under Seal,,, 436 Memorandum & Opinion, by KIRSTJEN M. NIELSEN, THOMAS D. HOMAN, DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOM ENFORCEMENT. Fee Status: No Fee Paid. (Schutrum-Boward, Daniel) (Entered: 02/10/2026) |
| 02/11/2026 | 440 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 439 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 02/11/2026) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:18-cv-00508-RC |
| v. ) | |
| ) | |
| UNITED STATES IMMIGRATION ) | Class Action |
| AND CUSTOMS ENFORCEMENT, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF APPEAL

Defendants, U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS"), Todd M. Lyons, in his official capacity as Acting Director of ICE, and Kristi Noem, in her official capacity as Secretary of DHS, hereby notice their appeal from the district court's memorandum opinion and order entered on December 12, 2025, ECF Nos. 435, 436, to the United States Court of Appeals for the District of Columbia Circuit.[1] Plaintiffs are a certified class. The district court's memorandum opinion and order are an appealable order under 28 U.S.C. § 1292(a)(1).

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d), Todd M. Lyons, Acting Director of ICE, is automatically substituted for Tae D. Johnson, former Director of ICE, and Kristi Noem, Secretary of DHS, is substituted for Alejandro N. Mayorkas, former Secretary of DHS.

DATED:  February 10, 2026                    Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

                                             ANTHONY P. NICASTRO
                                             Acting Director
                                             Office of Immigration Litigation

                                             CARA E. ALSTERBERG
                                             Acting Assistant Director

                                             */s/ Daniel Schutrum-Boward*
                                             DANIEL SCHUTRUM-BOWARD
                                             Trial Attorney
                                             Department of Justice, Civil Division
                                             Office of Immigration Litigation
                                             P.O. Box 878, Ben Franklin Station
                                             Washington, DC 20044
                                             (202) 919-1670
                                             Daniel.R.Schutrum-Boward@usdoj.gov

                                             *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 18-508 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 417, 431, 434 |
| | : | | |
| U.S. IMMIGRATION AND CUSTOMS | : | | |
| ENFORCEMENT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING PLAINTIFFS' MOTION TO ENFORCE THE FINAL JUDGMENT AND PERMANENT
INJUNCTION; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER
SEAL**

## I. INTRODUCTION

In 2018, Plaintiffs—immigrant teenagers who entered the United States as
unaccompanied alien children ("UACs")—brought this class action against the U.S. Immigration
and Customs Enforcement ("ICE"), the Acting Director of ICE, the Department of Homeland
Security ("DHS"), and the Secretary of Homeland Security (collectively, "Defendants").
Plaintiffs alleged that Defendants had violated the Administrative Procedure Act ("APA") in
connection with ICE's processing of eighteen-year-olds who came to the United States as UACs
(known as "age-outs"). After a four-week bench trial, the Court found that ICE had violated the
APA by failing to follow procedures made necessary by 8 U.S.C. § 1232(c)(2)(B), and for
refusing to take actions it was required to take under that statute. Section 1232(c)(2)(B) requires
ICE to "consider plac[ing]" age-outs in ICE custody "in the least restrictive setting available
after taking into account" certain risk factors and to make them "eligible to participate in
alternative to detention programs." In 2021, this Court entered a final judgment and issued a

permanent injunction requiring Defendants to comply with their statutory obligations under Section 1232(c)(2)(B).

Now, four years later, Plaintiffs move this Court to enforce that final judgment and permanent injunction. Plaintiffs allege that, on October 1, 2025, Defendants implemented a new policy for ICE's processing of age-outs, namely, a new decision-making process for age-out custody determinations. Plaintiffs claim that this policy fails to afford age-outs with the protections they are entitled to under Section 1232(c)(2)(B). Plaintiffs further allege that Defendants, in violation of Section 1232(c)(2)(B), have been re-arresting and detaining age-outs after ICE initially releases them, despite no material change in the age-outs' circumstances indicating they pose a danger or flight risk that would justify detention.

Upon careful consideration, the Court finds that Defendants' policy and re-arrest conduct violates their obligation to comply with Section 1232(c)(2)(B) when making age-out custody determinations. Accordingly, the Court grants Plaintiffs' motion and enjoins the policy's implementation and Defendants' re-arrest conduct.

## II.  BACKGROUND

The Court presumes the parties' familiarity with this Court's prior opinions, the relevant legal framework, the underlying facts, and the procedural history of this case. The Court thus provides a high-level summary. Then, the Court describes in greater detail the factual and procedural background concerning Plaintiffs' Motion to Enforce the Judgment and Permanent Injunction.

### A.  Legal Framework

When minors lacking immigration status arrive in the United States without parents or other guardians, they are designated as "unaccompanied alien child[ren]" and are placed in the

custody of the Department of Health and Human Services ("HHS"), Office of Refugee

Resettlement ("ORR"). 6 U.S.C. § 279(a)–(b)(1)(A), (g)(2); 8 U.S.C. § 1232(b)(3). If they are

still in custody on their eighteenth birthday, the now-adult immigrants "age out" of HHS and

ORR custody and are transferred to DHS custody—that is to say, ICE custody.[1] Immigrants who

undergo this transfer from ORR to ICE custody are referred to by the parties as "age-outs."

Section 1232(c)(2)(B) affords age-outs certain protections upon their transfer to ICE custody.

Section 1232(c)(2)(B) reads as follows:

> If [an unaccompanied alien child in the custody of the Secretary of HHS] reaches
> 18 years of age and is transferred to the custody of the Secretary of Homeland
> Security, the Secretary [of DHS] shall consider placement in the least restrictive
> setting available after taking into account the alien's danger to self, danger to the
> community, and risk of flight. Such aliens shall be eligible to participate in
> alternative to detention programs, utilizing a continuum of alternatives based on
> the alien's need for supervision, which may include placement of the alien with an
> individual or an organizational sponsor, or in a supervised group home.

8 U.S.C. § 1232(c)(2)(B). Section 1232(c)(2)(B) thus requires that when ICE receives custody of

an age-out it "consider placement in the least restrictive setting available after taking into

account the alien's danger to self, danger to the community, and risk of flight" and it make age-

outs "eligible to participate in alternative to detention programs, utilizing a continuum of

alternatives based on the alien's need for supervision." *Id.*

### B. Prior Proceedings

#### 1. Pre-Trial Proceedings

Plaintiffs filed this lawsuit on March 5, 2018. Compl., ECF No. 1. Plaintiffs were three

immigrant teenagers who had previously been held in ORR custody as UACs. *See* Mem. Op.

Denying Defs.' Mot. Dismiss and Granting Pls.' Mot. for Class Cert. ("MTD and Class Cert.

---

[1] Most immigration enforcement functions in the United States are carried out by DHS, in
which ICE is housed. *See* 6 U.S.C. §§ 111, 251, 291.

Mem. Op.") at 3, ECF No. 50 (citing Am. Compl. ¶¶ 1, 33, 46, 61, ECF No. 21). Each turned

eighteen, was transferred to ICE custody, and was placed in an adult detention facility,

purportedly without receiving the statutorily mandated consideration of less restrictive placement

options. *Id.* (citing Am. Compl. ¶¶ 1, 4, 13–15).

The Amended Complaint alleged that ICE's handling of age-outs violated the APA in

two ways. Count One alleged a violation of Section 706(2), which provides that a reviewing

court shall "hold unlawful and set aside agency action, findings, and conclusions found to be"

among other things "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory

right." 5 U.S.C. § 706(2); Am. Compl. ¶¶ 98–106. Count Two alleged a violation of Section

706(1) which provides that a reviewing court shall "compel agency action unlawfully withheld or

unreasonably delayed." 5 U.S.C. § 706(1); Am. Compl. ¶¶ 107–11. The two counts focused on

the same conduct. Count One alleged that ICE's lack of compliance with Section 1232(c)(2)(B)

made its detention of age-outs arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law. *See* Am. Compl. ¶¶ 98–106. Count Two alleged that ICE's failure to take

required action under Section 1232(c)(2)(B) amounted to the unlawful withholding of required

agency actions. *See id.* ¶¶ 107–11. In short, Plaintiffs claimed that ICE automatically placed

many age-outs in adult detention settings without giving less-restrictive settings the

consideration required.

Defendants moved to dismiss, arguing that Plaintiffs lacked standing to bring their

claims, that their claims were moot, that ICE's relevant actions were not reviewable under

the APA, and that Plaintiffs failed to state claims upon which relief could be granted. MTD

and Class Cert. Mem. Op. at 18. The Court disagreed and denied the motion to dismiss. *Id.*

Among the Court's conclusions in that Opinion was that "Section 1232(c)(2)(B) does not limit 'consider[ation]' or 'eligib[ility] to participate in alternative to detention programs' to those who DHS has determined pose no risk of flight." *Id.* at 40 (alterations in original). In other words, Section 1232(c)(2)(B)'s entitlements "extend[] to all former unaccompanied minors" in ICE custody. *Id.* at 32–33. And DHS and ICE must account for an age-out's flight risk, danger to self, and danger to community and then "consider placement in the least restrictive setting available" no matter what the level of flight risk or danger has been assessed to be. *Id.* at 31 (quoting 8 U.S.C. § 1232(c)(2)(B)). "[T]he statute calls for an individualized assessment of the proper placement for each former unaccompanied minor in light of DHS's assessment of his or her danger to self, danger to the community, and risk of flight." *Id.* at 40. The Court also explained that "the authority under which individuals are detained are [im]material to whether Defendants must comply with 8 U.S.C. § 1232(c)(2)(B)" because "the obligation to place former unaccompanied minors consistent with 8 U.S.C. § 1232(c)(2)(B) arises upon their transfer to DHS custody and does not turn on the statutory authority under which a particular former unaccompanied minor is detained." *Id.* at 62.

In the same opinion that denied Defendants' motion to dismiss, the Court granted Plaintiffs' motion for class certification, allowing Plaintiffs to proceed on behalf of a class defined as:

> All former unaccompanied alien children who are detained or will be detained by ICE after being transferred by ORR because they have turned 18 years of age and as to whom ICE did not consider placement in the least restrictive setting available, including alternatives to detention programs, as required by 8 U.S.C. § 1232(c)(2)(B).

MTD and Class Cert Mem. Op. at 56–57.

5

The case then proceeded to discovery. After the close of discovery, Defendants moved
for partial summary judgment, which the Court denied. Defs.' Mot. Partial Summ. J., ECF
No. 209; Order Denying Mot. for Partial Summ. J. ("MSJ Order"), ECF No. 240. There was a
genuine dispute concerning "whether ICE Officers in the field [were] indeed considering the
least restrictive setting available." MSJ Order at 2. This issue had to be resolved at trial.

### 2.  Bench Trial and the Court's Findings of Fact and Conclusions of Law

The Court conducted a bench trial over the course of eighteen days between December 2,
2019, and January 15, 2020.  *See* Findings of Fact and Conclusions of Law ("FF & CL") at 8,
ECF No. 333. "Plaintiffs presented testimony from twenty-three witnesses at trial, calling some
to the stand for live testimony and reading deposition testimony into the record for others." *Id.*
"They also provided the Court with designated deposition testimony from a number of additional
witnesses." *Id.* "Defendants called fourteen witnesses, some of whom had also been presented, in
one form or another, by Plaintiffs." *Id.* " Both parties introduced a substantial volume of exhibits
and designated significant deposition testimony for the Court's consideration." *Id.*

On July 2, 2020, following the trial, the Court issued its Findings of Fact and Conclusions
of Law Concerning Liability in this case. The Court found Defendants liable for failing to follow
the requirements of Section 1232(c)(2)(B) and found in Plaintiffs' favor with regard to both
counts of their Amended Complaint. *See id.* at 1–3. In particular, the Court found that
Defendants acted in a manner that was "arbitrary, capricious, an abuse of discretion, or otherwise
not in accordance with law," in violation of 5 U.S.C. § 706(2), when they failed to make age-out
custody determinations that consider placement in the least restrictive setting after taking into
account the factors identified in the statute. *See id.* at 164. The Court also found that by this same
conduct, Defendants "failed to take a discrete agency action that [the agency] is required to

take," in violation of 5 U.S.C. § 706(1). *See id.* (alteration in original). The Court explained that

considering placement in the least restrictive setting available "necessarily requires making an

inquiry aimed at determining what settings are available and which of these is the least

restrictive," and the evidence and testimony in this case demonstrated that "ICE officers are

consistently failing to take either of these steps." *Id.* at 179. Specifically, "[t]heir training [did]

not emphasize the proper considerations or decisionmaking processes and, in fact, g[ave]

instructions that are contrary to the statute." *Id.* "Field officers [were] left with nearly unbridled

discretion to make age-out custody determinations however they would like, and this discretion

[was] exercised in ways that [did] not comply with the agency's statutory obligations." *Id.*

at 179–80. Plaintiffs subsequently moved for the entry of a final judgment and a permanent

injunction. ECF No. 359.

### 3.  Final Judgment and Permanent Injunction

On September 21, 2021, the Court entered final judgment against Defendants and issued

a permanent injunction. *See* Mem. Op. and Order Granting in Part and Denying in Part Pls.' Mot.

for Entry of Final J. and Permanent Inj. ("Final J. and Permanent Inj. Mem. Op."), ECF No. 367.

Defendants had opposed an injunction on the grounds that it would "place[] unnecessary burdens

on Defendants and improperly vitiate[] Defendants' discretion." Defs.' Opp'n to Pls.' Proposed

Permanent Inj. at 1, ECF No. 362. As the Court explained, however, "this is not a standard APA

case concerning a rulemaking or adjudication that occurred within the scope of ICE's expertise,

but rather a suit challenging ICE's basic 'failure to comply with a statutory obligation on a

widespread basis.'" Final J. and Permanent Inj. Mem. Op. at 11. The bench trial had "brought to

light disturbing and pervasive lapses in ICE's statutory compliance." *Id.* The Court held that

because an injunction could be issued under such circumstances, when an agency's statutory

duties are at issue and an agency is found to have breached those duties, "tailored injunctive

relief . . . is both within [the Court's] authority and necessary for [it] to ensure effective and

lasting compliance with Section 1232(c)(2)(B)." *Id.* at 14. Moreover, ICE had exhibited a pattern

"of agency recalcitrance and resistance to the fulfillment of its legal duties," a finding that

strongly supported the imposition of injunctive relief. *Id.* at 16 (citation modified).

In light of these considerations, the Court permanently enjoined Defendants from

violating Section 1232(c)(2)(B). *See generally id.*; Final J. and Permanent Inj., ECF No. 368.

The Court also ordered Defendants to comply with a specified list of actions intended to prevent

Defendants' further violations of, and help ensure their compliance with, Section 1232(c)(2)(B).

Final J. and Permanent Inj. at 3–7. Finally, the Court retained jurisdiction for five years to

enforce and resolve any disputes concerning the terms of, and Defendants' compliance with, the

Court's Order or with Section 1232(c)(2)(B). *Id.* at 7–8.

On January 7, 2022, Defendants appealed the Court's final judgment and permanent

injunction to the D.C. Circuit. Notice of Appeal to D.C. Cir., ECF No. 383. Thereafter, on

September 13, 2022, Defendants voluntarily dismissed their appeal. Mandate as to Appeal to

D.C. Cir., ECF No. 404.

### C.  Current Proceedings

1.  Defendants' Change in Their Detention Policy

*a.  July 2025 Interim Guidance Regarding Detention Authority for Applicants for Admission*

In July 2025, ICE issued interim guidance concerning its detention authority for

"applicants for admission," defined as "an alien present in the United States who has not been

admitted or who arrives in the United States, whether or not at a designated port of arrival."

Sealed Doc. at 3, ECF No. 415 (citing 8 U.S.C. § 1225(a)(1)). This interim guidance was

"intended to ensure immediate and consistent application of [DHS's] legal interpretation while additional operational guidance [was] developed." *Id.* According to ICE, the government "ha[d] revisited its legal position on detention and release authorities." *Id.* And according to DHS, "[8 U.S.C. § 1225], rather than [8 U.S.C. § 1226], is the applicable immigration detention authority for all applicants for admission." *Id.* As a result, ICE's position is that "such aliens are subject to detention under [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by [8 U.S.C. § 1182(d)(5)] parole." *Id.* Moreover, "[f]or custody purposes, these aliens are now treated in the same manner that 'arriving aliens' have historically been treated." *Id.* at 4.

### b. October 1, 2025 Policy: Age-Out Custody Determinations

On October 1, 2025, ICE issued an "Updated Procedure for Custody Determinations of Age-Out Cases," which became effective immediately. *Id.* at 1. The policy "outlines the updated process for handling custody determinations" for UACs "who reach their 18th birthday while in the custody of the [ORR], commonly referred to as 'age-outs.'" *Id.* The policy is divided into sections titled: (1) "Age-Out Review Worksheet (AORW) Completion"; (2) "Parole Review for Non-Detention Recommendations"; and (3) "Custody Transfer." *Id.*

The first section, "Age-Out Review Worksheet (AORW) Completion," notes that ICE personnel "will continue to review and complete the Age-Out Review Worksheet (AORW)."[2] *Id.* It further states that "[t]his review must be conducted based on the statutory factors outlined in 8 U.S.C. § 1232 . . . and the requirements established in the *Garcia-Ramirez* Permanent Injunction." *Id.* The section concludes that "[t]he current AORW procedure remains unchanged." *Id.*

---

[2] For each age-out that ICE processes, ICE fills out an AORW form, a standardized worksheet that is designed to document ICE's decision-making process. *See generally* FF & CL at 26–34. ICE personnel use the AORW forms to document their considerations when making age-out placements. *See id.*

The second section, "Parole Review for Non-Detention Recommendations," instructs that "[i]f the AORW recommends a custody option other than detention"—such as an Order of Release on Recognizance ("OREC"), Alternative to Detention ("ATD") programs, or Bond— ICE personnel "must conduct a parole review in accordance with the *Interim Guidance Regarding Detention Authority for Applicants for Admission*." *Id.* And under that guidance, "such individuals are subject to detention under [8 U.S.C. § 1225(b)] and may only be released from ICE custody through parole under [8 U.S.C. § 1182(d)(5)]." *Id.* The policy explains that "[p]arole may be granted on a case-by-case basis for 'urgent humanitarian reasons' or 'significant public benefit.'" *Id.* The policy further explains that "[i]f parole criteria are not met" ICE personnel "must then consider placement in the next available least restrictive setting." *Id.*

The third and final section, "Custody Transfer," explains that the policy's "updated procedure ensures compliance with statutory requirements while maintaining ICE's detention authority and discretion under the Immigration and Nationality Act (INA)." *Id.* And "to ensure proper implementation," ICE personnel "must familiarize themselves with the attached guidance," the July 2025 *Interim Guidance Regarding Detention Authority for Applicants for Admission*. *Id.*

### 2. Plaintiffs' Motion for a Temporary Restraining Order

On October 4, 2025, Plaintiffs filed a motion for a temporary restraining order ("TRO") seeking to enforce the Court's Final Judgment and Permanent Injunction. Pls.' Emergency Mot. for TRO ("TRO Mot."), ECF No. 413. Plaintiffs alleged that on October 1, 2025, Defendants issued new, interim guidance concerning age-out custody determinations. *Id.* at 1. According to Plaintiffs, that new guidance required ICE to detain age-outs under 8 U.S.C. § 1225(b), and to release them only if they qualified for parole pursuant to 8 U.S.C. § 1182(d)(5) "on a case-by-

case basis for urgent humanitarian reasons or significant public benefit." *Id.* Plaintiffs alleged

that such a policy contravened the Permanent Injunction's requirement that ICE consider

placement in the least restrictive setting available, including alternatives to detention, for all age-

outs as required by Section 1232(c)(2)(B). *Id.* at 8–9. That same day, the Court held a hearing

concerning Plaintiffs' TRO motion. Min. Entry (Oct. 4, 2025). Defendants maintained that

Section 1225(b) was being applied "to the fullest extent" and "to all aliens who are applicants for

admission," including age-outs, as "there are no exceptions in that statute for unaccompanied

alien children" unless they qualify for parole. TRO Hr'g Tr. at 6:21–7:4 (Oct. 4, 2025).

    The Court granted Plaintiffs' motion and issued a TRO to preserve the status quo,

enjoining Defendants from implementing any new directives regarding age-outs and detaining

any class member in an adult ICE facility in any manner that contravened the Permanent

Injunction. Order Granting Pls.' TRO Mot., ECF No. 414. The Court further ordered that

Defendants immediately rescind any determinations to detain based on the October 1, 2025

directive and immediately produce the directive, any related policies regarding that directive, and

the AORWs of any class members who may have been impacted by that directive. *Id.* Pursuant

to the Court's Order, Defendants produced the directive, the October 1, 2025 policy Plaintiffs

referred to in their TRO. *See* Sealed Doc., ECF No. 415. As a result of the TRO, Defendants

released several age-outs from custody. *See infra* pp. 12–14.

    3.  Plaintiffs' Motion to Enforce the Final Judgment and Permanent injunction

    On October 27, 2025, after the Court issued the TRO against Defendants, Plaintiffs filed

their Motion to Enforce the Court's Final Judgment and Permanent Injunction. Pls' Mot. to

Enforce Final J. and Permanent Inj. ("Pls.' Mot."), ECF No. 419.[3] Plaintiffs claim that

Defendants' new custody-determination policy for age-outs violates the requirements of Section

1232(c)(2)(B) and this Court's prior Order. *See generally id.* Specifically, Plaintiffs contend that

the policy fails to make all age-outs eligible for alternative detention programs and fails to

produce age-out placements based on the risk-factor analysis required under the statute. *Id.*

at 15–24. Plaintiffs further claim that Defendants' practice of re-arresting and detaining age-outs

shortly after their initial release, absent a material change in their circumstances, violates Section

1232(c)(2)(B). *Id.* at 24–26. Defendants oppose the motion. Defs.' Resp. in Opp'n to Pls.' Mot.

to Enforce Final J. and Permanent Inj. ("Defs.' Opp'n"), ECF No. 427. The Court held a hearing

on the motion on December 8, 2025. Min. Entry (Dec. 8, 2025).

### 4.  Impacted Class Members

Plaintiffs allege that Defendants' new policy concerning age-out custody determinations

and ICE's practice of re-arresting and detaining age-outs has harmed over 25 class members.

#### *a.  Age-Outs Whose Release ICE Had Approved but Subsequently Revoked*

Plaintiffs have identified 11 age-outs whose release ICE initially approved but later

revoked. Each age-out had a "post-18 plan"[4] indicating that the age-out posed no flight risk or a

danger to themselves or others, such that their release was appropriate. ICE initially approved

their release but later revoked the release, following the October 1, 2025 issuance of ICE's new

---

[3] Pursuant to the protective order governing this case, ECF No. 63, Plaintiffs seek leave to file under seal exhibits in support of their Motion to Enforce the Final Judgment and Permanent Injunction, *see* Pls.' Mots. for Leave to File Docs. Under Seal, ECF Nos. 431, 434. The Court grants such leave.

[4] ORR caseworkers prepare "post-18 plans" for UACs in ORR custody who are approaching their eighteenth birthday. These plans outline and facilitate the UAC's release and typically assess whether the UAC is a flight risk or a danger to themselves or others, identify appropriate placement options (such as the names and addresses of potential sponsors), and identify any special needs the UAC may have.

policy. *See* Maynard Decl. ¶¶ 5, 33, ECF No. 413-1; *id.* Ex. C. According to Plaintiffs, this new

policy prohibited release on parole for unaccompanied minors who turn 18 years old except for

"urgent humanitarian reasons" or "significant public benefit." *Id.* ¶ 33; *id.* Ex. C.

- For four of these age-outs, ICE reinstated their release approval prior to, or on, their 18th
  birthday, leading up to or shortly after the Court's TRO: (1) **E.G.G.L.**, Maynard Decl.
  ¶ 14; (2) **E.O.B.M.**, *id.* ¶ 22; (3) **I.L.F.R.**, *id.* ¶ 28; and (4) **W.O.B.P.**, Pls.' Mot. at 9.

- For five of these age-outs, ICE detained them but later released them, leading up to or
  shortly after the Court's TRO: (5) **M.E.R.V.**, Suppl. Hilty Decl. ¶¶ 20, 28, ECF No. 417-
  3; (6) **C.H.V.**, Suppl. Barry Decl. ¶¶ 3–4, ECF No. 417-4; (7) **A.G.A.**, Suppl. Winger
  Decl. ¶ 25, ECF No. 419-2; (8) **R.R.A.C.**, *id.*; and (9) **S.H.G**, *id.*

- For two of these age-outs, ICE detained them, and they are presumably still in detention:
  (10) **R.I.Y.C.**, Hilty Decl. ¶¶ 21–23, ECF No. 413-2; and (11) **G.T.X.**, *id.* ¶¶ 29–31.

### b. *Age-Outs Who ICE Released, Re-Arrested, and Detained*

Plaintiffs have identified 15 age-outs who ICE released upon their transfer from ORR and

who ICE later re-arrested and detained following their release. Each age-out had been assessed

not to pose a danger to themselves or others, such that the age-out's release was appropriate. *See*

Pls.' Mot. Exs. C–I, P, ECF Nos. 419-4 to 419-10, 419-17; Pls.' Mot. to File Docs. Under Seal

Exs. Q–V, ECF Nos. 431-1 to 431-6; Pls.' Second Notice Re: Class Members ("Pls.' 2d Notice")

Ex. W, ECF No. 434-1. None of the age-outs experienced a material change in their

circumstances that would have warranted their re-arrest and detention. *See* Suppl. Winger Decl.

¶19; *id.* Ex. 2; 2d Suppl. Winger Decl. ¶¶ 4–8, ECF No. 430. Most of these age-outs remain in

detention.

These age-outs are: (1) **A.T.L.**, Pls.' Mot. Ex. C, at 7; Suppl. Winger Decl. Ex. 2;

(2) **F.L.P.**, Pls.' Mot. Ex. D, at 14; Suppl. Winger Decl. Ex. 2; (3) **A.D.**, Pls.' Mot. Ex. E, at 5;

Suppl. Winger Decl. Ex. 2; (4) **J.D.F.V.**, Pls.' Mot. Ex. F, at 5; Suppl. Winger Decl. Ex. 2; (5)

**C.M.S.D.**, Pls.' Mot. Ex. G, at 5; Suppl. Winger Decl. Ex. 2; (6) **J.N.B.S.**, Pls.' Mot. Ex. H, at 5;

Suppl. Winger Decl. ¶ 16; (7) **J.A.M.S.**, Pls.' Mot. Ex. I, at 5; Suppl. Winger Decl. ¶ 17;

(8) **C.G.P.C.**, Pls.' Mot. Ex. P, at 5; Suppl. Winger Decl. ¶ 19; (9) **C.R.R.**, 2d Suppl. Winger

Decl. ¶ 4.; (10) **O.L.M.**, *id.* ¶ 5; (11) **D.S.M.**, *id.* ¶ 6; (12) **J.E.O.**, *id.* ¶ 7; (13) **V.J.R.**, *id.* ¶ 8;

(14) **K.D.B.**, *id.* ¶ 9; and (15) **D.M.G.**, Pls.' 2d Notice Ex. W.[5]

## III.  LEGAL STANDARD

"District courts have the authority to enforce the terms of their mandates." *Flaherty v.*

*Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014). That authority is grounded in "the interest of the

judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to

a court proceeding." *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922

(D.C. Cir. 1984). Part and parcel with that authority "is the power to construe and interpret the

language of the judgment." *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11–12 (D.D.C.

2004). And a motion to enforce is "the usual method for requesting a court to interpret its own

judgment" and to compel compliance, if necessary, in light of that interpretation. *Id.* at 11.

A court "should grant a motion to enforce if a 'prevailing plaintiff demonstrates that a

defendant has not complied with a judgment entered against it.'" *Sierra Club v. McCarthy*, 61 F.

Supp. 3d 35, 39 (D.D.C. 2014) (quoting *Heartland Hosp.*, 328 F. Supp. 2d at 11). In determining

compliance with an order, the Court is guided not only by the text of that order but also by its

---

[5] According to Plaintiffs, J.D.F.V. and J.N.B.S. have likely been deported, as they can no longer be found in the ICE Detainee Locator. Pls.' Reply Mem. in Supp. of Mot. to Enforce Final J. and Permanent Inj. ("Pls.' Reply") at 13 n.7, ECF No. 429. C.G.P.C. was released on October 31, 2025, and C.R.R. has taken voluntary departure to get out of adult detention. *Id.* at 13 & n.7.

related opinions. *See City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 346–47 (D.C. Cir.

1977). That said, "[s]uccess on a motion to enforce a judgment gets a plaintiff only 'the relief to

which [the plaintiff] is entitled under [its] original action and the judgment entered therein.'"

*Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005) (second and third

alterations in original) (quoting *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)).

## IV.  ANALYSIS

Through their motion, Plaintiffs seek to enforce the Court's Final Judgment and

Permanent Injunction, which bars Defendants from making age-out placement decisions that

violate Section 1232(c)(2)(B). Plaintiffs argue that Defendants' new policy for age-out custody

determinations denies age-outs the statutory protections to which they are entitled. In particular,

Plaintiffs contend that the policy does not make all age-outs eligible for alternative detention

programs, and that its decision-making process produces placement outcomes that do not result

from the risk-factor analysis required by Section 1232(c)(2)(B). Plaintiffs further assert that

Defendants' practice of re-arresting and detaining age-outs after their initial release—without

any material change in circumstances—also violates Section 1232(c)(2)(B). Finally, Plaintiffs

argue that, given Defendants' unlawful policy and practices, the Court has the authority to enjoin

Defendants from implementing them. The Court agrees. For the reasons explained below, the

Court grants Plaintiffs' Motion to Enforce the Final Judgment and Permanent Injunction.

### A.  The October 1, 2025 Policy Violates Section 1232(c)(2)(B).

Plaintiffs argue that Defendants' new policy governing custody determinations for age-

outs violates Section 1232(c)(2)(B) as well as this Court's Final Judgment and Permanent

Injunction. Pls.' Mot. at 17. On October 1, 2025, ICE implemented a new decision-making

process for age-out custody determinations (the "October 1 Policy" or the "Policy"). The Policy

15

reflects a shift in Defendants' interpretation of their authority to detain "applicants for admission" under Section 1225(b). *See generally* Sealed Doc.

Historically, Defendants treated noncitizens arrested while residing in the United States—including those who entered without inspection—as detained under Section 1226(a), making them subject to "discretionary detention." *See Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at *25 (W.D. Wash. Sep. 30, 2025) (describing Defendants' longstanding practice). Under Defendants' new interpretation, however, noncitizens arrested within the United States and charged with inadmissibility are now considered "applicants for admission" under Section 1225(b). *See Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (discussing Defendants' new interpretation). As a result, they are subject to "mandatory detention" and must be detained. 8 U.S.C. § 1225(b)(2)(A).

This shift expands the category of noncitizens who ICE considers subject to mandatory detention. Individuals detained under Section 1225(b) are generally not entitled to the due process protections available under Section 1226(a) and may be released only on parole. *See id.* §§ 1225(b)(2)(A), 1226(a)(1)–(2); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527–29 (2021). To grant parole, ICE must determine that release would provide a "significant public benefit" or is justified for "urgent humanitarian reasons." 8 U.S.C. § 1182(d)(5)(A). Under the October 1 Policy, ICE now classifies all age-outs as detainable under Section 1225(b). *See* Sealed Doc. at 1.

Before turning to the merits of Plaintiffs' challenges to the October 1 Policy, the Court addresses a preliminary matter. The parties devote attention to Defendants' recent change in position regarding which noncitizens qualify as "applicants for admission" and are therefore subject to mandatory detention under Section 1225(b). *See, e.g.*, Pls.' Reply at 9–12; Defs.'

16

Opp'n at 15–18. They also discuss several cases in which federal courts have considered and rejected this new interpretation. *See* Pls.' Reply at 10; Defs.' Opp'n at 15–18.

Although Defendants' revised interpretation of Section 1225(b) prompted the adoption of the October 1 Policy, that interpretation itself is not before this Court. In other words, this dispute does not require the Court to decide which noncitizens are properly subject to mandatory detention under Section 1225(b), and neither party asks the Court to resolve that issue. Nor is it necessary to do so. As the Court previously held, Defendants' obligation to comply with Section 1232(c)(2)(B) "arises upon [an age-out's] transfer to DHS custody and does not turn on the statutory authority under which a particular former unaccompanied minor is detained." MTD and Class Cert. Mem. Op. at 62; *see also id.* at 30–33 (rejecting Defendants' argument that such a reading "would conflict with the broad discretionary authority Congress granted to the agency to determine whether to detain or to release an alien during removal proceedings"). All age-outs—regardless of the detention authority under which they are detained—must receive the protections guaranteed by Section 1232(c)(2)(B).[6] *Id.* at 61–64; *id.* at 33 ("[T]hat an agency has broad authority in a realm does not give it license to ignore Congress's specific directions or restrictions on its authority."). The dispute here instead concerns whether the October 1 Policy, which establishes ICE's new procedures for age-out custody determinations, provides those statutory protections.

With that settled, the Court turns to the merits. Plaintiffs contend that the October 1 Policy violates Section 1232(c)(2)(B) and this Court's Final Judgment and Permanent Injunction

---

[6] At this stage in the litigation, the parties are bound by this Court's prior decisions. *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999) ("[A] 'legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" (quoting *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 350 (D.C. Cir. 1987)).

because the Policy impermissibly limits eligibility to participate in alternative to detention programs to a subset of age-outs. Pls.' Mot. at 17–18; Pls.' Reply at 1–4. Plaintiffs further assert that the October 1 Policy leads to age-out placements that do not result from the risk-factor analysis that Section 1232(c)(2)(B) requires. The Court agrees.

Section 1232(c)(2)(B) affords age-outs certain protections upon their transfer from ORR to ICE. Per the Court's prior opinions, what these protections entail is now well-established and familiar to the parties. Under Section 1232(c)(2)(B), if a UAC in HHS custody "reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary *shall* consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(B) (emphasis added); *see also id.* § 1232(c)(2)(A); FF & CL at 151–52. And "[s]uch aliens," that is, all age-outs, "*shall* be eligible to participate in alternative to detention programs, utilizing a continuum of alternatives based on the alien's need for supervision." 8 U.S.C. § 1232(c)(2)(B) (emphasis added); *see also* FF & CL at 151–52.

As this Court previously explained, "per the plain language of the provision, for each and every age-out, DHS must (1) take into account the statutory factors, (2) do so as it considers placing the age-out in the least restrictive setting available, and (3) make the age-out eligible for the identified alternative to detention options." FF & CL at 152. These protections "extend[] to *all* former unaccompanied minors" who have been transferred to DHS custody, MTD and Class Cert. Mem. Op. at 32 (emphasis added), and "do[] not turn on the statutory authority under which a particular former unaccompanied minor is detained," *id.* at 62. In other words, regardless of whether an age-out is detained under Section 1225(b) or Section 1226(a), that age-out must be afforded Section 1232(c)(2)(B)'s protections. See *id.* at 31 ("[P]er the plain language of the

18

provision, all [age-outs]—regardless of the agency's flight risk or dangerousness determinations and irrespective of the provision under which the individual has been detained—are entitled to consideration. Full stop."). Therefore, the October 1 Policy will comply with the requirements of Section 1232(c)(2)(B) if it affords age-outs these statutory protections. As explained below, however, the Policy fails to afford the protections owed to all age-outs.

1.  The Policy Fails to Make All Age-Outs Eligible for Alternative Detention Programs.

First, the Court agrees with Plaintiffs that the October 1 Policy fails to make all age-outs eligible for alternative detention programs. As noted above, Section 1232(c)(2)(B) requires that Defendants make *all* age-outs eligible for such programs. *See also* MTD and Class Cert. Mem. Op. at 30 (holding that "[n]othing in the text or context supports Defendants' argument that only a subset of former unaccompanied minors who were transferred to DHS custody" are entitled to the protections afforded by Section 1232(c)(2)(B)).

According to Defendants, the October 1 Policy consists of three steps. *See* Defs.' Opp'n at 13. Step one requires ICE to continue to review and complete the AORW form for each age-out. Sealed Doc. at 1. And such review must "be conducted based on the statutory factors outlined in 8 U.S.C. § 1232 . . . and the requirements established in the *Garcia-Ramirez* Permanent Injunction." *Id.* According to the Policy, "[t]he current AORW procedure remains unchanged." *Id.*

Step two "imposes," what Defendants call, an "additional requirement[]." Defs.' Opp'n at 10, 13, 15. ICE must conduct a "parole review" if "the AORW recommends a custody option other than detention." Sealed Doc. at 1; Defs.' Opp'n at 13. This is so, says the Policy, because "such individuals"—age-outs—"are subject to detention under [8 U.S.C. § 1225(b)] and may only be released from ICE custody through parole under [8 U.S.C. § 1182(d)(5)]." Sealed Doc. at

19

1. And parole may only be granted on a "case-by-case basis" for "urgent humanitarian reasons" or "significant public benefit." *Id.* The Policy thus instructs ICE to "evaluate whether the specific circumstances of the [age-out] meet the statutory criteria for parole." *Id.*

Step three requires ICE to "consider placement in the next available least restrictive setting," if the release of an age-out does not meet the parole criteria. *Id.* And according to Defendants, the next and only available "least restrictive setting" in such a scenario is the age-out's detention in an adult facility. *See* Defs.' Opp'n at 13. It is only if ICE determines that an age-out is eligible for parole (for "urgent humanitarian reasons" or "significant public benefit") that Defendants then "make a variety of detention alternatives available for age-outs," including "release on parole to a sponsor." *Id.*

Therefore, the October 1 Policy is premised on age-outs having only one alternative to detention: parole. And an age-out's eligibility for parole is based on whether the age-out's "specific circumstances" warrant release for "urgent humanitarian reasons" or serve a "significant public benefit." *See id.*; Sealed Doc. at 1.

This decision-making process, however, contravenes Section 1232(c)(2)(B). Nothing in the text limits the entitlement to be "eligible to participate in alternative to detention programs" to age-outs whose circumstances warrant parole release, that is, for "urgent humanitarian reasons" or "significant public benefit." *See* 8 U.S.C. § 1232(c)(2)(B); *id.* § 1182(d)(5)(A). As previously explained, per the plain meaning of Section 1232(c)(2)(B), "*all* former unaccompanied minors who have been transferred to the custody of DHS," "shall be eligible to participate in alternative to detention programs." MTD and Class Cert. Mem. Op. at 31–32 (quoting 8 U.S.C. § 1232(c)(2)(B)). And eligibility is not limited "to some never-mentioned subset of that group." *Id.* at 32.

That the parole factors ("urgent humanitarian reasons" or "significant public benefit") do not appear in the statute's text is significant: Courts "do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and [courts'] reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest." *Jama v. ICE*, 543 U.S. 335, 341 (2005). Courts thus "resist reading words or elements into a statute that do not appear on its face." *Dean v. United States*, 556 U.S. 568, 572 (2009) (quoting *Bates v. United States*, 522 U.S. 23, 29 (1997)).

Elsewhere within Section 1232, Congress expressly references other statutory provisions of the Immigration Nationality Act ("INA"), indicating that Congress knew how to incorporate other provisions when it so intended. *See, e.g.*, 8 U.S.C. § 1232(c)(2)(A) (permitting placement of child trafficking victims in an Unaccompanied Refugee Minor program pursuant to INA § 412(d), 8 U.S.C. § 1522(d)); *id.* § 1232(c)(5) (requiring the agency to strive to ensure, consistent with INA § 292, 8 U.S.C. § 1362, that unaccompanied children have counsel); *id.* § 1232(a)(5)(D) (requiring placement of unaccompanied children not from contiguous countries in full removal proceedings pursuant to INA § 240, 8 U.S.C. § 1229a).

Thus, if Congress had wanted an age-out's eligibility to participate in alternative detention programs to turn on the parole factors contained in Section 1182(d)(5)(A), it knew how to require such. *See Pugin v. Garland*, 599 U.S. 600, 608 (2023) (making this same point when interpreting another section of the INA in which "Congress cross-referenced numerous other statutes"). But no such cross-reference to Section 1182(d)(5)(A) exists in Section 1232(c)(2)(B). The Court thus declines to read any such limitation into the statute. In short, by limiting the eligibility to participate in alternative to detention programs to age-outs whose circumstances

warrant parole release (for "urgent humanitarian reasons" or "significant public benefit"), the October 1 Policy contravenes Section 1232(c)(2)(B).

2.  The Policy Produces Non-Compliant Placement Decisions for Most Age-Outs.

Second, the Court further agrees with Plaintiffs that the October 1 Policy's decision-making process leads to age-out placements that do not result from the risk-factor analysis that Section 1232(c)(2)(B) requires. Pls.' Reply at 3–5. Rather, for most age-outs, the placement decision is based on ICE's parole determination—not whether the age-out is a danger to self, danger to the community, or a flight risk. *Id.* Section 1232(c)(2)(B) requires that these risk factors bear on the age-out's placement. FF & CL at 156, 178–79. The October 1 Policy, however, eliminates—or at least subordinates—the relevance of these risk factors. This is evident from Defendants' revocation of age-outs' post-18 plans even when Defendants had already determined those individuals posed no risk and had available sponsors.

As this Court has outlined before, Section 1232(c)(2)(B) "calls for an individualized assessment of the proper placement for each former unaccompanied minor in light of DHS's assessment of his or her danger to self, danger to the community, and risk of flight." MTD and Class Cert Mem. Op. at 40. And ICE "must treat the risk factors as relevant variables" when "determin[ing] a placement, [which is] the outcome of the decisionmaking process for each age-out." FF & CL at 156. In other words, under Section 1232(c)(2)(B), "the age-out's placement is a potential output of this decisionmaking process, while the factors are characteristics of the input (the age-out)." *Id.* Therefore, when a custody determination is made pursuant to a process that renders the risk factors irrelevant to the age-out's placement, that determination violates Section 1232(c)(2)(B). *See id.* ("[T]he 'consider[ation of] placement in the least restrictive setting

22

available' must bear some relation to the risk factors that have been 'take[n] into account.'"
(second and third alterations in original)).

For age-outs whose risk factors indicate that they pose no risk of flight or a danger but
who are ineligible for parole, the October 1 Policy produces non-compliant custody
determinations. Under the Policy, even if an age-out is found at "step one" to merit release based
on ICE's assessment of the risk factors, the age-out will still be detained *unless* the additional
parole factors under Section 1182(d)(5) also support release. Sealed Doc. at 1. In those
situations, the detention decision is no longer driven by the risk factors; instead, it turns on the
parole determination, which ICE evaluates separately after it analyzes the age-out's risk factors.
*See id.* Stated differently, the parole factors are outcome determinative.

Plaintiffs present evidence showing that age-outs who pose no flight risk or danger
receive custody determinations under the Policy that do not comply with Section 1232(c)(2)(B).
Shortly after Defendants implemented the Policy, ICE revoked the planned release of numerous
UACs in ORR custody who were nearing their eighteenth birthdays, despite prior assessments
finding that they posed no flight risk or danger and had sponsors ready to receive them. *See, e.g.*,
Maynard Decl. ¶¶ 12, 22, 27, 31 (revoking planned releases for class members E.G.G.L,
E.O.B.M., I.L.F.R., and W.O.B.P.); Suppl. Hilty Decl. ¶¶ 6, 20 (detaining class member
M.E.R.V. despite his approval for release); Hilty Decl. ¶¶ 22, 30 (revoking planned releases for
class members R.I.Y.C. and G.T.X.); Suppl. Barry Decl. ¶¶ 3–4 (revoking planned release for
class member C.H.V.); Suppl. Winger Decl. ¶¶ 25 (revoking planned releases for class members
A.G.A., R.R.A.C., and S.H.G.).[7] Despite these risk-factor assessments, ICE nonetheless decided

---

[7] Leading up to or shortly after this Court's TRO, ICE reinstated release approvals for
certain age-outs and released others from detention. *See* Maynard Decl. ¶¶ 14, 22, 28; Pls.' Mot.

to detain all the age-outs. In many instances, ICE explicitly acknowledged—either orally or in writing—that its decision to detain was based on a new requirement that age-outs be detained unless they warrant parole release. *See, e.g.*, Maynard Decl. ¶¶ 13–14; *id.* Ex. C (email from ICE notifying an ORR shelter on October 2, 2025, that "age-out" aliens are "subject to detention . . . and may not be released from custody" except by parole "granted on a case-by-case basis for 'urgent humanitarian reasons' or 'significant public benefit'").

Under the Policy, it is only when an age-out's risk factors support detention (i.e., the age-out poses a risk of flight or danger) that ICE's detention decision complies with Section 1232(c)(2)(B). But for the majority of age-outs, ICE has historically deemed release to be the appropriate placement. For the past four years, before the Policy was implemented, ICE's risk-factor assessments under Section 1232(c)(2)(B) resulted in the release of approximately 98% of age-outs upon their transfer from ORR. Winger Decl. ¶ 3, ECF No. 413-4. This history suggests that, for most age-outs, the Section 1232(c)(2)(B) risk-factor assessments would ordinarily support release. Indeed, as noted here, none of the class-member age-outs were found to pose a flight risk or a danger to themselves or others; each was therefore deemed suitable for release, and sponsors were available to receive them. *See* Pls. Mot. Exs. C–V (AORWs for identified Plaintiff class members).

This evidence thus indicates that Defendants are indeed treating factors besides the Section 1232(c)(2)(B) risk factors (i.e., the parole factors under Section 1182(d)(5)(A)) as conclusive in age-out placement decisions. As a result, the risk factors ICE is required to consider appear to have little, if any, bearing on the placement decision for the overwhelming majority of age-outs, contrary to the statute's mandate. *See* FF & CL at 156.

---

at 9; Suppl. Hilty Decl. ¶ 28; Suppl. Barry Decl. ¶ 4; Suppl. Winger Decl. ¶ 25. Other age-outs presumably remain in ICE custody. *See* Hilty Decl. ¶¶ 23, 31.

3.  Defendants' Arguments in Support of the Policy Are Unavailing.

The Court is unpersuaded by the various arguments Defendants assert in support of the Policy. For instance, Defendants argue that the Policy merely reflects "Defendants' awareness that § 1232(c)(2)(B) and 8 U.S.C. § 1225(b)(2)(A) must work in concert." Defs.' Opp'n at 1. Defendants, however, overlook the "basic principle of statutory construction that a specific statute . . . controls over a general provision . . . particularly when the two are interrelated and closely positioned." *HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981) (per curiam); *Busic v. United States*, 446 U.S. 398, 406 (1980) ("[A] more specific statute will be given precedence over a more general one, regardless of their temporal sequence."). This "general/specific canon" serves to prevent a specific provision from being rendered meaningless by a broader one, as courts must read statutes to give effect to each. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645–46 (2012); *see also Halverson v. Slater*, 129 F.3d 180, 185 (D.C. Cir. 1997) (providing that courts must read statutes to give effect to each and avoid interpretations that render other provisions meaningless or futile). Because Section 1232(c)(2)(B) is a "specific provision applying to a very specific situation," *see Morton v. Mancari*, 417 U.S. 535, 550–51 (1974), it governs the custody of age-outs and overrides Section 1225(b), the more general provision.[8]

---

[8] The INA (including Section 1225(b)) generally governs the custody of noncitizens pending their applicable immigration proceedings. *See* 8 U.S.C. §§ 1225, 1226; *Jennings v. Rodriguez*, 583 U.S. 281, 287–89, 297 (2018). Through the Violence Against Women Reauthorization Act of 2013, Congress added Section 1232(c)(2)(B) to address the custody of former UACs who are transferred to ICE upon their eighteenth birthday. 8 U.S.C. § 1232(c)(2)(B); Pub. L. No. 113-4, § 1261, 127 Stat. 54, 156 (Mar. 7, 2013). Thus, Section 1232(c)(2)(B) is a "specific provision applying to a very specific situation." *See Morton*, 417 U.S. at 550–51; *see also RadLAX Gateway Hotel*, 566 U.S. at 645 (instructing that the "general/specific canon" is especially applicable where "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions" (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 519 (1996) (Thomas, J., dissenting))).

The October 1 Policy, however, turns this canon on its head. The Policy structures the custody-determination process such that the Section 1232(c)(2)(B) risk-factor analysis occurs at "step one." *See* Sealed Doc. at 1. And as explained above, the parole determination at "step two" displaces that statutorily required risk-factor analysis. *See supra* pp. 23–24. This sequencing results in the general provision, Section 1225(b), swallowing and rendering meaningless the specific provision, Section 1232(c)(2)(B), running afoul of the general/specific canon. As a result, the Policy fails to give Section 1232(c)(2)(B) full effect, as Congress intended. *See Halverson*, 129 F.3d at 185 (requiring courts to read statutes "to give effect to each" because "Congress cannot be presumed to do a futile thing"); *RCA Glob. Commc'ns, Inc. v. FCC*, 758 F.2d 722, 733 (D.C. Cir. 1985) (rejecting an interpretation that "would deprive [the provision] of all substantive effect, a result self evidently contrary to Congress' intent").

Even if the statutes must be harmonized, as Defendants suggest, the Policy would still need to give effect to each provision. *See Halverson*, 129 F.3d at 185; *Adirondack Med. Ctr. v. Sebelius*, 740 F.3d 692, 698–99 (D.C. Cir. 2014) ("[I]t is our duty to harmonize the provisions and render each effective."). To achieve this, the parole determination would need to occur first, at "step one." If that analysis concludes that detention is appropriate (because release is neither warranted for urgent humanitarian reasons nor serves a significant public benefit), Defendants then at "step two" would need to conduct the Section 1232(c)(2)(B) risk-factor analysis (considering placement in the least restrictive setting available after accounting for the age-out's risk factors). Only this sequence allows Sections 1225(b) and 1232(c)(2)(B) to coexist while still giving Section 1232(c)(2)(B) its full effect, that is, ensuring that the statute's risk factors meaningfully bear on the age-out's placement. *See supra* pp. 22–24; FF & CL at 156. Thus, even if Defendants are correct that the statutes must be read together, the current Policy (requiring the

26

parole determination to follow the risk-factor analysis) is nonetheless inconsistent with such a premise.

Defendants' other arguments fare no better. Defendants contend that Plaintiffs' claims are premised on seeking a specific outcome in an age-out's custody determination, to which they are not entitled. Defs.' Opp'n at 13–15 ("Plaintiffs' argument . . . confuses not obtaining a desired result (release) with the requirements of 8 U.S.C. § 1232(c)(2)(B)."). Plaintiffs, however, do not seek that age-outs be released. Rather, they seek that age-outs be eligible for alternative detention programs and not have their eligibility and placement be based on extra-statutory factors. Pls.' Reply at 4. Although Section 1232(c)(2)(B) does not guarantee any age-out's placement in an alternative detention option, the statute *does* require that *all* age-outs be made eligible for such options and that ICE view the risk factors as "relevant variables" in making placement decisions. *See* FF & CL at 156; MTD and Class Cert. Mem. Op. at 30. As this Court has told Defendants before, Defendants "conflat[e] plaintiffs' interest in the opportunity to be considered for a type of relief with a demand for that relief." MTD and Class Cert. Mem. Op. at 34. As before, Defendants here "get no points for raising a straw man then knocking it down." *Id.*

Defendants also attempt to cabin the Court's prior rulings, stating that "[n]either § 1232(c)(2)(B) nor the Permanent Injunction mandate anything beyond following a 'certain process, which requires proper consideration of certain factors and of certain alternatives.'" Defs.' Opp'n at 14 (quoting Final J. and Permanent Inj. Mem. Op. at 20). But, as noted above, Section 1232(c)(2)(B) requires Defendants to do more than just procedurally analyze the risk factors; the factors must substantively bear on the age-out's placement. FF & CL at 156. And if the risk factors are giving way to other extra-statutory considerations, a decision based largely on those other considerations violates the statute. *See supra* pp. 22–23.

Defendants further contend that they have undertaken the process required under Section 1232(c)(2)(B), as evidenced by "step one" in the October 1 Policy requiring ICE to assess the age-out's risk factors and continue filling out AORWs for each age-out. Defs.' Opp'n at 14–15. But this Court has repeatedly explained that "[t]he AORWs fail to establish that proper consideration was given." FF & CL at 169. Indeed, the underlying litigation revealed various flaws with ICE's documentation of age-out custody determinations. For example, "so many [AORWs] were produced and edited after the fact by [ICE] officers other than the ones who actually made the decisions," and ICE had processed over three hundred age-outs "without having AORWs filled out at all during the time period when ICE was attempting to document its decisions." *Id.* Therefore, the AORWs alone "do not prove ICE's compliance with the statute." *Id.*

In sum, the October 1 Policy violates Section 1232(c)(2)(B) for two independent reasons. First, the policy fails to make all age-outs eligible to participate in alternative detention programs. Instead, the Policy limits eligibility to those age-outs whose circumstances warrant release for urgent humanitarian reasons or significant public benefit. Second, the October 1 Policy's decision-making process largely leads to age-out placements which do not result from the risk-factor analysis that Section 1232(c)(2)(B) requires. For most age-outs, the placement decision is based on ICE's parole determination—not whether the age-out is a danger to self, danger to the community, or a flight risk. The Policy thus contravenes the Permanent Injunction requiring Defendants to make age-out placement decisions consistent with Section1232(c)(2)(B).[9]

---

[9] Because the Court has found that the Policy violates Section 1232(c)(2)(B) for the reasons explained above, the Court need not determine whether the Policy is, in fact, a "no-release policy" as Plaintiffs assert. *See* Pls.' Reply at 6–8. In other words, the Court does not find

**B. ICE's Re-arrest and Detention of Age-Outs After Their Release, Absent a Material Change in Their Circumstances, Violates Section 1232(c)(2)(B).**

Plaintiffs further allege that ICE has re-arrested and detained class-member age-outs shortly after ICE initially released them upon their transfer from ORR, despite no material change in the age-outs' circumstances. Pls.' Mot. at 12–13, 24–25. Plaintiffs provide 15 examples of class members who were re-arrested and detained shortly after their release. *See* Suppl. Winger Decl. ¶¶ 18–19; *id.* Ex. 2; 2d Suppl. Winger Decl. ¶¶ 4–9; Pls.' 2d Notice, ECF No. 433. ICE detained many class members at their follow-up check-in with ICE, which was a condition of the age-outs' release.[10] Pls.' Mot. at 25–26. Plaintiffs ask this Court to enjoin Defendants from re-arresting and detaining age-outs after Defendants initially released them, absent a material change in their circumstances, as such conduct violates Section 1232(c)(2)(B) and the Permanent Injunction. *Id.* at 26–27.

Defendants, on the other hand, contend that such age-outs are no longer class members and are subject to detention "like any other adult alien." Defs.' Opp'n at 20. According to Defendants, "once a former UAC receives a custody determination as an age-out and is released from immigration custody, he or she is not a class member." *Id.* at 20. Defendants thus characterize Plaintiffs' claim as seeking additional Court intervention beyond the scope of Section 1232(c)(2)(B) and the Permanent Injunction, reaching "a population [the injunction] never intended to cover." *Id.* at 20, 23. None of Defendants' arguments holds water.

This Court has previously explained that "[t]he statute does not place any time limits on ICE's duties under the statute, either on the front end or the back end." FF & CL at 162. This is

---

that "the functional availability of parole as a real option for release from detention is determinative to the outcome of [Plaintiffs'] motion," and thus, no discovery on this issue is necessary. *See id.* at 7 n.4.

[10] Additionally, A.T.L. went to his first ICE check-in following age-out release because he "did not want to hurt [his] immigration case." A.T.L. Decl. ¶ 4, ECF No. 425.

because "Section 1232(c)(2)(B) provides that '[i]f a [UAC] reaches 18 years of age,' the Secretary's obligations are triggered." *Id.* (alterations in original). Thus, "[o]n the back end . . . the statute does not require 'periodic re-assessment' of a decision once it has been made." *Id.* "But ICE is not relieved of its obligation to follow [Section 1232(c)(2)(B)] at the end of the day on the age-out's eighteenth birthday." *Id.* Indeed, the underlying trial revealed that a "number of ICE field offices view[ed] their obligations with regard to age-outs as limited to only the day the age-out turns eighteen." *Id.* As explained, however, such a temporal limitation was unsupported by the statute's text. *Id.* Therefore, "[i]f an age-out is detained without proper consideration of alternatives, that age-out is owed a compliant decision." *Id.* "This is not re-assessment [of the initial age-out placement], but simply the proper assessment that was required in the first place." *Id.*

These principles apply with equal force here. To reiterate, "[i]f an age-out is detained without proper consideration of alternatives, that age-out is owed a compliant decision." *Id.* And if ICE nullifies a compliant placement decision by making a subsequent, non-compliant placement decision, it is as if the age-out never received "the proper assessment that was required in the first place." *Id.* Defendants would have this Court sever the statutory entitlements afforded to age-outs at the point at which age-outs are given their initial placement (upon turning eighteen). But such an assertion is inconsistent with the language of the statute; nothing in the statute expressly limits the entitlement of a compliant decision to the time the age-out's initial placement occurs. *See id.*; 8 U.S.C. § 1232(c)(2)(B).

Not only is Defendants' theory unsupported by the text, but "to follow [Defendants'] reading" of Section 1232(c)(2)(B) "would open a loophole allowing easy evasion of the statutory provision's basic purposes," and "[s]uch an interpretation is neither persuasive nor reasonable."

*Cnty. of Maui v. Haw. Wildlife Fund*, 590 U.S. 165, 180 (2020); *Quarles v. United States*, 587 U.S. 645, 654 (2019) (instructing that courts "should not lightly conclude that Congress enacted a self-defeating statute"). And "statutes [must] be construed to avoid unreasonable and absurd results." *In re Nofziger*, 925 F.2d 428, 434 (D.C. Cir. 1991); *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."). Moreover, construing Section 1232(c)(2)(B) to permit Defendants to unilaterally limit Congress's protections for age-outs to mere days is precisely the kind of "absurd result" that must be avoided when interpreting a statute. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1068 (D.C. Cir. 1998) (defining a result as absurd when, "considered in the particular statutory context," it is "contrary to common sense" or "inconsistent with the clear intentions of the statute's drafters"). The Court thus declines to read any such limitation into Section 1232(c)(2)(B) that would lead to such absurd results. In short, age-outs who have been re-arrested and detained without the consideration required by Section 1232(c)(2)(B) are class members.

Notably, Defendants do not dispute Plaintiffs' allegations concerning the re-arrest and detention of age-outs despite no material changes in the age-outs' circumstances. Instead, Defendants characterize Plaintiffs' emphasis on an age-out's lack of change in circumstances as irrelevant and a "red herring." Defs.' Opp'n. at 23. To the contrary, such allegations do support Plaintiffs' assertion that Defendants have essentially crafted a workaround that eliminates the protections that Congress intended age-outs in ICE custody to receive.[11] *See* Pls.' Mot. at 24.

---

[11] The requirement for a "material change in circumstances" is not a novel standard. As explained in another detention context, "when ICE has previously released a noncitizen after determining they are not a flight risk or danger to the community, the BIA has limited this

Certainly, the Court finds problematic the consequences that would flow if the Court were to accept Defendants' position.

Allowing Defendants to continue course would, in effect, allow Defendants to thwart the Court's scrutiny (and Congress's intent) by complying with Section 1232(c)(2)(B) one day—considering an age-out for placement in the least restrictive setting and thereby removing the age-out from the class—only to claw back that consideration the next day (despite no material change in the age-out's circumstances), ensuring that the age-out can no longer be considered a class member while also being deprived of the consideration they were owed under the statute. The Court finds this position untenable. Such conduct would interfere with the administration of justice, vitiating the relief the Permanent Injunction was meant to provide. And the Court has the power to enjoin conduct that would frustrate this Court's prior orders. *See Flaherty*, 17 F. Supp. 3d at 55.

Contrary to Defendants' assertions, Plaintiffs are not claiming an entitlement to the protections afforded by Section 1232(c)(2)(B) "indefinitely." *See* Defs.' Opp'n at 28–29. The relief Plaintiffs seek is narrow: Plaintiffs seek to enjoin Defendants from re-arresting and detaining age-outs after their initial release, "absent a material change in their circumstances indicating they are now a flight risk or danger to the community." *See* Pls.' Proposed Order, ECF No. 429-1. As Plaintiffs note, a sufficient change in an age-out's circumstances could warrant re-arrest and detention while in ICE's legal custody. *See* Pls.' Reply at 19 ("Once ICE's determinations about [the risk factors] in an individual case have meaningfully changed, the

---

revocation authority such that, in practice, the DHS re-arrests non-citizens only after a material change in circumstances. This standard prevents arbitrary revocations and ensures that detention decisions rest on individualized assessments of changed circumstances rather than categorical assumptions." *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404, 2025 WL 2841574, at *5 (W.D. Wash. Oct. 7, 2025) (citation modified).

analysis about the appropriate placement can also change."). But ICE cannot re-arrest and detain without affording age-outs the protection due under Section 1232(c)(2)(B) merely because some short time has passed since that protection was afforded. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 485 (2001) (ruling that an agency "may not construe the statute in a way that completely nullifies textually applicable provisions meant to limit its discretion"). Defendants overlook that the act of detaining or releasing an age-out serves to place the age-out in a suitable setting pending the outcome of their immigration proceedings. *See, e.g.*, *Jennings*, 583 U.S. at 287–88; *id.* at 296 ("[W]e hold that, subject only to express exceptions, §§ 1225(b) and 1226(c) authorize detention *until the end of applicable proceedings*." (emphasis added)). Thus, the protections Section 1232(c)(2)(B) affords age-outs remain in effect until the age-out's immigration proceedings conclude.

Defendants cite cases in which other federal courts have held that former unaccompanied children were not entitled to be considered for placement in the least restrictive setting under Section 1232(c)(2)(B) after being re-arrested and detained. *See* Defs.' Opp'n at 24 (citing *Mendez Ramirez v. Decker*, 612 F. Supp. 3d 200 (S.D.N.Y. 2020); *Jose L.P. v. Whitaker*, 431 F. Supp. 3d 540 (D.N.J. 2019)). But these cases are inapposite.

In each case, the court determined that the petitioner had lost their UAC status as a child because each had been released to the custody of a parent in the United States before turning eighteen and no longer met the statute's definition of an "unaccompanied alien child." *See Mendez Ramirez*, 612 F. Supp. 3d at 210–11; *Jose L.P.*, 431 F. Supp. 3d at 547–48 (same); *see also* 6 U.S.C. § 279(g)(2) (defining an "unaccompanied alien child" as one who (1) has no lawful immigration status, (2) is less than 18 years old, and (3) who either has no parent or guardian in the United States or no parent or guardian in the United States who is available to provide care

33

and physical custody). And in each case, the petitioner was re-arrested and detained pursuant to a material change in their relevant circumstances. *See Mendez Ramirez*, 612 F. Supp. 3d at 207–08 (petitioner re-arrested and detained a year after his release because he failed to appear for his removal proceedings and was ordered removed *in abstentia*); *Jose L.P.*, 431 F. Supp. 3d at 542 (petitioner re-arrested and detained over three years after his release after failing to appear in court and joining a gang).

Here, on the other hand, the age-outs retained their UAC status until their transfer to ICE, when they "aged out." And none had a material change in their circumstances that would indicate that their re-arrest and detention was necessary due to a risk of flight or danger to themselves or the community. *See* Suppl. Winger Decl. ¶ 19; *id.* Ex. 2 (confirming ICE provided no explanation for the re-detention of F.L.P., A.D., J.N.B.S., and J.A.M.S.); 2d Suppl. Winger Decl. ¶¶ 4–8 (same for C.R.R., O.L.M., D.S.M., J.E.O., and V.J.R.); Pls.' 2d Notice Ex. W (same for D.M.G.). In fact, it was while *complying* with the conditions of their release that class members were arrested.[12] *See* Suppl. Winger Decl. ¶¶ 16; *id.* Ex. 2 (explaining that class members were re-detained during a required check-in with ICE following their age-out release); 2d Suppl. Winger Decl. ¶¶ 4–8 (same); Pls.' 2d Notice (same). Thus, Defendants' reliance on those cases is misplaced. Defendants' practice of re-arresting and detaining age-outs absent a material change in their circumstances therefore thwarts the protections Congress provided and contravenes the Permanent Injunction requiring Defendants to make age-out placement decisions consistent with Section 1232(c)(2)(B).

---

[12] Even where Defendants justify the re-detention of a class member, that justification is either disputed by the class member himself, *see* A.T.L. Decl. ¶ 5, or was already noted in the class member's AORW approving release, *see* Pls.' Mot. Ex. F, at 4 (finding J.D.F.V. "is not a danger to himself, the community, and is not considered a flight risk" despite noting a prior misdemeanor conviction).

**C.  This Court Has the Authority to Issue Injunctive Relief to Ensure Defendants'
Compliance with Section 1232(c)(2)(B) and This Court's Prior Order.**

This Court has the authority to issue orders to ensure Defendants' compliance with

Section 1232(c)(2)(B) and the Permanent Injunction. It is well established that "a court's powers

to enforce its own injunction by issuing additional orders is broad, particularly where," as here,

"the enjoined party has not fully complied with the court's earlier orders." *Nat'l L. Ctr. on

Homelessness & Poverty v. U.S. Veterans Admin.*, 98 F. Supp. 2d 25, 26–27 (D.D.C. 2000)

(citation modified); *Int'l Ladies' Garment Workers' Union*, 733 F.2d at  922 (explaining that

enforcement of a court's mandate "is particularly appropriate in a case . . . where an

administrative agency plainly neglects the terms of [the] mandate").

This Court's Final Judgment and Permanent Injunction required ICE to "make all Age-

Out placement determinations in accordance with the findings and conclusions set forth in the

Court's July 2, 2020 Decision." Final J. and Perm. Inj. Order at 3. The Court also retained

jurisdiction to enforce Defendants' compliance with Section 1232(c)(2)(B) for five years after

entering final judgment against them. *Id.* at 7–8. And as explained above, this Court finds that

Defendants' practices and age-out custody-determination process (as outlined in the October 1

Policy) fail to result in age-out placement determinations that comply with Section 1232(c)(2)(B)

and this Court's prior decisions. As a result, class member age-outs have not "'received all relief

required' by the Court's earlier order." *WildEarth Guardians v. Bernhardt*, No. 16-cv-1724,

2019 WL 3253685, at *3 (D.D.C. July 19, 2019) (quoting *Heartland Hosp.*, 328 F. Supp. 2d at

11). Therefore, the Court has "the authority to enforce the terms of [its] mandate[]," *see id.*

(alterations in original) (quoting *Flaherty*, 17 F. Supp. 3d at 55), including by enjoining

Defendants from making non-compliant age-out placements.

Defendants resist this straight-forward conclusion. Defendants contend that their determination, that UACs and age-outs are subject to mandatory detention under Section 1225(b), is beyond this Court's jurisdiction. Defs.' Opp'n at 29. They further contend that the relief Plaintiffs seek would enjoin or restrain Defendants' operation of Section 1225 on a class-wide basis. *Id.* And Section 1252(f)(1), Defendants argue, deprives this Court of the authority to issue such relief.[13] *Id.* These arguments are unavailing.

First, the Court has already explained in this opinion that Defendants' recent interpretation of who it deems detainable under Section 1225(b) is not the subject of this litigation. *See supra* p. 17. The Court does not address that issue here. Second, Plaintiffs seek only to enforce this Court's Final Judgment and Permanent Injunction and ensure Defendants' compliance with Section 1232(c)(2)(B). *See, e.g.*, Pls.' Mot. at 1; *see also* Final J. and Permanent Inj. Mem. Op. at 29 ("But Plaintiffs only ask, and the Court has only ordered, that Defendants comply with the statutory directives laid out by Congress. It is the legislature, not the Courts, that established the requirements of Section 1232(c)(2)(B) . . . .").

Moreover, Section 1252(f)(1) only applies to orders concerning certain specified statutory provisions—none of which include Section 1232(c)(2)(B), the basis for the relief Plaintiffs seek. 8 U.S.C. § 1252(f)(1). And "a court may enjoin the unlawful operation of a provision *that is not specified in § 1252(f)(1)* even if that injunction has some collateral effect on the operation of a covered provision." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 553 n.4

---

[13] Section 1252(f) places certain limits on injunctive relief in cases concerning certain statutory provisions of immigration law. *See generally* 8 U.S.C. § 1252(f). Specifically, Section 1252(f)(1) provides: "Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." *Id.* § 1252(f)(1).

(2022) (distinguishing the circumstances in *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1232–34 (9th Cir. 2007)); *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, 793 F. Supp. 3d 19, 107 (D.D.C. 2025) ("To the extent the relief that Plaintiffs seek—enjoining implementation of the Proclamation—might have downstream effects on removal proceedings, those effects are merely incidental to Plaintiffs' permissible challenges to the Proclamation and guidance, and such 'collateral effect[s]' do not trigger § 1252(f)(1)." (alteration in original) (quoting *Aleman Gonzalez*, 596 U.S. at 553 n.4)); *L.G.M.L. v. Noem*, No. 25-cv-2942, 2025 WL 2671690, at *11 n.6 (D.D.C. Sep. 18, 2025) (concluding that Section 1252(f)(1) does not preclude class-wide injunctive relief affecting Section 1232).

Third, at this stage in the litigation, after voluntarily dismissing their appeal of the Final Judgment and Permanent Injunction, Defendants have waived any argument that this Court lacks authority to order Defendants' compliance with Section 1232(c)(2)(B).[14] *See Wood v. Milyard*, 566 U.S. 463, 474 (2012); *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1112 (D.C. Cir. 2019) ("[I]t would be an abuse of discretion for a court to override a defendant's deliberate waiver of a defense."). Finally, that Defendants may have revised their own interpretation of their authority to detain under Section 1225(b) does not shield them from complying with Section 1232(c)(2)(B). *See* MTD and Class Cert. Mem. Op. at 33 ("[T]hat an agency has broad authority in a realm does not give it license to ignore Congress's specific directions or restrictions on its authority.").

It bears repeating why the Permanent Injunction was needed in the first place. As the Court explained in its prior opinion, "the bench trial brought to light disturbing and pervasive

---

[14] Moreover, this Court has already considered and rejected Defendants' arguments that other provisions of immigration law, including Section 1252(f), deprive this Court of the authority to review and enforce Defendants' compliance with Section 1232(c)(2)(B). *See* MTD and Class Cert. Mem. Op. at 68–69.

lapses in ICE's statutory compliance." Final J. and Perm. Inj Mem. Op. at 11. For instance, "Field officers [were] left with nearly unbridled discretion to make age-out custody determinations however they would like, and this discretion [was] exercised in ways that [did] not comply with the agency's statutory obligations." *Id.* at 3 (quoting FF & CL at 179–80). The Court held that because an injunction could be issued under such circumstances, when an agency's statutory duties were at issue and an agency was specifically found to have breached those duties, "tailored injunctive relief . . . is both within its authority and necessary for the Court to ensure effective and lasting compliance with Section 1232(c)(2)(B)." *Id.* at 14.

The Court also explained that "Defendants' actions throughout this litigation further reinforce[d] the necessity of injunctive relief," as such relief is "particularly justified when the government has had 'repeated opportunities to remedy' violations and where the history of litigation has been extensive." *Id.* (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978)). For example, the Court had been troubled by ICE's attempts to circumvent "its newly instituted reporting requirement by completing many AORW forms *after* custody determinations had actually been made, often times even having officers who were entirely uninvolved in the original custody determination complete and sign off on the documentation." *Id.* at 16. ICE also eventually admitted that "contrary to its representations to the Court, it had failed to document a significant portion of age-outs on AORW forms and had misrepresented these statistics." *Id.* ICE had thus exhibited a pattern "of agency recalcitrance and resistance to the fulfillment of its legal duties," a finding that strongly supported the imposition of injunctive relief. *Id.* (quoting *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001)). In light of these considerations, among others, the Court permanently enjoined Defendants from violating Section 1232(c)(2)(B) and instituted

several safeguards to facilitate that compliance. *See* Final J. and Permanent Inj. To the extent
Defendants disagreed with that injunction, they abandoned their appeal to challenge it.

Injunctive relief here is as necessary now as it was then: to ensure Defendants'
meaningful compliance with Section 1232(c)(2)(B). As explained above, the October 1 Policy
has led, and would continue to lead, to non-compliant age-out placements, depriving age-outs of
the protections Section 1232(c)(2)(B) affords. *See supra* pp. 19–24. And Plaintiffs have
documented instances, many of which Defendants do not dispute, of Defendants re-arresting and
detaining age-outs shortly after their initial release, conduct that appears to serve the purpose of
circumventing this Court's scrutiny. *See* Suppl. Winger Decl. ¶ 19; *id.* Ex. 2; 2d Suppl. Winger
Decl. ¶¶ 4–9.

In addition to Defendants' non-compliant conduct, the Court is concerned that
Defendants have not been transparent about the existence and implementation of the October 1
Policy to begin with. *See, e.g.*, Hilty Decl. ¶¶ 14, 22, 30 (notifying the ORR shelter for class
members M.E.R.V., R.I.Y.C., and G.T.X. that their post-18 plan would no longer be honored the
same day the plans were approved by ICE without explanation). Defendants implemented the
October 1 Policy without first notifying class counsel, without informing the legal service
providers of age-outs, and without alerting the sponsors who were prepared to receive those age-
outs upon their transfer to ICE. Suppl. Winger Decl. ¶ 21–24. And it was not until this Court
ordered that the October 1 Policy be produced—due to Plaintiffs' TRO motion—that Defendants
provided a copy of the Policy for Plaintiffs and the Court to review. TRO Hr'g Tr. 7:18–23
(Court: "[I]s the new [Policy] available for the Court to review?" Defendants' Counsel:
"I . . . was advised I was not authorized to share at this time, but obviously you could order me to
do so. So that's where I'm at.").

Defendants' rapid implementation of the Policy—without advance notice and without any meaningful explanation for abruptly reversing course or canceling age-outs' post-18 plans—suggests an effort to obscure or downplay the Policy's existence. *See Bowen v. City of New York*, 476 U.S. 467, 475 (1986) (discussing the application of a "clandestine," internal policy by the Secretary of HHS in adjudicating Social Security Act claims). As recently noted in a similar case against Defendants concerning unaccompanied children in HHS custody, "Defendants' conduct [does not] inspire confidence that they themselves are convinced they have the authority to proceed as they would like." *L.G.M.L.*, 2025 WL 2671690, at *15; *see id.* ("If their statutory authority is so 'unambiguous,' why exercise it in the middle of the night on a holiday weekend with nothing but a late-night (or early-morning) notice to the children's caretakers and advocates?" (citation omitted)).

In sum, to enforce the Permanent Injunction and ensure Defendants' compliance with Section 1232(c)(2)(B), the Court concludes that is has the authority to enjoin Defendants from implementing the Policy and from re-arresting and detaining age-outs absent a material change in their circumstances. Because Defendants' policy and practices have violated the Permanent Injunction, as outlined above, the Court grants Plaintiffs' motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Enforce the Final Judgment and Permanent Injunction (ECF No. 417) is **GRANTED**; and Plaintiffs' Motions for Leave to File Documents under Seal (ECF Nos. 431 and 434) are **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 12, 2025                                RUDOLPH CONTRERAS
                                                        United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| WILMER GARCIA RAMIREZ, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 18-508 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 417, 431, 434 |
| | : | | |
| U.S. IMMIGRATION AND CUSTOMS | : | | |
| ENFORCEMENT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

**GRANTING PLAINTIFFS' MOTION TO ENFORCE THE FINAL JUDGMENT AND PERMANENT INJUNCTION; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

For the reasons stated in the Court's Memorandum Opinion separately and contemporaneously issued, Plaintiffs' Motion to Enforce the Final judgment and Permanent Injunction (ECF No. 417) is **GRANTED**, and Plaintiffs' Motions for Leave to File Documents Under Seal (ECF Nos. 431, 434) are **GRANTED**.  It is hereby:

**ORDERED** that Defendants and all persons acting under their direction or in concert with them, are hereby **ENJOINED** from implementing the October 1, 2025 Policy regarding the detention of age-outs; and it is

**FURTHER ORDERED** that Defendants and all persons acting under their direction or in concert with them, are hereby **ENJOINED** from detaining any age-outs in any manner that contravenes the Permanent Injunction or 8 U.S.C. § 1232(c)(2)(B); and it is

**FURTHER ORDERED** that Defendants immediately rescind any determinations to detain based on the October 1, 2025 Policy; and it is

**DECLARED** that Defendants' failure to continue to implement determinations under 8 U.S.C. § 1232(c)(2)(B) that the least restrictive placement for an age-out is release, and instead re-arrest and detain such age-outs absent materially changed circumstances regarding the statutory risk factors under § 1232(c)(2)(B), violates this Court's Final Judgment and Permanent Injunction; and it is

**FURTHER ORDERED** that Defendants shall release any individual class member who has been re-arrested and detained, absent materially changed circumstances regarding the class member's statutory risk factors under § 1232(c)(2)(B), including A.T.L., F.L.P., A.D., C.M.S.D., D.S.M., J.E.O., K.D.M., and D.M.G., subject to any alternatives to detention required by their initial custody determination upon release from ORR custody; and it is

**FURTHER ORDERED** that Defendants produce information on an ongoing basis concerning any age-outs who have been re-arrested and detained since July 2025 because of Defendants' change in policy; and it is

**FURTHER ORDERED** that Defendants shall pay Plaintiffs' counsel reasonable attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) *et seq*, as provided in Part VIII of the Court's Final Judgment and Permanent Injunction, to compensate for the necessity of litigating the Motion for Temporary Restraining Order and the Motion to Enforce the Final Judgment and Permanent Injunction.

**SO ORDERED**.

Dated:  December 12, 2025                                         RUDOLPH CONTRERAS
                                                                United States District Judge