**Nos. 26-5053 & 26-5280**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**WILMER GARCIA RAMIREZ, *et al.*,**
**Plaintiffs-Appellees,**

**v.**

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,**
**Defendants-Appellants.**

---

**On Appeal from the U.S. District Court for the District of Columbia,**
**Civil Action No. 1:18-cv-00508-RC**

---

# DEFENDANTS-APPELLANTS' CONSENT MOTION TO RECONSIDER CONSOLIDATION AND TO HOLD LATER APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Defendants-Appellants, through counsel, respectfully request that this Court reconsider its consolidation of the two pending appeals in the above-captioned case, Appeal Nos. 26-5053 & 26-5280. Additionally, Defendants-Appellants request that, upon deconsolidation, the Court hold the later appeal, Appeal No. 26-5053, in abeyance pending resolution of the earlier appeal. Counsel for Plaintiffs-Appellees has expressed their consent to deconsolidation for the purpose of holding the later appeal in abeyance. Good cause exists for this motion.

1. The procedural history relevant to this motion is as follows. On February 10, 2026, Defendants-Appellants appealed from the district court's order entered December 12, 2025. Appeal No. 26-5053; Dkt. No. 2158634. On August 3, 2026, Defendants-Appellants appealed from the district court's order entered June 2, 2026. Appeal No. 26-5280; Dkt. No. 2186891. On August 6, 2026, the Court *sua sponte* consolidated the two appeals. Dkt. No. 2186974; Fed. R. App. P. 3(b)(2).

2. Pursuant to Circuit Rule 27(d)(2), Defendants-Appellants request that the Court reconsider its August 6, 2026 Order and deconsolidate the two appeals. *See* Dkt. No. 2186974. Defendants-Appellants further request that, if the Court deconsolidates the two appeals in this matter, the Court hold the later appeal in abeyance pending resolution of the earlier appeal.

3. Good cause exists for this request because resolution of the earlier appeal may resolve or narrow the issues presented by the later appeal. Therefore, holding the later appeal in abeyance may conserve judicial and party resources and would not prejudice either party.

4. On August 13, 2026, Counsel for Plaintiffs-Appellees expressed their consent to deconsolidation for the purpose of holding the later appeal in abeyance.

5. Additionally, the decision of whether to pursue an appeal ultimately resides with the Office of the Solicitor General, and the Government may not continue with litigation of the later appeal until such a determination is made. *See*

28 C.F.R. § 0.20(b). The process to determine whether to pursue the later appeal has not yet completed. *But see* Justice Manual § 2-2.132 ("If the time for appeal or cross-appeal is about to expire . . . and the United States Attorney has not received notice from the appropriate division of the Department as to whether an appeal is to be taken, a 'protective' notice of appeal should be filed in order to preserve the government's right to appeal."). Accordingly, the Government requires additional time to complete the appeal determination process with regard to the later appeal.

Accordingly, Defendants-Appellants request that this Court grant this motion to reconsider consolidation and to hold the latest appeal in this case in abeyance pending resolution of the earlier appeal.

Dated: August 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Director

AUGUST FLENTJE
Deputy Director

CARA E. ALSTERBERG
Assistant Director

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Senior Litigation Counsel
Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

*Counsel for the Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 456 words. This document also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in proportionally spaced typeface using 14-point Times New Roman font.

Dated: August 17, 2026

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Senior Litigation Counsel